UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| ERIE MOORE, JR., TIFFANY ROBINSON, and TAMARA ROBINSON, individually and on behalf of ERIE MOORE, SR.<br>    Plaintiffs | * | CIVIL ACTION NO: |
| VERSUS | * | JUDGE |
| LASALLE CORRECTIONS, INC.<br>WARDEN RAY HANSON,<br>LT. CHRISTOPHER LORING,<br>LT. GERALD HARDWELL,<br>SGT. ROY BROWN, SGT. REGINALD WILLIAMS<br>SGT. KENNETH HART, C/O DANIELLE WALKER<br>SGT. DUAN ROSENTHAL,<br>CAPT. RODERICK DOUGLAS,<br>C.O. JEREMY RUNNER, C.O. REGINALD CURLY, CITY OF MONROE<br>    Defendants | * | MAGISTRATE JUDGE |

**WRONGFUL DEATH AND SURVIVAL ACTION**
**COMPLAINT AND DEMAND FOR JURY TRIAL**
**JURISDICTION**

1.  Plaintiffs, Erie Moore, Jr., Tamara Green, and Tiffany Robinson bring this cause of action for monetary damages individually and for survival damages on behalf of their father and declaratory relief and costs of court pursuant to 42 USC 1983 and 1988, to redress the deprivation by defendants, their agents, and employees, and others acting in concert with them, under the color of state law, of the Plaintiffs' rights, privileges

-1-

and immunities secured by the Constitution of the United States, Eighth Amendment and Fourteenth Amendment of the Constitution and negligence under the laws of the State of Louisiana.

Jurisdiction is invoked pursuant to 28 USC Sections 1331, 1343(a)(1), (2), (3) and (4). Plaintiffs allege pendant jurisdiction and supplemental jurisdiction over the state law claims.

## PARTIES

2. Plaintiffs, TAMARA GREEN, TIFFANY ROBINSON and ERIE MOORE, JR. are citizens of the United States and the natural biological children of the deceased ERIE MOORE, SR. They are the only heirs of ERIE MOORE, SR. TIFFANY ROBINSON is domiciled in the State of Louisiana. TAMARA GREEN and ERIE MOORE, SR., are domiciled in the State of Texas.

3. Made defendant herein is LASALLE CORRECTIONS, INC. , ("LaSalle") a private, domestic corporation, with the registered agent listed with the Secretary of the State of Louisiana as William K. McConnell, 192 Bastille Lane, Suite 200, Ruston, Louisiana 71270.

4. Made defendant herein is WARDEN RAY HANSON, Warden of Richwood Correctional Facility and at all times herein serves as the chief policy maker for the Richwood Correctional Facility and is responsible for the

daily operations of the Richwood Correctional Center. He is sued in his individual and in his official capacities. He acted at all times herein under the color of state law.

5. Made a Defendant herein are:

(a) LT. GERALD HARDWELL, who was a correctional officer at Richwood Correctional Center for LASALLE CORRECTIONS, INC., and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law. He is sued in his individual and in his official capacities.

(b) LT. CHRISTOPHER LORING, who was a correctional officer at Richwood Correctional Center for LASALLE CORRECTIONS, INC. and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law. He is sued in his individual and in his official capacities.

(c) C/O JEREMY RUNNER, who was a correctional officer at Richwood Correctional Center for LASALLE CORRECTIONS, INC., and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law. He is sued in his individual and in his official capacities.

(d) SGT. REGINALD WILLIAMS, who was a correctional officer at

Richwood Correctional Center for LASALLE CORRECTIONS, INC., and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law. He is sued in his individual and in his official capacities.

(e) C/O REGINALD CURLEY, who was a correctional officer at Richwood Correctional Center for LASALLE CORRECTIONS, INC., and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law. He is sued in his individual and in his official capacities.

(f) SGT. DUAN ROSENTHAL, who was a correctional officer at Richwood Correctional Facility for LASALLE CORRECTIONS, INC., and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law. He is sued in his individual and in his official capacities.

(g) CAPT. RODERICK DOUGLAS, who was a correctional officer at Richwood Correctional Facility for LASALLE CORRECTIONS, INC., and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law. He is sued in his individual and in his official capacities.

