**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **ERIE MOORE, JR., ET AL.** | **CIVIL ACTION NO: 3:16-CV-01007** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **LaSALLE CORRECTIONS, INC., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## ANSWER TO COMPLAINT

**NOW INTO COURT,** through undersigned counsel, come, LaSalle Corrections, LLC (incorrectly identified as "LaSalle Corrections, Inc."), Warden Ray Hanson, Lt. Gerald Hardwell, Lt. Christopher Loring, Sgt. Reginald Williams, C/O Reginald Curley, Sgt. Duan Rosenthal, Capt. Roderick Douglas, and Sgt. Kenneth Hart (hereinafter referred to as "Defendants"), who deny all allegations of the Complaint, except for those allegations which are admitted, modified, or explained and who, with respect, represent the following:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted by this Court.

### SECOND DEFENSE

There is no federal subject matter jurisdiction for the claims of plaintiffs.

1.

All allegations of Paragraph 1 of the Complaint are denied.

2.

All allegations of Paragraph 2 of the Complaint are denied for lack of sufficient information upon which to base a belief.

3.

All allegations of Paragraph 3 of the Complaint are denied.

4.

Defendants admit that Warden Ray Hanson has been named as a Defendant.  All other allegations of Paragraph 4 of the Complaint are denied.

5.

Defendants deny all allegations of Paragraph 5 of the Complaint, except to admit that each has been named as a defendant.

6.

All allegations of Paragraph 6 of the Complaint are denied.

7.

Based upon information and belief, it is admitted that Erie Moore, Sr. died, on or about November 14, 2015.  All other allegations of Paragraph 7 of the Complaint are denied.

8.

All allegations of Paragraph 8 of the Complaint are denied for lack of sufficient information upon which to base a belief.

9.

All allegations of Paragraph 9 of the Complaint are denied.

10.

It is admitted that Moore was booked into the Richwood Correctional Center on October 12, 2015.  It is further admitted that Moore was placed into cell #7.  All other allegations of Paragraph 10 of the Complaint are denied  for lack of sufficient information upon which to base a belief.

11.

Based upon information and belief, all allegations of Paragraph 11 of the Complaint are admitted.

12.

All allegations of Paragraph 12 of the Complaint are denied.

13.

Lt. Hardwell wrote a report, which contained his observations about the incident at issue. This report is in writing and is the best evidence of its contents.  All other allegations of Paragraph 13 of the Complaint are denied, as written.

14.

Based upon information and belief, it is admitted that, on or about October 13, 2015, there was an altercation between Erie Moore, Sr. and Vernon White.  Further, Lt. Hardwell wrote a report, which contained his observations about the incident at issue.  This report is in writing and is the best evidence of its contents.  All other allegations of Paragraph 14 of the Complaint are denied, as written.

15.

All allegations of Paragraph 15 of the Complaint are denied.

16.

Based upon information and belief, it is admitted that, on or about October 13, 2015, there was an altercation between Erie Moore, Sr. and Vernon White.  All other allegations of Paragraph 16 of the Complaint are denied.

17.

The events that occurred are shown on video, which video is the best evidence of its contents. All other allegations of Paragraph 17 of the Complaint are denied, as written.

18.

The events that occurred are shown on video, which video is the best evidence of its contents. All other allegations of Paragraph 18 of the Complaint are denied, as written.

19.

The events that occurred are shown on video, which video is the best evidence of its contents. All other allegations of Paragraph 19 of the Complaint are denied, as written.

20.

The events that occurred are shown on video, which video is the best evidence of its contents. Further, the actions of all defendants are described in numerous reports, which reports are in writing and are the best evidence of their contents.  All other allegations of Paragraph 20 of the Complaint are denied, as written.

21.

It is denied that Moore was struck with an impact weapon to his head and face or that a closed fist was used on Moore.  All other allegations of Paragraph 21 of the Complaint are denied for lack of sufficient information upon which to base a belief.

22.

All allegations of Paragraph 22 of the Complaint are denied.

23.

All allegations of Paragraph 23 of the Complaint are admitted, based upon information and

-4-

belief.

24.

All allegations of Paragraph 24 of the Complaint are denied for lack of sufficient information upon which to base a belief.

25.

All allegations of Paragraph 25 of the Complaint are denied for lack of sufficient information upon which to base a belief.

26.

All allegations of Paragraph 26 of the Complaint are denied.

27.

All responses to Paragraphs 1 - 26 are copied herein in full in response to the allegations contained in Paragraph 27 of the Complaint.  All other allegations of Paragraph 27 of the Complaint are denied.

28.

All allegations of Paragraph 28 of the Complaint are denied.

29.

All allegations of Paragraph 29 of the Complaint are denied.

30.

All responses to Paragraphs 1 - 21 are copied herein in full in response to the allegations contained in Paragraph 30 of the Complaint.  All other allegations of Paragraph 30 of the Complaint are denied.

31.

All allegations of Paragraph 31 of the Complaint are denied.

32.

All allegations of Paragraph 32 of the Complaint are denied.

33.

All responses to Paragraphs 1 - 32 are copied herein in full in response to the allegations contained in Paragraph 33 of the Complaint.  All other allegations of Paragraph 33 of the Complaint are denied.

34.

All allegations of Paragraph 34 of the Complaint are admitted, based upon information and belief.

35.

All allegations of Paragraph 35 of the Complaint are denied.

36.

All allegations of Paragraph 36 of the Complaint are denied.

37.

All allegations of Paragraph 37 of the Complaint are denied.

