**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**ERIE MOORE, JR., ET AL.**          **CIVIL ACTION NO: 3:16-CV-01007**

**VERSUS**                           **JUDGE ROBERT G. JAMES**

**LaSALLE CORRECTIONS, INC.,**       **MAG. JUDGE KAREN L. HAYES**
**ET AL.**

**WRONGFUL DEATH AND SURVIVAL ACTION**
**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**
**JURISDICTION**

1.     Plaintiffs, Erie Moore, Jr., Tamara Green, and Tiffany Robinson  bring this

cause of action for monetary damages individually and for survival

damages on behalf of their father and declaratory relief and costs of court

pursuant to 42 USC 1983, 1985 and 1988, to redress the deprivation by

defendants, their agents, and employees, and others acting in concert

with them,  under the color of state law, of the Plaintiffs' rights, privileges

and immunities secured by the Constitution of the United States, Eighth

Amendment and Fourteenth Amendment of the Constitution and

negligence under the laws of the State of Louisiana.

Jurisdiction is invoked pursuant to 28 USC Sections 1331, 1343(a)(1), (2),

(3) and (4).  Plaintiffs allege pendant jurisdiction and supplemental

jurisdiction over the state law claims.

-1-

**PARTIES**

2.     Plaintiffs, TAMARA GREEN, TIFFANY ROBINSON and ERIE MOORE, JR. are citizens of the United States and the natural biological children of the deceased ERIE MOORE, SR.  They are the only heirs of ERIE MOORE, SR.  TIFFANY ROBINSON  is domiciled in the State of Louisiana. TAMARA GREEN and ERIE MOORE, SR., are domiciled in the State of Texas.

3.     Made defendant herein is LASALLE CORRECTIONS, INC. , ("LaSalle") a private, domestic corporation,  with the registered agent listed with the Secretary of the State of Louisiana as William K. McConnell, 192 Bastille Lane, Suite 200, Ruston, Louisiana 71270.

4.     Made defendants herein are(a) RICHWOOD CORRECTIONAL CENTER, LLC , ("Richwood") a private, domestic corporation,  with the registered agent listed with the Secretary of the State of Louisiana as William K. McConnell, 192 Bastille Lane, Suite 200, Ruston, Louisiana 71270. Made defendant herein is (b) WARDEN RAY HANSON, Warden of Richwood Correctional Facility and at all times herein serves as the chief policy maker for the Richwood Correctional Facility and is responsible for the daily operations of the Richwood Correctional Center. He is sued in his individual and in his official capacities.  He acted at all times herein

-2-

under the color of state law. (c) ASSISTANT WARDEN AULTMAN, Warden of Richwood Correctional Facility and at all times herein serves as the chief policy maker for the Richwood Correctional Facility and is responsible for the daily operations of the Richwood Correctional Center. He is sued in his individual and in his official capacities.  He acted at all times herein under the color of state law.

5.      Made a Defendant herein are:

(a)      LT. GERALD HARDWELL, who was a correctional officer at Richwood Correctional Center for LASALLE CORRECTIONS, INC., and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law.  He was the shift officer in charge of the night shift.  He had the authority to classify prisoners and to refer them for medical assistance. He is sued in his individual and in his official capacities.

(b)      LT. CHRISTOPHER LORING, who was a correctional officer at Richwood Correctional Center for LASALLE CORRECTIONS, INC. and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law.   He was the shift officer in charge of the day shift.  He had the authority to classify prisoners and to refer them for medical assistance. He is

-3-

sued in his individual and in his official capacities.

(c)     C/O JEREMY RUNNER, who was a correctional officer at

Richwood Correctional Center for LASALLE CORRECTIONS, INC.,

and at all times herein mentioned, was acting in such capacity as

the agent, servant and employee under the color of state law.  He

is sued in his individual and in his official capacities.

(d)     SGT. REGINALD WILLIAMS, who was a correctional officer at

Richwood Correctional Center for  LASALLE CORRECTIONS,

INC., and at all times herein mentioned, was acting in such

capacity as the agent, servant and employee under the color of

state law.  He is sued in his individual and in his official capacities.

