UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ERIE MOORE, JR., ET AL.** | **CIVIL ACTION NO. 3:16-CV-1007** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LaSALLE CORRECTIONS, INC., ET AL.** | **MAGISTRATE JUDGE HAYES** |

<u>REPORT AND RECOMMENDATION</u>

Before the undersigned magistrate judge, on reference from the District Court, is a motion to dismiss for failure to state a claim upon which relief can be granted [doc. # 84] filed by defendant, Trooper Jason Hanemann ("Trooper Hanemann"). The motion is opposed. For reasons set forth below, it is recommended that the motion be **GRANTED**.

<u>Background</u>

On October 13, 2015, Plaintiffs' father, Erie Moore, Sr., who was incarcerated at the Richwood Correctional Center ("RCC"), sustained injuries which ultimately led to his death approximately one month later. In this suit, Plaintiffs assert that Defendants are liable for Mr. Moore's death.

On July 8, 2016, Plaintiffs filed their original complaint [doc. #1] against LaSalle Corrections, Inc., the City of Monroe, Warden Ray Hanson, and numerous individuals alleged to be correctional officers at RCC (collectively the "original defendants"). Plaintiffs asserted claims under 42 U.S.C. §§ 1983 and 1988, as well as various state law claims. In the original complaint, Plaintiffs alleged as follows: Monroe police officers arrested Mr. Moore on October 12, 2015, and booked him into the RCC the same day; correctional officers at the RCC sprayed Mr. Moore with mace, struck his head and face with impact weapons and fists, and used other types of force against Mr. Moore while extracting him from his cell at the RCC; Mr. Moore was

ultimately transferred to the University Heath Center in Shreveport, Louisiana, where he died of his injuries on November 14, 2015.

On December 5, 2017, Plaintiffs filed an amended complaint which they styled a "Second Amended Complaint"[1] [doc. #63]. The amended complaint adds additional factual allegations, defendants, and claims. Trooper Hanemann was one of the newly-added defendants. *See Id.* at ¶ 5(t).

In addition to providing greater factual detail regarding Mr. Moore's treatment while at RCC, Plaintiffs alleged that there was an interaction between Trooper Hanemann and Mr. Moore the day before Mr. Moore was brought in to RCC. *See Id.* at ¶ 7. Specifically, on October 11, 2012, Trooper Hanemann "stopped [Mr. Moore] who was acting erratically by following the Trooper. . . . Moore told the Trooper that the Trooper was going to shoot and kill him. Trooper Hanemann informed the Monroe City dispatcher of the incident and to be aware of Moore's behavior. The Trooper issued a general notice about Moore's behavior." *Id.* Trooper Haneman did not take Moore to a mental health facility. *Id.* at ¶ 35 .

Plaintiffs' federal cause of action against Trooper Hanemann was set out in a section of the amended complaint captioned "FAILURE TO MONITOR AND CLASSIFY, TRAIN AND IMPLEMENT POLICIES and PROVIDE ADEQUATE MEDICAL ATTENTION." *Id.* at ¶ 33. However there are no factual allegations regarding Haneman other those previously noted during the traffic stop. Plaintiffs clarified in their opposition memorandum that their cause of action against Trooper Hanemann is asserted under § 1983 for "deliberate indifference to serious

---

[1] A review of the record does not reveal the existence of a "first" amended complaint. Therefore, the second amended complaint will hereinafter be referred to simply as the amended complaint.

medical needs of Mr. Moore" in violation of Mr. Moore's rights under the Fourteenth Amendment.  *See* Opposition Memorandum, doc. 87, pp. 9-13.  Plaintiffs also name Trooper Hanemann as a defendant in their state law claims for negligence under Louisiana Civil Code Article 2315, based on his alleged failure to adequately observe and properly house and classify Moore. [doc. #63, ¶ 50].

