**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**ERIE MOORE, JR., ET AL.**             **CIVIL ACTION NO: 3:16-CV-01007**

**VERSUS**                              **JUDGE TERRY A. DOUGHTY**

**LaSALLE CORRECTIONS, INC.,**          **MAG. JUDGE KAREN L. HAYES**
**ET AL.**

**WRONGFUL DEATH AND SURVIVAL ACTION**
**THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**
**JURISDICTION**

1.      Plaintiffs, Erie Moore, Jr., Tamara Green, and Tiffany Robinson  bring this

cause of action for monetary damages individually and for survival

damages on behalf of their father and declaratory relief and costs of court

pursuant to 42 USC 1983, 1985 and 1988, to redress the deprivation by

defendants, their agents, and employees, and others acting in concert

with them,  under the color of state law, of the Plaintiffs' rights, privileges

and immunities secured by the Constitution of the United States, Eighth

Amendment and Fourteenth Amendment of the Constitution and

negligence under the laws of the State of Louisiana.

Jurisdiction is invoked pursuant to 28 USC Sections 1331, 1343(a)(1), (2),

(3) and (4).  Plaintiffs allege pendant jurisdiction and supplemental

jurisdiction over the state law claims.

-1-

**PARTIES**

2.   Plaintiffs, TAMARA GREEN, TIFFANY ROBINSON and ERIE MOORE,

JR. are citizens of the United States and the natural biological children of

the deceased ERIE MOORE, SR.  They are the only heirs of ERIE

MOORE, SR.  TIFFANY ROBINSON  is domiciled in the State of

Louisiana. TAMARA GREEN and ERIE MOORE, SR., are domiciled in

the State of Texas.

3.   Made defendant herein is LASALLE MANAGEMENT COMPANY, LLC

("LaSalle") d/b/a LaSalle Corrections a private, domestic corporation,  with

the registered agent listed with the Secretary of the State of Louisiana as

William K. McConnell, 192 Bastille Lane, Suite 200, Ruston, Louisiana

71270.  It is a named insured under the policy of insurance issued by THE

PRINCETON EXCESS and SURPLUS LINES INSURANCE COMPANY.

4.   Made defendants herein are(a) RICHWOOD CORRECTIONAL CENTER,

LLC , ("Richwood") a private, domestic corporation,  with the registered

agent listed with the Secretary of the State of Louisiana as William K.

McConnell, 192 Bastille Lane, Suite 200, Ruston, Louisiana 71270.

It is a named insured under the policy of insurance issued by THE

PRINCETON EXCESS and SURPLUS LINES INSURANCE COMPANY.

Made defendant herein is (b) WARDEN RAY HANSON, Warden of

Richwood Correctional Center and at all times herein serves as the chief policy maker for the Richwood Correctional Center and is responsible for the daily operations of the Richwood Correctional Center. He is sued in his individual and in his official capacities.  He acted at all times herein under the color of state law. He was at all relevant times employed by Richwood and LaSalle. (c) ASSISTANT WARDEN AULTMAN, Assistant Warden of Richwood Correctional Center and at all times herein serves as the chief policy maker for the Richwood Correctional Center and is responsible for the daily operations of the Richwood Correctional Center. He is sued in his individual and in his official capacities.  He acted at all times herein under the color of state law.  He was at all relevant times employed by Richwood and LaSalle.

5.    Made a Defendant herein are:

(a)    LT. GERALD HARDWELL was a correctional officer at Richwood Correctional Center for Richwood and LaSalle, and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law.  He was the shift officer in charge of the night shift.  He had the authority to classify prisoners and to refer them for medical assistance. He is sued in his individual and in his official capacities.

(b)     LT. CHRISTOPHER LORING was a correctional officer at Richwood

Correctional Center for Richwood and LaSalle and at all times herein

mentioned, was acting in such capacity as the agent, servant and

employee under the color of state law.   He was the shift officer in charge

of the day shift.  He had the authority to classify prisoners and to refer

them for medical assistance. He is sued in his individual and in his official

capacities.

(c)     C/O JEREMY RUNNER was a correctional officer at Richwood

Correctional Center for Richwood and LaSalle, and at all times herein

mentioned, was acting in such capacity as the agent, servant and

employee under the color of state law.  He is sued in his individual and in

his official capacities.

(d)     SGT. REGINALD WILLIAMS was a correctional officer at Richwood

Correctional Center for  Richwood and LaSalle, and at all times herein

mentioned, was acting in such capacity as the agent, servant and

employee under the color of state law.  He is sued in his individual and in

his official capacities.