(h) SGT. KENNETH HART, who was a correctional officer at

          Richwood Correctional Facility for **LASALLE CORRECTIONS, INC.**, and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law. He is sued in his individual and in his official capacities.

(I)    C/O **DANIELLE WALKER**, who was a correctional officer at Richwood Correctional Facility for **LASALLE CORRECTIONS, INC.**, and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law. She is sued in her individual and in his official capacities.

(j)    **SGT. ROY BROWN**, who was a correctional officer at Richwood Correctional Facility for **LASALLE CORRECTIONS, INC.**, and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law. He is sued in his individual and in his official capacities.

6.     Made defendant herein is the **CITY OF MONROE**. The City of Monroe is a political subdivision of the State of Louisiana. It is sued in its official capacity. **CITY OF MONROE** contracted with **LASALLE** to provide correctional services to the City. The City of Monroe failed to adequately

monitor the performance of LaSalle under the contract and its non-delegable duties to inmates housed at RCC, including the duty to train and adopt policies and procedures to prevent use of excessive force, to properly monitor inmates, and to properly classify and house inmates.

## FACTS

7. On or about November 14, 2015, Erie Moore, Sr. died from injuries suffered at Richwood Correctional Center as a result of the fault and deliberate indifference of Defendants.

8. Erie Moore, Sr., was arrested by Monroe police officers on October 12, 2015 about 6:15a.m., for disturbing the peace at a doughnut shop on Forsythe Ave, Monroe, LA. This was an alleged violation of the Monroe city code.

9. Police transported Moore to Richwood Correctional Center which was at all times operated by LASALLE. The City contracted with LASALLE for housing their arrestees.

10. LASALLE correctional officers booked Moore into the Richwood Correctional Center around 7:45 a.m. on October 12, 2015, and placed Moore in isolation lockdown cell #7, hereinafter referred to as "LD7". LD7 is an isolation cell that is monitored with video cameras in the Central

Control Room of Richwood Correctional Facility. There were no other inmates in this cell with Erie Moore, Sr.

11. At or around 9:00 p.m., two inmates, namely Vernon White and Erin Daniels engaged in a fight in another area, RWHC, at the Richwood Correctional Facility. After this fight, inmate Vernon White, was placed in isolation LD7 with Erie Moore, Sr.

12. During the investigation, Vernon White was found to be the perpetrator and was given a disciplinary sanction. At the time of placement of Vernon White, correctional officers knew or should have known that Vernon White was violent.

13. On or around 10:30 p.m. on October 12, 2015, Lt. Gerald Hardwell heard Erie Moore, Sr. allegedly kicking on the cell door. Lt. Hardwell commanded Moore to refrain from the kicking. Moore did not comply. After three warnings, Hardwell radioed for Jeremy Runner to come and assist him. The correctional officers breached the door and sprayed Moore with pepper spray. After he became compliant, they took him to decontamination . The correctional officers returned him to LD7.

14. On October 13, 2015 at 7:00 A.M., Lt. Gerald Hardwell reported to Lt. Chris Loring that two inmates, Vernon White and Erie Moore, Sr., had been in a physical confrontation and needed medical attention. Mace was

      sprayed into the face of Erie Moore, Sr. before he was restrained. The correctional officers of Richwood Correctional Facility returned the inmates back to LD7. The inmates were not separated.

15. Defendants knew or should have known the potential for violence between the two inmates and inmates should have been separated.

16. On or around 1722 hrs. another altercation took place in LD7 between Moore and White. No staff of Richwood Correctional Facility intervened in this fight.

17. Over the course of the next 45 minutes, inmate White is not seen on camera; however, Erie Moore, Sr. is seen sitting on the bed, apparently sleeping and walking back and forth to the window on the door.

18. Later, two food trays are passed through the door to Moore in LD7. Erie Moore began to eat his food.

19. At approximately 1807 hrs. Corrections Officer Runner looked through the window and saw Inmate White lying in the corner, bleeding. Runner summoned assistance. Moore was allegedly beating on the cell door and shouting.