38.

All allegations of Paragraph 38 of the Complaint are denied for lack of sufficient information upon which to base a belief.

39.

All responses to Paragraphs 1 - 38 are copied herein in full in response to the allegations contained in Paragraph 39 of the Complaint.  All other allegations of Paragraph 39 of the Complaint are denied.

40.

All allegations of Paragraph 40 of the Complaint are denied.

41.

All responses to Paragraphs 1 - 40 are copied herein in full in response to the allegations contained in Paragraph 41 of the Complaint.  All other allegations of Paragraph 41 of the Complaint are denied.

42.

All allegations of Paragraph 42 of the Complaint are denied.

43.

All allegations of Paragraph 43 of the Complaint are denied.

44.

All allegations of Paragraph 44 of the Complaint are denied.

45.

All allegations of Paragraph 45 of the Complaint are denied.

46.

All allegations of Paragraph 46 of the Complaint are denied.

47.

All allegations of Paragraph 47 of the Complaint are denied.

48.

All allegations of Paragraph 48 of the Complaint are denied.

49.

All allegations of Paragraph 49 of the Complaint are denied.

50.

All allegations of Paragraph 50 of the Complaint are denied.

51.

All allegations of Paragraph 51 of the Complaint are denied.

52.

All allegations of Paragraph 52 of the Complaint are denied.

53.

All allegations of Paragraph 53 of the Complaint are denied.

54.

The allegations contained in Paragraph 54 of the Complaint do not require an answer; however, in an abundance of caution, all allegations of Paragraph 54 of the Complaint are denied for lack of sufficient information upon which to base a belief.

55.

All allegations of Paragraph 55 of the Complaint are denied.

56.

All allegations of Paragraph 56 of the Complaint are denied.

**THIRD DEFENSE**

Defendants plead the sole and proximate cause of the incident were the actions of Erie Moore, Sr., as evidenced by his failure to follow verbal commands and to comply.

**FOURTH DEFENSE**

Defendants plead that all injuries complained of by Plaintiffs were caused or contributed to by the actions, fault and/or negligence of Erie Moore, Sr. and/or Vernon White.  These actions, negligence and/or fault are superseding, intervening causes of the death and operate to bar or reduce Plaintiffs' recovery by the percentage of fault and/or negligence of Erie Moore, Sr. and/or Vernon White.

**FIFTH DEFENSE**

Defendants plead that Erie Moore, Sr. was the aggressor in the incident, assumed the risks, and was the sole cause, or, in the alternative, was a contributing cause of his death and that all recovery by Plaintiffs should be barred or reduced by the percentage of fault of Erie Moore, Sr.

**SIXTH DEFENSE**

Defendants plead that any force used upon Erie Moore, Sr. was reasonable and necessary under the circumstances.

**SEVENTH DEFENSE**

Defendants plead that any force used upon Erie Moore, Sr. was not used in a malicious attempt to inflict pain or injury but, rather, was only used in response to the actions of Erie Moore, Sr. and did not rise to the level of a violation of his civil rights.

**EIGHTH DEFENSE**

Defendants aver that all claims made against them, pursuant to 42 U.S.C. § 1983 and/or 1988 will be determined to be unfounded and not adequately supported by facts or law; accordingly, under 42 U.S.C. § 1988, Defendants are entitled to all costs of suit, including reasonable attorneys' fees.

WHEREFORE, Defendants, LaSalle Corrections, LLC, Warden Ray Hanson, Lt. Gerald Hardwell, Lt. Christopher Loring, Sgt. Reginald Williams, C/O Reginald Curley, Sgt. Duan Rosenthal, Capt. Roderick Douglas, and Sgt. Kenneth Hart, pray that:

(1)     This Answer be deemed good and sufficient;

(2)     After due proceedings are had, there be judgment herein dismissing plaintiffs, at their costs;

(3)     For all costs herein, including reasonable attorneys' fees;

(4)     In the alternative, and only in the event that Judgment is rendered herein against Defendants then, in that event, all recovery be reduced by the percentage of fault of Erie Moore, Sr.;

(5)     That plaintiff's claims be declared frivolous; and

(6)     For all other just, general and equitable relief.

Respectfully submitted:

PROVOSTY, SADLER, & deLAUNAY, APC

By: /s/ H. Bradford Calvit
H. BRADFORD CALVIT (#18158)
bcalvit@provosty.com
ELI J. MEAUX (#33981)
emeaux@provosty.com
STEPHEN F. BUTTERFIELD (#35689)
sbutterfield@provosty.com
934 Third Street, Suite 800
P.O. Drawer 1791
Alexandria, LA 71309-1791
P: 318/445-3631   F: 318/445-9377

ATTORNEYS FOR DEFENDANTS,
LaSALLE CORRECTIONS, LLC, WARDEN RAY
HANSON, LT. GERALD HARDWELL, LT.
CHRISTOPHER LORING, SGT. REGINALD
WILLIAMS, C/O REGINALD CURLEY, SGT.
DUAN ROSENTHAL, CAPT. RODERICK
DOUGLAS, and SGT. KENNETH HART

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of September, 2016, I electronically filed the foregoing ANSWER TO COMPLAINT FOR DAMAGES with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following:

Nelson W. Cameron, Esq.
Attorney at Law
675 Jordan Street
Shreveport, Louisiana 71101

I further certify that I have forwarded the foregoing document via facsimile and/or first-class mail to the following non-CM/ECF participants: None

/s/ H. Bradford Calvit
H. BRADFORD CALVIT