(e)     C/O REGINALD CURLEY, who was a correctional officer at

Richwood Correctional Center for LASALLE CORRECTIONS, INC.,

and at all times herein mentioned, was acting in such capacity as

the agent, servant and employee under the color of state law.  He

is sued in his individual and in his official capacities.

(f)     SGT. DUAN ROSENTHAL,  who was a correctional officer at

Richwood Correctional Facility for LASALLE CORRECTIONS,

INC., and at all times herein mentioned, was acting in such

capacity as the agent, servant and employee under the color of

state law.  He is sued in his individual and in his official capacities.

(g)    CAPT. RODERICK DOUGLAS, who was a correctional officer at Richwood Correctional Facility for LASALLE CORRECTIONS, INC., and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law.  He is sued in his individual and in his official capacities.

(h)     SGT. KENNETH HART,  who was a correctional officer at Richwood Correctional Facility  for LASALLE CORRECTIONS, INC., and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law.  He is sued in his individual and in his official capacities.

(I)    C/O DANIELLE WALKER, who was a correctional officer at Richwood Correctional Facility  for LASALLE CORRECTIONS, INC., and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law.  She is sued in her individual and in his official capacities.

(j)    SGT. ROY BROWN, who was a correctional officer at Richwood Correctional Facility for LASALLE CORRECTIONS, INC., and at all

times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law. He is sued in his individual and in his official capacities.

(k)     C/O ALTON HALE, who was a correctional officer at Richwood Correctional Facility for LASALLE CORRECTIONS, INC., and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law. He is sued in his individual and in his official capacities.

(l)     JODY FOSTER, who was a correctional officer at Richwood Correctional Facility for LASALLE CORRECTIONS, INC., and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law. He is sued in his individual and in his official capacities.

(m)     NURSE MITCHELL, who was a nurse at Richwood Correctional Facility for LASALLE CORRECTIONS, INC., and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law. He is sued in his individual and in his official capacities.

(n)     DEPUTY WELLS who was a deputy at Ouachita Correctional Center for the OUACHITA PARISH SHERIFF, and at all times

herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law.  He is sued in his individual and in his official capacities.

(o)   DEPUTY LAMBRIGHT  who was a patrol deputy for the OUACHITA PARISH SHERIFF, and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law.  He is sued in his individual and in his official capacities.

(p)   DEPUTY MURPHY  who was a deputy at Ouachita Correctional Center for the OUACHITA PARISH SHERIFF, and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law.  He is sued in his individual and in his official capacities.

(q)   DEPUTY HOLYFIELD  who was an investigator of violent crimes for the OUACHITA PARISH SHERIFF, and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law.  He is sued in his individual and in his official capacities.

(R)   OUACHITA PARISH SHERIFF    is a political subdivision of the State of Louisiana.  He is domiciled in Monroe, Louisiana.  He is

sued in his official capacity and as the employer of deputies
WELLS and MURPHY and other like situated deputies and
employees.

(s)     Monroe Police Officer Crowson who was a police officer of the City
of Monroe, and at all times herein mentioned, was acting in such
capacity as the agent, servant and employee under the color of
state law.  He is sued in his individual and in his official capacities.

(t)     Louisiana State Trooper Hanemann who was a state trooper with
the State of Louisiana Department of Public Safety and
Corrections, and at all times herein mentioned, was acting in such
capacity as the agent, servant and employee under the color of
state law.  He is sued in his individual capacity. The State of
Louisiana is not a named defendant in this case.

(u)     Made defendant herein is the **CITY OF MONROE**.  The City of
Monroe is a political subdivision of the State of Louisiana.  It is
sued in its official capacity.  **CITY OF MONROE** contracted with
**LASALLE and RICHWOOD** to provide correctional services to the
City.  The City of Monroe failed to adequately monitor the
performance of LaSalle and Richwood under the contract and its
non-delegable duties to inmates housed at RCC, including the duty

-8-

to train and adopt policies and procedures to prevent use of
excessive force, to properly monitor inmates, and to properly
classify and house inmates.