On March 7, 2018, Trooper Hanemann filed the instant motion, arguing that (1) Plaintiffs' § 1983 claim against him is time-barred; (2) Plaintiffs failed to allege a constitutional violation by him; (3) he is entitled to qualified immunity; and (4) this Court lacks jurisdiction over any state law claims.  *See* Motion to Dismiss, doc. #84.  In Response, Plaintiffs argue that (1) prescription was interrupted by the filing of the original complaint, as Trooper Hanemann is a joint tortfeasor; (2) the amended complaint sets forth Trooper Hanemann's violation of Mr. Moore's rights under the Fourteenth Amendment; (3) Trooper Hanemann violated Mr. Moore's clearly established rights and therefore is not entitled to qualified immunity; and (4) this Court has supplemental jurisdiction over the state law claims.  *See* Opposition Memorandum, doc. #87.  Trooper Hanemann filed a Reply reiterating his arguments.  *See* Reply, doc. #92.  The matter is now ripe.

## **Legal Standards**

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A pleading states a claim for relief, *inter alia*, when it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ."  Fed. R. Civ. P. 8(a)(2).  Circumstances constituting fraud or mistake, however, must be alleged with particularity.  Fed. R. Civ. P. 9(b).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter,

3

accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148 (5th Cir. 2010).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra*. (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

## Analysis

I.    Right to Medical Care.

Trooper Hanemann argues that Mr. Moore had no constitutional right to be taken to a

mental health facility arising from their October 11th interaction, in part because his interaction with Mr. Moore was, at most, a traffic-stop detention and not a full-scale arrest. *Id*. at pp. 5-6. Plaintiffs argue that Mr. Moore was an arrestee at the time of his October 11th interaction with Trooper Hanemann and, as such, was entitled to medical attention under the Fourteenth Amendment.[2] *See* Opposition Memorandum, doc. #87, p. 9.

There are three levels of police-citizen interactions: communication between police and citizens involving no coercion or detention, brief "seizures" that must be supported by reasonable suspicion, also known as *Terry* stops*, See, generally, Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968), and full-scale arrests that must be supported by probable cause. *United States v. Berry*, 670 F.2d 583, 591 (5th Cir. 1982). "Police detention constitutes an "arrest". . . if a reasonable person in the suspect's position would understand the situation to be a restraint on freedom of the kind that the law typically associates with a formal arrest." *Freeman v. Gore*, 483 F.3d 404, 413 (5th Cir. 2007).

A Constitutional right to medical care only exists where an individual has a "special relationship" with the state. *Wilson v. Dallas Cty. Hosp. Dist.*, 715 Fed. Appx. 319, 323 (5th Cir. 2017), cert. denied, No. 17-1223, 2018 WL 1142817 (U.S. Apr. 23, 2018) (citing *Kinzie v. Dallas Cnty. Hosp. Dist.*, 106 Fed. Appx. 192, 194 (5th Cir. 2003)). "[O]nly when the state, by its affirmative exercise of power, *has custody over an individual* involuntarily or against his will does a "special relationship" exist between the individual and the state." *Walton v. Alexander*, 44 F.3d 1297, 1303 (5th Cir. 1995) (emphasis added). An arrestee has such a special relationship

---

[2] While the amended complaint contains allegations that Mr. Moore's Eighth and Fourteenth Amendments were violated, Plaintiff admits that Mr. Moore's rights under the Eighth Amendment would not have attached until he was incarcerated the following day. *See* Opposition Memorandum, doc. #87, p. 10

with the state. *Nerren v. Livingston Police Dept.*, 86 F.3d 469, 472-473 (5th Cir. 1996). However, a *Terry* stop does not create such a special relationship because the citizen is not in the custody of the state. *See United States v. Galberth*, 846 F.2d 983, 994 (5th Cir. 1988) ("Such *Terry-stops* do not render a person in custody . . .").