(e)     C/O REGINALD CURLEY was a correctional officer at Richwood

Correctional Center for Richwood and LaSalle and at all times herein

mentioned, was acting in such capacity as the agent, servant and

-4-

employee under the color of state law.  He is sued in his individual and in his official capacities.

(f)     SGT. DUAN ROSENTHAL was a correctional officer at Richwood Correctional Center for Richwood and LaSalle, and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law.  He is sued in his individual and in his official capacities.

(g)     CAPT. RODERICK DOUGLAS was a correctional officer at Richwood Correctional Center for Richwood and LaSalle, and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law.  He is sued in his individual and in his official capacities.

(h)     SGT. KENNETH HART was a correctional officer at Richwood Correctional Center  for Richwood and LaSalle and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law.  He is sued in his individual and in his official capacities.

(I)     C/O DANIELLE WALKER was a correctional officer at Richwood Correctional Center  for Richwood and LaSalle and at all times herein mentioned, was acting in such capacity as the agent, servant and

employee under the color of state law.  She is sued in her individual and in his official capacities.

(j)    SGT. ROY BROWN was a correctional officer at Richwood Correctional Center for Richwood and LaSalle and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law.  He is sued in his individual and in his official capacities.

(k)    C/O ALTON HALE was a correctional officer at Richwood Correctional Center for Richwood and LaSalle and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law.  He is sued in his individual and in his official capacities.

(l)    JODY FOSTER was a correctional officer at Richwood Correctional Center for Richwood and LaSalle and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law.  He is sued in his individual and in his official capacities.

(m)    NURSE MITCHELL was a nurse at Richwood Correctional Facility for Richwood and LaSalle and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law.  He is sued in his individual and in his official capacities.

(n)    DEPUTY WELLS  was a deputy at Ouachita Correctional Center for the OUACHITA PARISH SHERIFF, and at all times herein mentioned, was

-6-

acting in such capacity as the agent, servant and employee under the color of state law.  He is sued in his individual and in his official capacities.

(o)  DEPUTY LAMBRIGHT  who was a patrol deputy for the OUACHITA PARISH SHERIFF, and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law. He is sued in his individual and in his official capacities.

(p)  DEPUTY MURPHY  who was a deputy at Ouachita Correctional Center for the OUACHITA PARISH SHERIFF, and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law.  He is sued in his individual and in his official capacities.

(q)  DEPUTY HOLYFIELD  who was an investigator of violent crimes for the OUACHITA PARISH SHERIFF, and at all times herein mentioned, was acting in such capacity as the agent, servant and employee under the color of state law.  He is sued in his individual and in his official capacities.

®)  OUACHITA PARISH SHERIFF    is a political subdivision of the State of Louisiana.  He is domiciled in Monroe, Louisiana.  He is sued in his official capacity and as the employer of deputies HOLYFIELD, WELLS and MURPHY and other like situated deputies.

(s)  Monroe Police Officer Crowson who was a police officer of the City of Monroe, and at all times herein mentioned, was acting in such capacity as

the agent, servant and employee under the color of state law.  He is sued in his individual and in his official capacities.

(t)      Made defendant herein is the **CITY OF MONROE**.  The City of Monroe is a political subdivision of the State of Louisiana.  It is sued in its official capacity.  **CITY OF MONROE** contracted with LASALLE and RICHWOOD to provide correctional services to the City.  The City of Monroe failed to adequately monitor the performance of LaSalle and Richwood under the contract and its non-delegable duties to inmates housed at RCC, including the duty to train correctional officers and adopt policies and procedures to prevent use of excessive force, to properly monitor inmates to train and supervise correctional officers, and to properly classify and house inmates.

(u)      Made Additional Defendant herein is THE PRINCETON EXCESS and SURPLUS LINES INSURANCE COMPANY (hereinafter "Princeton").  Princeton is a foreign excess line insurance corporation domiciled in Delaware and doing business in Louisiana and has contracted to insure Richwood, LaSalle and their employees named as Defendants herein by virtue of policy number N1-A3-RL-0000073-04 policy period 6/30/15- 6/30/16. Plaintiff shows that Princeton is liable *in solido,* or alternatively, jointly and severally, with Richwood, LaSalle and their employees who are

named defendants and provides a policy of insurance which will pay all or a part of a judgment rendered herein against Richwood, LaSalle and their employees as a named defendant.