20. Runner entered the cell to remove White from the cell. Lt. Gerald Hardwell, Lt. Christopher Loring, Sgt. Reginald Williams, William Mitchell, Correctional Officer Reginald Curly and Correctional Officer Steadman

Sirmons responded and entered the cell. Loring and Runner sprayed Moore with mace. Hardwell, Loring, Williams, Runner, Curly and Sirmons beat Moore or encouraged or assisted in beating Moore. Moore was defecating allegedly at this time and refused to lie down on the floor. Runner requested assistance. Moore was in good health at this time. These six correctional officers forcibly took Moore to the ground. They included but were not limited to Lt. Gerald Hardwell, Lt. Christopher Loring, Sgt. Reginald Williams, Correctional Officer Jeremy Runner, Correctional Officer Reginald Curly and Correctional Officer Steadman Sirmons.

21. At about 7:00 pm, Hardwell, Williams, Runner and Curly again entered Moore's cell to extract him. Hardwell used mace. Hardwell, Runner, Williams and Curly used an impact weapon to Moore's head and face and also used closed fist force among other types of force to Moore.

22. During this extraction, Moore suffered severe head injuries as a result of excessive force by the correctional officers. After Moore was viciously beaten inmate, White was pulled from the cell. Moore was restrained and placed in a hallway at the correctional center. Once the six officers completed the cell extraction, Mr. Moore had obviously suffered some severe injuries.

23. Ouachita Parish Sheriff department was called to Richwood Correctional Facility in reference to a battery. Upon their arrival, they were informed that Vernon White had died from his injuries.

24. Investigators went to make contact with Moore and found him restrained, lying on his back on the ground and was making a loud snoring noise. He was not responding to commands from the guards.

25. Deputy Wells and Murphy of Ouachita Parish Sheriff transported Moore to Ouachita Parish Correctional Center, however, medical staff observed a possible head injury, refused to accept him as an inmate and immediately sent him to E.A. Conway Medical Center. Emergency room physician, Dr. Nelson was unable to treat Moore and sent Moore to University Health Center by Air Medics for further medical attention. Moore was admitted for treatment at UHC.

26. On November 14, 2015, Erie Moore, Sr. died at University Heath Center from injuries sustained from correctional officers at Richwood Correctional Facility during a cell extraction.

**FIRST CAUSE OF ACTION: USE OF EXCESSIVE FORCE**

27. Plaintiffs reiterate and reallege paragraphs 1 - 26 as though fully set forth herein. Plaintiffs brings this cause of action pursuant to 42 USC 1983 for violation of Erie Moore, Sr.'s Eight Amendment right to be free of use of

excessive force. LaSalle, Lt. Gerald Hardwell, Lt. Christopher Loring, Sgt. Reginald Williams, Correctional Officer Jeremy Runner, Correctional Officer Reginald Curley and Correctional Officer Steadman Sirmons are Defendants herein.

28. During the 23 hours of incarceration, MOORE was maced three times.

29. On October 13, 2015 on or around 6:04 p.m., officers entered the cell of MOORE, who was not aggressive at the time and ordered him to the floor. According to the Richwood Correctional Center Unusual Occurrence Report, Moore replied "when I get done". Defendants did not wait, instead Moore was maced and beat in his head by Runner with the assistance of Hardwell, Loring, Williams and Curley until he fell to the floor. He was then pulled from cell LD7.

**SECOND CAUSE OF ACTION: FAILURE TO INTERVENE AND FAILURE TO SUPERVISE**

30. Plaintiffs reiterate and reallege paragraphs 1 - 21 as though fully set forth herein. Plaintiffs bring this cause of action pursuant to 42 USC 1983. LaSalle, Sgt. Rosenthal, Sgt. Hart, c/o Runner, Sgt. Brown, Lt. Loring, Lt. Hardwell and Sgt. Williams are Defendants herein.

31. Rosenthal, Runner, Loring, Hardwell and Williams were present at or near the cell when Moore was beaten in the head.

32. Defendants Rosenthal, Runner, Loring, Hardwell and Williams violated the rights of MOORE to be free of excessive use of force when despite having the opportunity, failed to instruct or order officers to stop, restrain correctional officers or intervene to stop the excessive force used that was clearly illegal.

**THIRD CAUSE OF ACTION:**
**FAILURE TO MONITOR AND CLASSIFY, TRAIN AND IMPLEMENT POLICIES**

33. Plaintiffs reiterate and reallege paragraphs 1 - 32 as though fully set forth herein. City of Monroe, LaSalle, Hansen and Officer Danielle Walker are made defendants herein.