**FACTS**

6.    On or about November 14, 2015, Erie Moore, Sr. died from injuries
suffered at Richwood Correctional Center as a result of the fault and
deliberate indifference of Defendants.

7.    On or about October 11, 2012, Louisiana State Trooper Hanemann
stopped Erie Moore Sr. who was acting erratically by following the
Trooper.  The Trooper stopped Moore.  Moore told the Trooper that the
Trooper was going to shoot and kill him.  Trooper Hanemann informed the
Monroe City dispatcher of the incident and to be aware of Moore's
behavior.  The Trooper issued a general notice about Moore's behavior.

8.    Erie Moore, Sr.,  was arrested by Monroe police officer Crowson on
October 12, 2015 about 6:15a.m., for disturbing the peace by using foul
language and acting erratically at a doughnut shop on Forsythe Ave,
Monroe, LA.  This was an alleged violation of the Monroe city code.
Moore told the officer that Crowson was going to shoot and kill Moore.
Crowson took no action in response to Moore's suicidal behavior.
Crowson should have known about the October 11, 2015 incident with the

Trooper.  Crowson was also aware that Moore had acted erratically at the doughnut shop on October 11, 2015 as well.

9.    Police transported Moore to Richwood Correctional Center which was at all times operated by LASALLE and RICHWOOD.  The City contracted with LASALLE and RICHWOOD for housing their misdemeanor arrestees.

10.   LASALLE and RICHWOOD  correctional officers attempted to book Moore into the Richwood Correctional Center around 7:45 a.m. on October 12, 2015.  Booking and intake were not completed. Moore acted erratically in the booking area.  Moore was placed in isolation lockdown cell #7, hereinafter referred to as "LD7".  LD7 is an isolation cell that is monitored with video cameras in the Central Control Room of Richwood Correctional Facility.  There were no other inmates in this cell with Erie Moore, Sr.  Moore was acting erratically inside the cell, at times being compliant and at others being non compliant, sometimes acting reasonable and others acting in a deranged manner.  There was a special management cell reserved for those having mental health conditions. Moore had exhibited obvious mental health conditions to the trooper, the Monroe Police officer and to Richwood staff.

11.   At or around 9:00 p.m., two inmates, namely Vernon White and Erin Daniels engaged in a fight in another area, RWHC, at the Richwood

-10-

Correctional Facility.  Vernon White suffered injuries to his shoulder and
neck.   After this fight, inmate Vernon White, was placed in isolation LD7
with Erie Moore, Sr.

12.     During the investigation, Vernon White was found to be the perpetrator of
the fight in RWHC and was given a disciplinary sanction. At the time of
placement of Vernon White, correctional officers knew or should have
known that Vernon White was violent. White was placed in LD7 with
Moore.  There was a single occupancy lockdown cell available but White
was not placed in it. Standard correctional practice dictates that a violent
prisoner who recently had been fighting to not be placed in a cell with an
apparent non-violent prisoner, if such a cell is available.

13.     On or around 10:30 p.m. on October 12, 2015, Lt. Gerald Hardwell heard
Erie Moore, Sr. allegedly kicking on the cell door.  Lt. Hardwell
commanded Moore to refrain from the kicking.  Moore did not comply.
After three warnings, Hardwell radioed for Jeremy Runner to come and
assist him.  The correctional officers breached the door and sprayed
Moore with pepper spray.  After he became compliant, they took him to
decontamination .  The correctional officers returned him to LD7.   During
that night Moore acted erratically, sometimes making sense and other
times not making sense.  Some officers characterized Moore as acting

"crazy".

14.    On October 13, 2015 at 7:00 A.M., Lt. Gerald Hardwell reported to Lt.
Chris Loring that two inmates, Vernon White and Erie Moore, Sr.,  had
been in a physical confrontation and needed medical attention.  Mace was
sprayed into the face of Erie Moore, Sr. before he was restrained.  The
correctional officers of Richwood Correctional Facility returned the
inmates back to LD7.  The inmates were not separated, contrary to sound
and reasonable correctional practices.