Here, Plaintiffs allege that Trooper Hanemann "stopped" Mr. Moore and that Mr. Moore told Trooper Hanemann that Trooper Hanemann was going to shoot and kill him. These allegations, taken in the light most favorable to the plaintiffs, are insufficient to support a finding that Trooper Hanemann placed Mr. Moore under arrest. The alleged interaction was, at most, a *Terry* stop. Accordingly, Plaintiffs have not alleged facts showing that Mr. Moore had a constitutional right to medical care arising from his October 11th interaction with Trooper Hanemann, because the facts alleged do not support a finding that Mr. Moore was in custody during their interaction. *See Wilson*, 715 F. App'x at 324; *See also Forrester v. Stanley*, 394 F. App'x 673, 675 (11th Cir. 2010) (holding that *Terry* stop does not trigger the Fourteenth Amendment's affirmative duty of care).

Further, it does not appear from Plaintiffs' allegations that Trooper Hanemann could have forced Mr. Moore to obtain mental health treatment, even if he recognized a possible need for same. *See* La. Stat. Ann. § 28:55(E)(1) (requiring clear and convincing evidence that an individual is a danger to themselves or others to support an involuntary committal). Accordingly, the undersigned recommends that the Court hold that Plaintiffs have failed to state a claim against Trooper Hanemann under § 1983.

II.     Qualified Immunity.

When, as here, Plaintiffs seek money damages from government officials in their individual capacities under § 1983, the affirmative defense of qualified immunity is available to

6

protect defendants "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 815 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982)). The qualified immunity doctrine balances two often conflicting interests "the need to hold public officials accountable when they exercise power irresponsibly, and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id.* As such, "[t]he protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Id.* (citations omitted). In effect, qualified immunity "gives ample room for mistaken judgments by protecting "all but the plainly incompetent or those who knowingly violate the law." *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000) (citing *Malley v. Briggs*, 475 U.S. 335, 343, 341, 106 S. Ct. 1092 (1986) (internal quotation marks omitted).

Qualified immunity is nominally characterized as an affirmative defense. However, once raised by a defendant, it devolves upon the plaintiff to negate the defense by showing that the officials' conduct violated clearly established law. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir.2008) (citation omitted). The plaintiff's burden is two-pronged. *Club Retro LLC v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009) (quoted sources omitted). First, the plaintiff must demonstrate that the defendant violated a constitutional right under current law. *Id.* "Second, [the plaintiff] must claim that the defendant['s] actions were objectively unreasonable in light of the law that was clearly established at the time of the actions complained of." *Id.* (quoted source and internal quotation marks omitted). The courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in

light of the circumstances of the particular case at hand." *Collier v. Montgomery*, 569 F.3d 214, 217 (5th Cir. 2009) (citation omitted).

For purposes of qualified immunity's first prong, the court observes that, "[t]o state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Leffall v. Dallas Independent School District*, 28 F.3d 521, 525 (5th Cir. 1994). Moreover, in order to plead a § 1983 cause of action, a plaintiff "must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation." *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008). Thus, a successful § 1983 claim "must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged." *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

Having already addressed the substance of Plaintiffs' Fourteenth Amendment claim against Trooper Hanemann, the undersigned likewise concludes that the alleged facts, if proven, are inadequate to establish that Trooper Hanemann violated Mr. Moore's Constitutional rights, and certainly not deliberately so. Accordingly, the undersigned concludes, to the extent Plaintiffs assert claims against Trooper Hanemann in his individual capacity, he is entitled to qualified immunity on those claims.

III.  Timeliness

Plaintiffs' § 1983 claim against Trooper Hanemann is subject to Louisiana's one-year prescriptive period. *See Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989). As described above, Trooper Hanemann was added to the instant law suit more than one year after Plaintiffs' claims arose. Accordingly, unless the prescriptive period was interrupted, Plaintiffs' § 1983 claim

8

against Trooper Hanemann should be dismissed as time-barred.  Under the Louisiana Civil Code, interruption of the prescriptive period against one joint tortfeasor (e.g., filing suit against a joint tortfeasor), interrupts the prescriptive period for all joint tortfeasors. La. Civ. Code Ann. art. 2324(C); *Lawrence v. St. Bernard Police Dep't*, No. CIV.A.99-3494, 2002 WL 31496374, at *3 (E.D. La. Nov. 6, 2002).