## FACTS

6.  On or about November 14, 2015, Erie Moore, Sr. died from injuries suffered at Richwood Correctional Center as a result of the fault and deliberate indifference of Defendants.

7.  On or about October 11, 2012, Erie Moore, Sr., followed Louisiana State Trooper Hanemann.  Hanemann pulled over and stopped. Erie Moore Sr. stopped behind him.  Moore immediately began making threats against Hanemann.  Moore made suicidal ideations by making assertions Hanemann would shoot and kill him. Hanemann believed Mr. Moore was attempting to provoke a violent confrontation and commit suicide thereby. Trooper Hanemann held Moore for a mental health evaluation. Hanemann detained Moore and placed him under his custody. Hanemann telephoned the Monroe City police dispatcher to inquire of Moore's mental health history.  Hanemann told the Monroe city dispatcher that Moore was crazy and that Moore was the one who pulled Hanemann over.  The Trooper caused to be issued a notice to local law enforcement

including the City of Monroe about Moore's behavior for the purposes of officer safety. However, the City of Monroe did not provide this notice to Crowson.

8.    Erie Moore, Sr.,  was arrested by Monroe police officer Crowson on October 12, 2015 about 6:15a.m., for disturbing the peace by using foul language and acting erratically at a doughnut shop on Forsythe Ave, Monroe, LA.  This was an alleged violation of the Monroe city code. Moore told the officer that Crowson was going to shoot and kill Moore. Crowson took no action in response to Moore's suicidal behavior. Crowson should have known about the October 11, 2015 incident with the Trooper.  Crowson was also aware that Moore had acted erratically at the doughnut shop on October 11, 2015 as well.

9.    Crowson transported Moore to Richwood Correctional Center which was at all times operated by LASALLE and RICHWOOD.  The City contracted with LASALLE and RICHWOOD for housing their misdemeanor arrestees. RICHWOOD and LASALLE entered into a management agreement on October 31, 2005 for the operation of Richwood Correctional Center.

10.    LASALLE and RICHWOOD  correctional officers attempted to book Moore into the Richwood Correctional Center around 7:45 a.m. on October 12, 2015.  Booking and intake were not completed. Moore acted

erratically in the booking area.  Moore was placed in isolation lockdown cell #7, hereinafter referred to as "LD7".  LD7 is an isolation cell that is monitored with video cameras in the Central Control Room of Richwood Correctional Facility.  There were no other inmates in this cell with Erie Moore, Sr.  Moore was acting erratically inside the cell, at times being compliant and at others being non compliant, sometimes acting reasonable and others acting in a deranged manner.  There was a special management cell reserved for those having mental health conditions. Moore had exhibited obvious mental health conditions to the trooper, the Monroe Police officer and to Richwood staff.

11.     At or around 9:00 p.m., two inmates, namely Vernon White and Erin Daniels engaged in a fight in another area, RWHC, at the Richwood Correctional Facility.  Vernon White suffered injuries to his shoulder and neck.   After this fight, inmate Vernon White, was placed in isolation LD7 with Erie Moore, Sr.

12.     During the investigation, Vernon White was found to be the perpetrator of the fight in RWHC and was given a disciplinary sanction. At the time of placement of Vernon White, correctional officers knew or should have known that Vernon White was violent. White was placed in LD7 with Moore.  There was a single occupancy lockdown cell available but White

was not placed in it. Standard correctional practice dictates that a violent prisoner who recently had been fighting to not be placed in a cell with an apparent non-violent prisoner, if such a cell is available.

13. Around 10:30 p.m. on October 12, 2015, Lt. Gerald Hardwell heard Erie Moore, Sr. allegedly kicking on the cell door.  Lt. Hardwell commanded Moore to refrain from the kicking.  Moore did not comply.  After three warnings, Hardwell radioed for Jeremy Runner to come and assist him. The correctional officers breached the door and sprayed Moore with pepper spray.  After he became compliant, they took him to decontamination .  The correctional officers returned him to LD7.   During that night Moore acted erratically, sometimes making sense and other times not making sense.  Some officers characterized Moore as acting "crazy".

14. On October 13, 2015 at 7:00 A.M., Lt. Gerald Hardwell reported to Lt. Chris Loring that two inmates, Vernon White and Erie Moore, Sr.,  had been in a physical confrontation and needed medical attention.  Mace was sprayed into the face of Erie Moore, Sr. before he was restrained.  The correctional officers returned the inmates back to LD7.  The inmates were not separated, contrary to sound and reasonable correctional practices.

15. Defendants knew or should have known the potential for violence

-12-

between the two inmates and inmates should have been separated.

16.   Around 1722 hrs. another incident took place in LD7 between Moore and White.  No staff of Richwood Correctional Center intervened in this incident.

17.   Over the course of the next 45 minutes, inmate White is not seen on camera; however, Erie Moore, Sr. is seen sitting on the bed, apparently sleeping and walking back and forth to the window on the door.

18.   Later, C/O Alton Hale delivered  two food trays through the door to Moore in LD7.  Erie Moore began to eat his food.  HALE did not see the second inmate, VERNON WHITE, and did not report this observation to anyone.

19.   At approximately 1807 hrs. Corrections Officer Runner looked through the window and saw Inmate White lying in the corner, shaking.  Runner summoned assistance.   Moore was allegedly beating on the cell door and shouting.

20.   Runner   entered the cell to remove White from the cell.  Lt. Gerald Hardwell, Lt. Christopher Loring, Sgt. Reginald Williams,  Correctional Officer Reginald Curly and Correctional Officer Steadman Sirmons responded and entered the cell.  Loring  sprayed Moore with mace. Runner in the presence of Hardwell, Loring, Williams, Curly and Sirmons deliberately and viciously struck  Moore in the back of the head; these

-13-

officers encouraged or assisted Runner in striking Moore, the force of which threw Moore to the floor.   Moore was in good physical health before being struck.

21.   At about 7:00 pm, Hardwell, Williams, Runner and Curly again entered Moore's cell to extract him, allegedly for his transport to the Ouachita Parish Sheriff for investigative purposes.   White died from injuries suffered at Richwood Correctional Center.   Hardwell used mace on Moore.   Hardwell a few minutes later grabbed Moore from behind in a bear hug.  Hardwell carried Moore into the hallway and slammed him down to the hard tile floor, head first.  Runner, Williams and Curly made body punches to Moore.  Moore was not physically resisting any of the correctional officers.   Once the six officers completed the cell extraction, Mr. Moore had obviously suffered some severe injuries and was not moving.

22.   Moore was lifted by Runner, Curley and Williams and carried to the Four-Way or the innerlock area.  While carrying Moore, Runner carelessly tripped and dropped Moore on his head onto the hard tile floor.

23.   Mr. Moore remained in the innerlock or Four-Way area from about 7:10pm until around 8:50pm hours .  While in this area, Mr. Moore was unconscious.  Plaintiffs allege based on information and belief that Moore

-14-

was attacked by correctional officers in the four way.  Nurse Mitchell, Hardwell, Curley, Runner, Williams, Warden Aultman and Jody Foster observed Mr. Moore in a state of unconsciousness. All of these persons saw Moore in this state over the course of over an hour and a half but none suggested that he should be transported to a hospital. And none took his vital signs to determine the extent of his condition.

Mitchell observed a knot to Mr. Moore's head. Mitchell did not take any vital signs or conduct any other elementary medical examination.

24.     Ouachita Parish deputies including Holyfield and Lambright went to the four way to observe Moore and transport him.  The deputies  who saw Moore found him restrained, lying on his back on the ground and was making a loud snoring noise.  He was not responding to commands from the guards. He could not be awakened. It was clear that Mr. Moore had been knocked unconscious.  No Ouachita Parish Deputy or Richwood/LaSalle Officer requested further medical attention or transport to a hospital.   Deputy Murphy carried Moore out to the waiting unit being driven by Deputy Wells.  According to those in the four way/innerlock area, Mr. Moore was not bleeding from any head injury when he left that area.

25.     Deputy Wells and Murphy of Ouachita Parish Sheriff transported Moore to

Ouachita Parish Correctional Center.  Medical staff at OCC observed multiple bleeding wounds to Moore's head.  OPSO staff observed a possible head injury, refused to accept him as an inmate and immediately sent him to E.A. Conway Medical Center.  Emergency room physician, Dr. Nelson was unable to treat Moore. ER Staff at E.A. Conway indicated Mr. Moore had been unconscious for a while.   They sent Moore to University Health Center by Air Medics for further medical attention.  Moore was admitted for treatment at UHC.

26.   On November 14, 2015, Erie Moore, Sr. died at University Heath Center from excessive force sustained from correctional officers at Richwood Correctional Facility during a cell extraction or in the innerlock area or some other location.  The Ouachita Parish Coroner ruled Mr. Moore's death the result of a homicide. The OPSO investigated Mr. Moore's injuries.  However, no law enforcement officer with OPSO continued the investigation to determine who killed Mr. Moore.  Ouachita Parish Sheriff ceased its investigation due to contractual relations with McConnell, Richwood Correctional and/or LaSalle Management.

**FIRST CAUSE OF ACTION: USE OF EXCESSIVE FORCE**

27.   Plaintiffs reiterate and reallege paragraphs 1 - 26 as though fully set forth herein.  Plaintiffs bring this cause of action pursuant to 42 USC 1983 for

-16-

violation of Erie Moore, Sr.'s Eight and Fourth Amendments and Due Process rights to be free of use of excessive force. LaSalle, Richwood, Lt. Gerald Hardwell, Lt. Christopher Loring, Sgt. Reginald Williams, Correctional Officer Jeremy Runner, Correctional Officer Alton Hale, Correctional Officer Reginald Curley, Correctional Officer Jody Foster, Deputy Wells, Deputy Murphy, and Correctional Officer Steadman Sirmons are Defendants herein.

28.   During the 23 hours of incarceration, MOORE was maced three times which was excessive to the need.

29.   On October 13, 2015 on or around 6:04 p.m., officers entered the cell of MOORE, who was not aggressive at the time and ordered him to the floor. According to the Richwood Correctional Center Unusual Occurrence Report, Moore replied "when I get done".  Defendants did not wait, instead Moore was maced and beat in his head by Runner with the assistance of Hardwell, Loring, Williams and Curley until Moore fell to the floor.  He was later pulled from cell LD7 by Hardwell who slammed him to the floor head first.  Additionally, force was used on Moore in the Four-Way and during his transport to OCC.  Nurse Mitchell indicates he was kneeling when Moore was seen in the four way; however, he was physically carried into the four-way and out of the four-way.  There is a report by Deputy

-17-

Holyfield that Moore was dropped and/or his head was injured while be

carried out of the four way.  There was no reason to use force to the

head.


**SECOND CAUSE OF ACTION: FAILURE TO INTERVENE, 42 USC 1985
CONSPIRACY AND
FAILURE TO SUPERVISE**

30.   Plaintiffs reiterate and reallege paragraphs 1 - 29 as though fully set forth

herein.  Plaintiffs bring this cause of action pursuant to 42 USC 1983.

LaSalle, Richwood, RCC Sgt. Rosenthal, RCC Sgt. Hart, RCC c/o

Runner, RCC c/o Foster, RCC Assistant Warden Aultman,  RCC c/o

HALE, Deputy Holyfield, Deputy Murphy, Deputy Wells, Deputy

Lambright, RCC Rosenthal, RCC Sgt. Brown, RCC Lt. Loring, RCC Lt.

Hardwell and RCC Sgt. Williams are Defendants herein.

31.   Rosenthal, Runner, Loring, Curley, Hardwell and Williams were present at

or near the cell and hallway when Moore was beaten in the head, thrown

head first onto the hallway floor and then beaten with fists.

32.   Defendants Richwood, Aultman, Rosenthal, Runner, Loring, Curley,

Foster, Hardwell and Williams violated the rights of MOORE to be free of

excessive use of force when despite having the opportunity, failed to

instruct or order officers to stop, restrain correctional officers or intervene to stop the excessive force used that was clearly illegal.   Further, these defendants herein conspired to deprive Moore of his civil rights in violation of 42 USC 1985 by placing Moore in the four way where it was well known there were no cameras and is a place of choice to teach inmates a "lesson" and inflict additional punishment in the form of pain. The use of the four way in this manner was known to Hardwell and Loring and other defendants but no action was taken to prevent its use in this manner. A conspiracy to cover up the responsible parties for Moore's death occurred by not investigating the homicide of Moore when clear and plain evidence pointed to those responsible. The Ouachita Parish Coroner pronounced the mode of Moore's death as homicide but Holyfield and Lambright failed to investigate his injuries and stopped any inquiry once Moore was transported to a hospital.

33.   Defendants further failed to adequately supervise correctional officers involved in the case, thus ratified the use of force thereby. No officer was disciplined in any fashion as a result of the death of the inmates White and Moore.  No RCC officer has ever been disciplined in connection with the death of an inmate.  Neither RCC nor LaSalle investigated the cause of death of either inmate; no supervision or discipline was invoked to

discover whether action or inaction by Richwood or LaSalle employees

played a role in the cause of death of White and Moore.  Neither RCC nor

LaSalle monitor the instances of use of force by their correctional officers

creating an atmosphere or culture for the use of excessive force.

**THIRD CAUSE OF ACTION:**
**FAILURE TO MONITOR AND CLASSIFY, TRAIN, AND IMPLEMENT POLICIES**
**and PROVIDE ADEQUATE MEDICAL ATTENTION**

34.    Plaintiffs reiterate and reallege paragraphs 1 - 33 as though fully set forth

herein.  City of Monroe, LaSalle, Richwood, Hansen, Aultman, Officer

Danielle Walker and Correctional Officer Alton Hale, Officer Crowson,

Hardwell, Runner, Curley, Williams, Foster, Nurse Mitchell, Loring,

Rosenthal, and Monroe Police Officer Crowson, are made defendants

herein.

35.    Crowson displayed deliberate indifference to Moore's mental health

issues.  Crowson failed to provide medical care to Moore who was in his

custody.  Moore displayed obvious and serious medical health conditions,

including suicidal ideations. When Crowson took Mr. Moore into custody

and transported him to Richwood, he failed to inform Richwood booking

officers of the information he learned on the scene or from the Trooper.

The Monroe dispatcher failed to inform Crowson of Trooper Hanemann's

observations. Moore was housed in cell LD7, an isolation cell, with

-20-

camera monitoring; he was not placed in a special management cell nor taken to the mental health facility.  Moore was acting erratically.  Booking officers had enough information to place Moore in a special management cell.  Moore should have been placed in a special management cell. Moore displayed obvious and serious medical health conditions, including suicidal ideations.

36.  The failure to implement adequate policy and training resulted in Defendant Danielle Walker, RCC booking officers and Officer Crowson and the Monroe city dispatcher failing to follow protocol, failing to send Moore to a mental health specialist, to properly monitor the cell, and training regarding the civil rights of prisoners  including MOORE and was a cause of the violation of MOORE'S rights as described hereinabove.

37.  Officer Danielle Walker was in the control room and fully responsible for the monitoring of the cameras in the cells.  Walker failed to report altercations between Moore and White.  The officers, including Hardwell and Loring,  failed to separate Moore and White.  Hartdwell  and Loring failed to classify Mr. Moore as having mental health problems, possible suicidal ideations and place him in a suicide resistant cell like special management cell number one or two.  Further neither shift supervisor referred Mr. Moore to a mental health specialist or to be examined by the

jail nurse.

38.    Holyfield, Hardwell, Runner, Loring, Mitchell, Foster, Lambright, Wells,

Murphy were aware that Mr. Moore suffered from an obvious and serious

medical condition while in the fourway.  Moore was unconscious and

unresponsive.  He should have been taken immediately to a hospital for

examination and treatment but was instead allowed to lay unattended in

the four way for nearly two hours.  Richwood and LaSalle failed to train its

officers concerning when to seek medical assistance.

## FOURTH CAUSE OF ACTION: FAILURE TO
## TRAIN AND FAILURE TO IMPLEMENT ADEQUATE POLICIES

39.    Plaintiffs reiterate and reallege paragraphs 1 - 38 as though fully set forth

herein.  Plaintiffs bring this cause of action pursuant to 42 USC 1983, et

seq. LASALLE MANAGEMENT, LLC, RICHWOOD CORRECTIONAL

CENTER, LLC, CITY OF MONROE, and HANSEN and AULTMAN are

Defendants herein.

40.    The failure to implement adequate policy and training of the proper

extraction of an inmate from a cell Moore resulted in Defendants Lt.

Gerald Hardwell, Lt. Christopher Loring, Sgt. Reginald Williams,

Correctional Officer Jeremy Runner, Correctional Officer Reginald Curley

and Correctional Officer Steadman Sirmons using excessive force and

-22-

housing White in the cell with Moore and failing to follow protocol and training regarding the civil rights of prisoners  including MOORE and was a cause of the violation of MOORE'S rights as described hereinabove.

41.    LASALLE, RICHWOOD, AULTMAN, and HANSEN are liable herein for failing to train correctional officers in defensive tactics, to provide adequate training, proper classification procedures,  the proper monitoring procedures and to establish adequate policies. LASALLE MANAGEMENT, LLC, RICHWOOD CORRECTIONAL CENTER, LLC, AULTMAN and HANSEN failed to set forth an adequate policy regarding classifying and monitoring for  prisoners and classifying at the Richwood Correctional Center in isolation cells. The policy and training were inadequate since they did not provide for constant observation or other methods of adequate observation, and only provided sporadic observation of inmates who displayed suicidal ideations.  The City of Monroe had a non-delegable duty to supervise, train, have adequate policies, classify and monitor the individual defendants so that inmates are provided a safe environment and are not subjected to use of excessive force.

42.    RCC and LaSalle failed to train their correctional officers in defensive tactics which caused Hardwell, Runner and others to resort to street fighting.  This lack of training was a cause of Runner striking Moore in the

back of the head and Hardwell slamming Moore head first onto the

hallway floor and the likely use of force in the fourway.  Correctional

officers were not provided adequate training prior to their assuming duties.

### FIFTH  CAUSE OF ACTION: FAILURE TO PROTECT AND CLASSIFY INMATES

43.    Plaintiffs reiterate and reallege paragraphs 1 - 42 as though fully set forth

herein.  Plaintiffs bring this cause of action pursuant to 42 USC 1983, et

seq. LASALLE MANAGEMENT, LLC, RICHWOOD CORRECTIONAL

CENTER, LLC, CITY OF MONROE, WARDEN HANSEN, Lt. Hardwell, Lt.

Loring, Aultman and Capt. Douglas  are Defendants herein.

Defendants violated MOORE's  right to be free of excessive force in

violation of the Fourth and Eighth Amendments when it learned White was

a known violent offender and the defendants placed White in a lockdown

cell with Moore.

44.    On the morning of October 13, 2015, Loring, Hardwell and Douglas

learned of an  altercation between White and Moore in lockdown cell #7.

Defendants should have separated White and Moore to prevent further

physical conflict between them. These defendants had the authority to

separate White and Moore.

**SIXTH CAUSE OF ACTION:**
**STATE LAW CLAIMS**

45.    Plaintiffs reiterate and reallege all of the foregoing paragraphs as though

fully set forth herein.  CITY OF MONROE, LASALLE MANAGEMENT

COMPANY, INC. and RICHWOOD CORRECTIONAL CENTER, LLC , its

employees, agents and servants are made Defendants hereunder.

46.    Plaintiffs allege violations of Louisiana Civil Code Article 2315.  Officers

and Defendants named hereinabove and other officers in the course and

scope of their employment with CITY OF MONROE, OUACHITA PARISH

SHERIFF, LASALLE and RICHWOOD, violated Erie Moore, Sr's rights

under Article One Section 5 of the 1974 Louisiana Constitution. LASALLE

MANAGEMENT COMPANY, LLC and RICHWOOD CORRECTIONAL

CENTER, LLC, OUACHITA PARISH SHERIFF are liable for the fault of its

officers in using force against the deceased who was not presenting a

threat.  No force or battery was necessary at the time it was used.  Also,

the defendants are liable under LSA-C.C. art. 2315 for excessive use of

force.  The defendants and other employees are liable in solido unto

plaintiffs.

47.    Plaintiffs also allege that LASALLE and RICHWOOD  failed to properly

train its officers and others in classification,  use of force, and proper

monitoring of known violent offenders.  The Officers' use of force constituted fault because there was

 little or no chance of the deceased's escape, the officer had overwhelming force and power to subdue him, petitioner was not resisting, the risks and dangers perceived by the officers were minimal at best,  the alleged acts of petitioner was minor, striking petitioner was unnecessary and unwarranted, and there was no emergency. Officers acted in retaliation to Moore's alleged behavior of making suicidal gestures or exhibiting other mental health problems.

48.  City of Monroe failed to implement procedures to require notices concerning threats to officers or citizens made by law enforcement to be broadcast to all of its patrol officers. Crowson was unaware of the Louisiana State Trooper notice concerning Moore.

49.  Defendants Ouachtia Parish Sheriff, Lambright, Holyfield, Wells, Murphy, LaSalle, Richwood, Hardwell, Mitchell, Runner, Foster, Curley, Douglas, Loring, Aultman, and other correctional officers, and deputies and employees observed Moore in the four way when he was unresponsive and obviously suffering from a serious medical condition but failed to provide transport to a hospital. Plaintiffs allege violations of Louisiana Civil Code Article 2315 for negligence and intentional acts. Officers named

hereinabove and others in the course and scope of their employment with the LASALLE CORRECTIONS, INC. and RICHWOOD CORRECTIONAL CENTER, LLC committed fault and that fault should be evaluated under La. C.C. art. 2323 and 2324.  Officers failed to provide adequate medical care, monitoring and failed to adequately inform superiors and Richwood of Mr. Moore's mental health condition.

50.     At the time of the use of force and batteries, Erie Moore, Sr. should have been on suicide watch and should have been under constant supervision.

51.     Plaintiffs allege violations of Louisiana Civil Code Article 2315 for negligence. Corrections officers and other employees in the course and scope of their employment with the LASALLE MANAGEMENT COMPANY, LLC, CORRECTIONS, INC. and RICHWOOD CORRECTIONAL CENTER, LLC, OUACHITA PARISH SHERIFF and CITY OF MONROE committed fault and that fault should be evaluated under La. C.C. art. 2323 and 2324.  Said identified employees failed to adequately observe and failed to properly house and classify Erie Moore, Sr.,  permitting him to sustain violent injuries or permitted him to be injured in his cell causing serious and severe injuries on or about October 12-13, 2015.  At the time of the injuries, deceased should have been on suicide

watch and should have been under constant supervision. Plaintiffs bring

suit for excessive use of force under Louisiana state law.

52. Defendants named hereinabove conspired and acted in unison to

strike and injure MOORE under circumstances when such use of force is

a clear violation of MOORE's civil rights.

53. The CITY OF MONROE failed to properly supervise the performance of

the contract with LASALLE and RICHWOOD.  CITY OF MONROE has a

duty to review and supervise the performance and to review training of

LASALLE.  CITY OF MONROE has non-delegable duties to not use

excessive force, protect inmates, to provide adequate medical care and to

provide a safe custodial environment of inmates.


**MISCELLANEOUS PROVISIONS**

54. Individual Defendants who are employed by LaSalle or Richwood are not

entitled to qualified immunity under federal law because they are private

individuals.  Neither LASALLE nor RICHWOOD CORRECTIONAL

CENTER, LLC, OUACHITA PARISH SHERIFF nor CITY OF MONROE

are entitled to qualified immunity for official capacity claims.

55. Due to the malicious and deliberately indifferent actions of Defendants

LASALLE, RICHWOOD, and all individual defendants toward Erie Moore Sr's federally protected rights, plaintiffs are entitled to an award of punitive damages against each of these defendants.

56.     Plaintiffs demand a trial by jury.

57.     Plaintiffs bring action on behalf of their father Erie Moore, Sr. who suffered mental distress,  loss of liberty, invasion of privacy, pain and suffering, loss of earning capacity, loss of enjoyment of life, embarrassment and humiliation as a result of the actions of the defendants in terms of survival damages.  Individually each Plaintiff suffered loss of love, affection and society due to their father's death.

58.     Plaintiffs are entitled to an award of attorney fees and costs under 42 USC 1983 and 1988.

WHEREFORE, PLAINTIFFS pray that:

1.     They be granted a trial by jury.

2.     There be judgment herein and against all  Defendants named hereinabove, LASALLE MANAGEMENT COMPANY, LLC, RICHWOOD CORRECTIONAL CENTER, LLC, WARDEN RAY HANSEN,  LT. CHRISTOPHER LORING, LT. GERALD HARDWELL, SGT. ROY BROWN, SGT. REGINALD WILLIAMS, SGT. KENNETH HART, C/O

DANIELLE WALKER, SGT. DUAN ROSENTHAL, CAPT. RODERICK DOUGLAS, C.O. JEREMY RUNNER, C.O. REGINALD CURLY, C/O ALTON HALE, NURSE MITCHELL, DEPUTY WELLS, DEPUTY MURPHY, DEPUTY HOLYFIELD, DEPUTY LAMBRIGHT, OUACHITA PARISH SHERIFF, and CITY OF MONROE in solido in a reasonable amount to be set by the Court, plus judicial interest, compensatory damages, consequential damages, and all costs of court, including attorney fees and for punitive damages against individual defendants.

3.      LASALLE CORRECTIONS, LLC be dismissed without prejudice.

4.      Such other and further relief as may be just.

Respectfully Submitted,

    _/s/ Nelson Cameron_____
NELSON W. CAMERON

Attorney at Law
675 Jordan Street
Shreveport, Louisiana 71101
(318) 226-0111
Bar No. 01283
**Attorney for Plaintiffs**