34. Moore was housed in cell LD7, an isolation cell, with camera monitoring.

35. HANSEN is liable herein for failing to train correctional officers in the proper monitoring procedures and to establish adequate policies. LASALLE MANAGEMENT, LLC and HANSEN failed to set forth an adequate policy regarding monitoring for prisoners at the Richwood Correctional Center in isolation cells. The policy and training were inadequate since they did not provide for constant observation or other methods of adequate observation, and only provided sporadic observation of inmates. The City of Monroe had a non-delegable duty to supervise, train, have adequate policies, classify and monitor the individual

defendants so that inmates are provided a safe environment and are not subjected to use of excessive force.

36. The failure to implement adequate policy and training resulted in Defendant Danielle Walker failing to follow protocol, to properly monitor the cell, and training regarding the civil rights of prisoners including MOORE and was a cause of the violation of MOORE'S rights as described hereinabove.

37. Officer Danielle Walker was in the control room and fully responsible for the monitoring of the cameras in the cells.  Walker failed to report altercations between Moore and White.

38. Inmate White was not seen on the video for approximately 45 minutes, however, this was not reported by Officer Danielle Walker.

## FOURTH CAUSE OF ACTION: FAILURE TO TRAIN AND FAILURE TO IMPLEMENT ADEQUATE POLICIES

39. Plaintiffs reiterate and reallege paragraphs 1 - 38 as though fully set forth herein.  Plaintiffs bring this cause of action pursuant to 42 USC 1983, et seq. LASALLE MANAGEMENT, LLC, CITY OF MONROE, and HANSEN and  are Defendants herein.

39. Defendants violated MOORE's  right to be free of excessive force in

violation of the Fourth Amendment, a pre-trial detainee who was arrested on a misdemeanor charge.

40. The failure to implement adequate policy and training of the proper extraction of an inmate from a cell Moore resulted in Defendants Lt. Gerald Hardwell, Lt. Christopher Loring, Sgt. Reginald Williams, Correctional Officer Jeremy Runner, Correctional Officer Reginald Curley and Correctional Officer Steadman Sirmons using excessive force and housing White in the cell with Moore and failing to follow protocol and training regarding the civil rights of prisoners including MOORE and was a cause of the violation of MOORE'S rights as described hereinabove.

### FIFTH CAUSE OF ACTION: FAILURE TO PROTECT AND CLASSIFY INMATES

41. Plaintiffs reiterate and reallege paragraphs 1 - 40 as though fully set forth herein. Plaintiffs bring this cause of action pursuant to 42 USC 1983, et seq. LASALLE MANAGEMENT, LLC, CITY OF MONROE, WARDEN HANSEN, Lt. Hardwell and Capt. Douglas are Defendants herein.

42. Defendants violated MOORE's right to be free of excessive force in violation of the Fourth and Eighth Amendments when it learned White was a known violent offender. The defendants placed White in a lockdown cell with Moore.

43. Then on the morning of October 13, 2015, Hardwell and Douglas learned of an altercation between White and Moore in lockdown cell #7. Defendants should have been separated White and Moore to prevent further physical conflict between them.

### SIXTH CAUSE OF ACTION:
### STATE LAW CLAIMS

44. Plaintiffs reiterate and reallege all of the foregoing paragraphs as though fully set forth herein. CITY OF MONROE and LASALLE CORRECTIONS, INC. and its employees, agents and servants are made Defendants hereunder.

45. Plaintiffs allege violations of Louisiana Civil Code Article 2315. Officers named hereinabove and other officers in the course and scope of their employment with LASALLE, violated Erie Moore, Sr's rights under Article One Section 5 of the 1974 Louisiana Constitution. LASALLE CORRECTIONS, INC. is liable for the fault of its officers in using force against the deceased who was not presenting a threat. No force or battery was necessary at the time it was used. Also, the defendants are liable under LSA-C.C. art. 2315. The defendants and other employees are liable in solido unto plaintiffs. Plaintiffs bring suit for excessive use of

force. Plaintiffs also allege that LASALLE failed to properly train its officers and others in the law concerning the use of a taser, use of force, and proper monitoring of known violent offenders.

46. The Officers' use of force constituted fault because there was little or no chance of the deceased's escape, the officer had overwhelming force and power to subdue him, petitioner was not resisting, the risks and dangers perceived by the officers were minimal at best, the alleged acts of petitioner was minor, tasering petitioner was unnecessary and unwarranted, and there was no emergency. Officers acted in retaliation to Moore's alleged behavior of making suicidal gestures or exhibiting other mental health problems.

47. Plaintiffs allege violations of Louisiana Civil Code Article 2315 for negligence and intentional acts. Officers named hereinabove and others in the course and scope of their employment with the LASALLE CORRECTIONS, INC., committed fault and that fault should be evaluated under La. C.C. art. 2323 and 2324.  Officers beat Erie Moore, Sr. or permitted him to be injured in his cell causing serious and severe injuries on or about October 12-13, 2015.  At the time of the use of force and batteries, Erie Moore, Sr. was on suicide watch and should have been under constant supervision. Plaintiffs bring suit for excessive use of force

under Louisiana state law.

48. Plaintiffs allege violations of Louisiana Civil Code Article 2315 for negligence. Corrections officers and other employees in the course and scope of their employment with the LASALLE CORRECTIONS, INC., and CITY OF MONROE committed fault and that fault should be evaluated under La. C.C. art. 2323 and 2324. Employees failed to adequately observe and failed to properly house and classify Erie Moore, Sr., permitting him to sustain violent injuries or permitted him to be injured in his cell causing serious and severe injuries on or about October 12-13, 2015. At the time of the injuries, deceased was on suicide watch and should have been under constant supervision. Plaintiffs bring suit for excessive use of force under Louisiana state law.

49. Neither LASALLE CORRECTIONS, INC., nor its officers are entitled to qualified immunity under federal law since it is a private entity.

50. Defendants named hereinabove conspired and acted in unison to tase MOORE under circumstances when such use of force is a clear violation of MOORE's civil rights.

51. The CITY OF MONROE failed to properly supervise the performance of the contract with LASALLE. CITY OF MONROE has a duty to review the

performance and to review training.  CITY OF MONROE has non-delegable duties to stop excessive force, to provide adequate medical care and to provide a safe custodial environment of inmates.

## MISCELLANEOUS PROVISIONS

52. Defendants are not entitled to qualified immunity under federal law because they are private individuals.

53. Due to the malicious and deliberately indifferent actions of Defendants LASALLE CORRECTIONS, INC., and all individual defendants toward Erie Moore Sr's federally protected rights, plaintiffs are entitled to an award of punitive damages against each named defendant.

54. Plaintiffs demand a trial by jury.

55. Plaintiffs bring action on behalf of their father Erie Moore, Sr. who suffered mental distress, loss of liberty, invasion of privacy, pain and suffering, loss of earning capacity, loss of enjoyment of life, embarrassment and humiliation as a result of the actions of the defendants.  Individually each Plaintiff suffered loss of love, affection and society due to their father's death.

56. Plaintiffs are entitled to an award of attorney fees and costs under 42 USC 1983 and 1988.

WHEREFORE, PLAINTIFFS pray that:

1. They be granted a trial by jury.

2. There be judgment herein and against Defendants LASALLE CORRECTIONS, INC., WARDEN RAY HANSEN, LT. CHRISTOPHER LORING, LT. GERALD HARDWELL, SGT. ROY BROWN, SGT. REGINALD WILLIAMS, SGT. KENNETH HART, C/O DANIELLE WALKER, SGT. DUAN ROSENTHAL, CAPT. RODERICK DOUGLAS, C.O. JEREMY RUNNER, C.O. REGINALD CURLY, and CITY OF MONROE in solido in a reasonable amount to be set by the Court, plus judicial interest, compensatory damages, consequential damages, and all costs of court, including attorney fees.

3. Such other and further relief as may be just.

Respectfully Submitted,

 /s/ Nelson Cameron
NELSON W. CAMERON
Attorney at Law
675 Jordan Street
Shreveport, Louisiana 71101
(318) 226-0111
Bar No. 01283
**Attorney for Plaintiffs**