15.    Defendants knew or should have known the potential for violence
between the two inmates and inmates should have been separated.

16.    On or around 1722 hrs. another incident took place in LD7 between
Moore and White.  No staff of Richwood Correctional Center intervened in
this incident.

17.    Over the course of the next 45 minutes, inmate White is not seen on
camera; however, Erie Moore, Sr. is seen sitting on the bed, apparently
sleeping and walking back and forth to the window on the door.

18.    Later, C/O Alton Hale delivered  two food trays through the door to Moore
in LD7.  Erie Moore began to eat his food.  HALE did not see the second
inmate, VERNON WHITE, and did not report this observation to anyone.

19.    At approximately 1807 hrs. Corrections Officer Runner looked through the

window and saw Inmate White lying in the corner, shaking.  Runner
summoned assistance.   Moore was allegedly beating on the cell door and
shouting.

20.     Runner   entered the cell to remove White from the cell.  Lt. Gerald
Hardwell, Lt. Christopher Loring, Sgt. Reginald Williams,  Correctional
Officer Reginald Curly and Correctional Officer Steadman Sirmons
responded and entered the cell.  Loring sprayed Moore with mace.
Runner in the presence of Hardwell, Loring, Williams, Curly and Sirmons
deliberately and viciously struck  Moore in the back of the head; these
officers encouraged or assisted Runner in striking Moore, the force of
which threw Moore to the floor.   Moore was in good physical health
before being struck.

21.     At about 7:00 pm, Hardwell, Williams, Runner and Curly again entered
Moore's cell to extract him, allegedly for his transport to the Ouachita
Parish Sheriff for investigative purposes.   White died from injuries
suffered at Richwood Correctional Center.   Hardwell used mace on
Moore.   Hardwell a few minutes later grabbed Moore from behind in a
bear hug.  Hardwell carried Moore into the hallway and slammed him
down to the hard tile floor, head first.  Runner, Williams and Curly made
body punches to Moore.  Moore was not physically resisting any of the

correctional officers.   Once the six officers completed the cell extraction, Mr. Moore had obviously suffered some severe injuries and was not moving.

22.    Moore was lifted by Runner, Curley and Williams and carried to the Four-Way or the innerlock area.  While carrying Moore, Runner tripped and dropped Moore on his head onto the hard tile floor.

23.    Mr. Moore remained in the innerlock or Four-Way area from about 7:10pm until around 8:50pm hours .  While in this area, Mr. Moore was unconscious.  Nurse Mitchell, Hardwell, Curley, Runner, Williams, Warden Aultman and Jody Foster observed Mr. Moore in a state of unconsciousness. All of these persons saw Moore in this state over the course of over an hour and a half but none suggested that he should be transported to a hospital. And none took his vital signs to determine the extent of his condition.

Mitchell observed a knot to Mr. Moore's head. Mitchell did not take any vital signs or conduct any other elementary medical examination.

24.    Ouachita Parish deputies including Holyfield and Lambright went to the four way to observe Moore and transport him.  The deputies  who saw Moore found him restrained, lying on his back on the ground and was making a loud snoring noise.  He was not responding to commands from

the guards. He could not be awakened. It was clear that Mr. Moore had been knocked unconscious.  No Ouachita Parish Deputy or Richwood Correctional Officer requested further medical attention or transport to a hospital.   Deputy Murphy carried Moore out to the waiting unit being driven by Deputy Wells.  According to those in the four way/innerlock area, Mr. Moore was not bleeding from any head injury when he left that area.

25.     Deputy Wells and Murphy of Ouachita Parish Sheriff transported Moore to Ouachita Parish Correctional Center.  Medical staff at OCC observed multiple bleeding wounds to Moore's head.  OPSO staff observed a possible head injury, refused to accept him as an inmate and immediately sent him to E.A. Conway Medical Center.  Emergency room physician, Dr. Nelson was unable to treat Moore. ER Staff at E.A. Conway indicated Mr. Moore had been unconscious for a while.   They sent Moore to University Health Center by Air Medics for further medical attention.  Moore was admitted for treatment at UHC.

26.     On November 14, 2015, Erie Moore, Sr. died at University Heath Center from injuries sustained from correctional officers at Richwood Correctional Facility during a cell extraction or in the innerlock area or some other location.  The Ouachita Parish Coroner ruled Mr. Moore's death the result

of a homicide. The OPSO investigated Mr. Moore's injuries.  However, no

law enforcement officer with OPSO continued the investigation to

determine who killed Mr. Moore.

**FIRST CAUSE OF ACTION: USE OF EXCESSIVE FORCE**

27. Plaintiffs reiterate and reallege paragraphs 1 - 26 as though fully set forth

herein.  Plaintiffs bring this cause of action pursuant to 42 USC 1983 for

violation of Erie Moore, Sr.'s Eight and Fourth Amendments and Due

Process rights to be free of use of excessive force. LaSalle, Richwood, Lt.

Gerald  Hardwell, Lt. Christopher Loring, Sgt. Reginald Williams,

Correctional Officer Jeremy Runner, Correctional Officer Alton Hale,

Correctional Officer Reginald Curley, Correctional Officer Jody Foster,

Deputy Wells, Deputy Murphy, and Correctional Officer Steadman

Sirmons are Defendants herein.

28. During the 23 hours of incarceration, MOORE was maced three times.

29. On October 13, 2015 on or around 6:04 p.m., officers entered the cell of

MOORE, who was not aggressive at the time and ordered him to the floor.

According to the Richwood Correctional Center Unusual Occurrence

Report, Moore replied "when I get done".  Defendants did not wait, instead

Moore was maced and beat in his head by Runner with the assistance of

-16-

Hardwell, Loring, Williams and Curley until he fell to the floor.  He was later pulled from cell LD7 by Hardman who slammed him to the floor head first.  Additionally, force was used on Moore in the Four-Way and during his transport to OCC.  Nurse Mitchell indicates he was kneeling when Moore was seen in the four way; however, he was physically carried into the four-way and out of the four-way.  There is a report by Deputy Holyfield that Moore was dropped and/or his head was injured while be carried out of the four way.

## SECOND CAUSE OF ACTION: FAILURE TO INTERVENE, 42 USC 1985 CONSPIRACY AND FAILURE TO SUPERVISE

30.    Plaintiffs reiterate and reallege paragraphs 1 - 29 as though fully set forth herein.  Plaintiffs bring this cause of action pursuant to 42 USC 1983. LaSalle, Richwood, RCC Sgt. Rosenthal, RCC Sgt. Hart, RCC c/o Runner, RCC c/o Foster, RCC Assistant Warden Aultman,  RCC c/o HALE, Deputy Holyfield, Deputy Murphy, Deputy Wells, Deputy Lambright, RCC Rosenthal, RCC Sgt. Brown, RCC Lt. Loring, RCC Lt. Hardwell and RCC Sgt. Williams are Defendants herein.

31.    Rosenthal, Runner, Loring, Hardwell and Williams were present at or near the cell and hallway when Moore was beaten in the head, thrown head first onto the hallway floor and then beaten with fists.

-17-

32.    Defendants Aultman, Rosenthal, Runner, Loring, Curley, Foster, Hardwell and Williams violated the rights of MOORE to be free of excessive use of force when despite having the opportunity, failed to instruct or order officers to stop, restrain correctional officers or intervene to stop the excessive force used that was clearly illegal.   Further, these defendants herein conspired to deprive Moore of his civil rights in violation of 42 USC 1985 by placing Moore in the four way where it was well known there were no cameras and is a place of choice to teach inmates a less and inflict additional punishment in the form of pain. A conspiracy to cover up the responsible parties for Moore's death occurred by not investigating the homicide of Moore when clear and plain evidence pointed to those responsible. The Ouachita Parish Coroner pronounced the mode of Moore's death as homicide but no defendant investigated his injuries and stopped any inquiry once Moore was transported to a hospital.  No officer was disciplined in any fashion as a result of the death of the inmates White and Moore.  No RCC officer has ever been disciplined in connection with the death of an inmate.

### THIRD CAUSE OF ACTION:
### FAILURE TO MONITOR AND CLASSIFY, TRAIN AND IMPLEMENT POLICIES
### and PROVIDE ADEQUATE MEDICAL ATTENTION

33.    Plaintiffs reiterate and reallege paragraphs 1 - 32 as though fully set forth

-18-

herein.  City of Monroe, LaSalle, Richwood, Hansen, Aultman, Officer

Danielle Walker and Correctional Officer Alton Hale, Officer Crowson,

Hardwell, Foster, Nurse Mitchell, Loring, Rosenthal,  Monroe Police

Officer Crowson, Trooper Hanemann,  are made defendants herein.

34.    Crowson displayed deliberate indifference to Moore's mental health

issues.  Crowson failed to provide medical care to Moore who was in his

custody.  Moore displayed obvious and serious medical health conditions,

including suicidal ideations. When Crowson took Mr. Moore to Richwood,

he failed to inform Richwood booking officers of the information he

learned on the scene or from the Trooper. The Monroe dispatcher failed

to inform Crowson of Trooper Hanemann's observations. Moore was

housed in cell LD7, an isolation cell, with camera monitoring; he was not

placed in a special management cell nor taken to the mental health

facility.  Moore was acting erratically.  Booking officers had enough

information to place Moore in a special management cell.  Moore should

have been placed in a special management cell.

35.    Trooper Hanemann displayed deliberate indifference to Moore's mental

health issues.  Trooper Hanemann failed to provide medical care to Moore

who was in his custody by taking him to a mental health facility because

Moore was a danger to himself or others.  Moore displayed obvious and

serious medical health conditions, including suicidal ideations.

36.   The failure to implement adequate policy and training resulted in

Defendant Danielle Walker and Officer Crowson and the Monroe city

dispatcher failing to follow protocol, to send Moore to a mental health

specialist, to properly monitor the cell, and training regarding the civil

rights of prisoners  including MOORE and was a cause of the violation of

MOORE'S rights as described hereinabove.

37.   Officer Danielle Walker was in the control room and fully responsible for

the monitoring of the cameras in the cells.  Walker failed to report

altercations between Moore and White.  The officers, including Hartman

and Loring,  failed to separate Moore and White.  Hartman and Loring

failed to classify Mr. Moore as having mental health problems, possible

suicidal ideations and place him in a suicide resistant cell like special

management cell number one or two.  Further neither shift supervisor

referred Mr. Moore to a mental health specialist or to be examined by the

jail nurse.

38.   Inmate White was not seen on the video for approximately 45 minutes,

however, this was not reported by Officer Danielle Walker  nor was it

reported by Correctional Officer Alton Hale when he passed out the food

trays.

**FOURTH CAUSE OF ACTION: FAILURE TO**
**TRAIN AND FAILURE TO IMPLEMENT ADEQUATE POLICIES**

39.   Plaintiffs reiterate and reallege paragraphs 1 - 38 as though fully set forth herein.  Plaintiffs bring this cause of action pursuant to 42 USC 1983, et seq. LASALLE MANAGEMENT, LLC, RICHWOOD CORRECTIONAL CENTER, LLC, CITY OF MONROE, and HANSEN and  are Defendants herein.

40.   Defendants violated MOORE's  right to be free of excessive force in violation of the Fourth Amendment, a pre-trial detainee who was arrested on a misdemeanor charge.

41.   The failure to implement adequate policy and training of the proper extraction of an inmate from a cell Moore resulted in Defendants Lt. Gerald Hardwell, Lt. Christopher Loring, Sgt. Reginald Williams, Correctional Officer Jeremy Runner, Correctional Officer Reginald Curley and Correctional Officer Steadman Sirmons using excessive force and housing White in the cell with Moore and failing to follow protocol and training regarding the civil rights of prisoners  including MOORE and was a cause of the violation of MOORE'S rights as described hereinabove.

42.   HANSEN is liable herein for failing to train correctional officers in the proper monitoring procedures and to establish adequate policies.

-21-

LASALLE MANAGEMENT, LLC, RICHWOOD CORRECTIONAL

CENTER, LLC  and HANSEN failed to set forth an adequate policy

regarding monitoring for  prisoners and classifying at the Richwood

Correctional Center in isolation cells. The policy and training were

inadequate since they did not provide for constant observation or other

methods of adequate observation, and only provided sporadic observation

of inmates.  The City of Monroe had a non-delegable duty to supervise,

train, have adequate policies, classify and monitor the individual

defendants so that inmates are provided a safe environment and are not

subjected to use of excessive force.

### FIFTH  CAUSE OF ACTION: FAILURE TO PROTECT AND CLASSIFY INMATES

43.   Plaintiffs reiterate and reallege paragraphs 1 - 42 as though fully set forth

herein.  Plaintiffs bring this cause of action pursuant to 42 USC 1983, et

seq. LASALLE MANAGEMENT, LLC, RICHWOOD CORRECTIONAL

CENTER, LLC, CITY OF MONROE, WARDEN HANSEN, Lt. Hardwell, Lt.

Loring, Aultman and Capt. Douglas  are Defendants herein.

Defendants violated MOORE's  right to be free of excessive force in

violation of the Fourth and Eighth Amendments when it learned White was

a known violent offender and the defendants placed White in a lockdown

-22-

cell with Moore.

44.   On the morning of October 13, 2015, Loring, Hardwell and Douglas

learned of an  altercation between White and Moore in lockdown cell #7.

Defendants should have separated White and Moore to prevent further

physical conflict between them. These defendants had the authority to

separate White and Moore.

### SIXTH CAUSE OF ACTION:
### STATE LAW CLAIMS

45.   Plaintiffs reiterate and reallege all of the foregoing paragraphs as though

fully set forth herein.  CITY OF MONROE, LASALLE CORRECTIONS,

INC. and RICHWOOD CORRECTIONAL CENTER, LLC , its employees,

agents and servants are made Defendants hereunder.

46.   Plaintiffs allege violations of Louisiana Civil Code Article 2315.  Officers

and Defendants named hereinabove and other officers in the course and

scope of their employment with LASALLE and RICHWOOD, violated Erie

Moore, Sr's rights under Article One Section 5 of the 1974 Louisiana

Constitution. LASALLE CORRECTIONS, INC. and RICHWOOD

CORRECTIONAL CENTER, LLC, OUACHITA PARISH SHERIFF are

liable for the fault of its officers in using force against the deceased who

was not presenting a threat.  No force or battery was necessary at the

-23-

time it was used.  Also, the defendants are liable under LSA-C.C. art.

2315.  The defendants and other employees are liable in solido unto

plaintiffs.  Plaintiffs bring suit for excessive use of force.

47.    Plaintiffs also allege that LASALLE and RICHWOOD  failed to properly

train its officers and others in classification,  use of force, and proper

monitoring of known violent offenders.

48.    The Officers' use of force constituted fault because there was

little or no chance of the deceased's escape, the officer had

overwhelming force and power to subdue him, petitioner was not resisting,

the risks and dangers perceived by the officers were minimal at best,  the

alleged acts of petitioner was minor, striking petitioner was unnecessary

and unwarranted, and there was no emergency. Officers acted in

retaliation to Moore's alleged behavior of making suicidal gestures or

exhibiting other mental health problems.

49.    Plaintiffs allege violations of Louisiana Civil Code Article 2315 for

negligence and intentional acts. Officers named hereinabove and others

in the course and scope of their employment with the LASALLE

CORRECTIONS, INC. and RICHWOOD CORRECTIONAL CENTER, LLC

committed fault and that fault should be evaluated under La. C.C. art.

2323 and 2324.  Officers failed to provide adequate medical care,

-24-

monitoring and failed to adequately inform superiors and Richwood of Mr.

Moore's mental health condition.  At the time of the use of force and

batteries, Erie Moore, Sr. was on suicide watch and should have been

under constant supervision.

50.     Plaintiffs allege violations of Louisiana Civil Code Article 2315 for

negligence. Corrections officers and other employees in the course and

scope of their employment with the LASALLE CORRECTIONS, INC. and

RICHWOOD CORRECTIONAL CENTER, LLC, OUACHITA PARISH

SHERIFF and CITY OF MONROE and TROOPER HANEMANN

committed fault and that fault should be evaluated under La. C.C. art.

2323 and 2324.  Said identified employees and Hannemann failed to

adequately observe and failed to properly house and classify Erie Moore,

Sr.,  permitting him to sustain violent injuries or permitted him to be injured

in his cell causing serious and severe injuries on or about October 12-13,

2015.  At the time of the injuries, deceased was on suicide watch and

should have been under constant supervision. Plaintiffs bring suit for

excessive use of force under Louisiana state law.

51.     Neither LASALLE CORRECTIONS, INC., RICHWOOD CORRECTIONAL

CENTER, LLC, nor CITY OF MONROE nor its officers are entitled to

qualified immunity under federal law since it is a private entity.

52.    Defendants named hereinabove conspired and acted in unison to
strike and injure MOORE under circumstances when such use of force is
a clear violation of MOORE's civil rights.

53.    The CITY OF MONROE failed to properly supervise the performance of
the contract with LASALLE and RICHWOOD.  CITY OF MONROE has a
duty to review and supervise the performance and to review training of
LASALLE.  CITY OF MONROE has non-delegable duties to stop
excessive force, to provide adequate medical care and to provide a safe
custodial environment of inmates.

## MISCELLANEOUS PROVISIONS

54.    Individual Defendants are not entitled to qualified immunity under federal
law because they are private individuals.

55.    Due to the malicious and deliberately indifferent actions of Defendants
LASALLE CORRECTIONS, INC. and RICHWOOD CORRECTIONAL
CENTER, LLC and all individual defendants toward Erie Moore Sr's
federally protected rights, plaintiffs are entitled to an award of punitive
damages against each named defendant.

56.     Plaintiffs demand a trial by jury.

57.     Plaintiffs bring action on behalf of their father Erie Moore, Sr. who suffered

        mental distress,  loss of liberty, invasion of privacy, pain and suffering,

        loss of earning capacity, loss of enjoyment of life, embarrassment and

        humiliation as a result of the actions of the defendants in terms of survival

        damages.  Individually each Plaintiff suffered loss of love, affection and

        society due to their father's death.

58.     Plaintiffs are entitled to an award of attorney fees and costs under 42

        USC 1983 and 1988.

        WHEREFORE, PLAINTIFFS pray that:

1.      They be granted a trial by jury.

2.      There be judgment herein and against all  Defendants named

        hereinabove, LASALLE CORRECTIONS, INC., RICHWOOD

        CORRECTIONAL CENTER, LLC  WARDEN RAY HANSEN,  LT.

        CHRISTOPHER LORING, LT. GERALD HARDWELL, SGT. ROY

        BROWN, SGT. REGINALD WILLIAMS, SGT. KENNETH HART, C/O

        DANIELLE WALKER, SGT. DUAN ROSENTHAL, CAPT. RODERICK

        DOUGLAS, C.O. JEREMY RUNNER, C.O. REGINALD CURLY, C/O

        ALTON HALE, NURSE MITCHELL, TROOPER HANEMANN, DEPUTY

WELLS, DEPUTY MURPHY, DEPUTY HOLYFIELD, DEPUTY

LAMBRIGHT, OUACHITA PARISH SHERIFF, and CITY OF MONROE in

solido in a reasonable amount to be set by the Court, plus judicial interest,

compensatory damages, consequential damages, and all costs of court,

including attorney fees and for punitive damages against individual

defendants.

3.      Such other and further relief as may be just.

Respectfully Submitted,

  _/s/ Nelson Cameron_____
NELSON W. CAMERON
Attorney at Law
675 Jordan Street
Shreveport, Louisiana 71101
(318) 226-0111
Bar No. 01283
**Attorney for Plaintiffs**