Plaintiffs argue that the prescriptive period was interrupted by Plaintiffs' timely filing of the original complaint.  *See* Opposition Memorandum, doc. #87, p. 29.  Plaintiffs allege that Trooper Hanemann and the original defendants are joint tortfeasors.  *See* amended complaint, doc. #63, pp. 18-20, ¶¶ 33-38, p. 24, ¶ 46, p. 28, ¶ 2.  Trooper Hanemann argues that Plaintiffs failed to allege that he either engaged in similar conduct to or conspired with the original defendants.  *See* Memorandum in Support, doc. #84, pp. 9-10.  Further, Trooper Hanemann argues that the original complaint contained no mention of a failure to provide medical care.  *See* Reply, doc. #92, p. 5.

The gravamen of the original complaint is Plaintiffs' allegation that Defendants neglected and mistreated Mr. Moore while he was at RCC, and thereby caused his death.  *See generally* Complaint, doc. #1.  In the amended complaint, Plaintiffs expanded the time frame and cast of tortfeasors.  *See generally* amended complaint, doc. #63.  The question before the Court then is whether the allegations regarding Trooper Hanemann in the amended complaint are sufficiently connected with the allegations regarding the original defendants such that they are joint tortfeasors.  *See Vincent v. Tusch*, 618 So. 2d 385, 385 (La. 1993).

Defendants are joint-tortfeasors when "each of [them] had a substantial role in bringing about the results."  *Nesmith v. Alford*, 318 F.2d 110, 119 (5th Cir. 1963).  Here, the "results" alleged by Plaintiffs is Mr. Moore's mistreatment while in custody at RCC and his subsequent

9

death. The undersigned concludes that the causal link between Trooper Hanemann's alleged failure to provide medical care following a brief traffic stop the day before Mr. Moore was arrested by another officer, and the alleged mistreatment of Mr. Moore while he was in custody at RCC the next day, is too attenuated for Trooper Hanemann to be a joint tortfeasor with the original defendants. Accordingly, the undersigned recommends that the Court hold that Plaintiffs' § 1983 claims against Trooper Hanemann are time-barred.

IV.     Supplemental Jurisdiction.

When, as recommended here, all claims which conferred federal subject matter jurisdiction are dismissed for failure to state a claim, there is no federal claim on which to base supplemental jurisdiction. Therefore, it is recommended that any state law claim should be dismissed without prejudice for lack of subject-matter jurisdiction. It should be noted that this dismissal is, in effect, with prejudice, as any state law claim against Trooper Hanemann would be prescribed under Louisiana Civil Code Article 3492. In addition, because any state law claim would be prescribed, if supplemental jurisdiction did exist, dismissal of the state law claims with prejudice would be proper. Therefore, should this court find that it has supplemental jurisdiction over the state law claims due to their arising out of the same case or controversy as the anchor claim, then, in the alternative, the undersigned recommends dismissal of the state law claims against Trooper Hanemann with prejudice.

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that the Motions to Dismiss [doc. # 84] filed by defendant Trooper Jason Hanemann, be GRANTED, and that Plaintiffs' claims against Trooper Hanemann under 42 U.S.C. § 1983 be DISMISSED, with prejudice. Fed. R. Civ. P. 12(b)(6).

IT IS FURTHER RECOMMENDED that Plaintiffs' remaining state law claims against Trooper Hanemann be DISMISSED without prejudice for lack of subject matter jurisdiction. In the alternative, the undersigned recommends dismissal of the state law claims against Trooper Hanemann with prejudice

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 3rd day of May 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE