# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **ERIE MOORE, JR., ET AL.** | * | **CIVIL ACTION NO. 16-1007** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **LaSALLE CORRECTIONS, INC., ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending before the Court is Defendant LaSalle Corrections, Inc.'s ("LaSalle") Objection to and Appeal of the Magistrate Judge's October 31, 2019 Memorandum Order [Doc. No. 179] insofar as it denied LaSalle's motion for a protective order to prevent discovery as to LaSalle's financial information. [Doc. No. 181]. Plaintiffs have filed an opposition [Doc. No. 183]. LaSalle has filed a reply to the opposition [Doc. No. 185]. For the following reasons, the Court GRANTS the appeal, and GRANTS LaSalle's motion for a protective order [Doc. No. 174].

## I. FACTS AND PROCEDURAL HISTORY

This action was filed pursuant to 42 U.S.C. § 1981, *et seq.*, by the children of Eric Moore, Sr., (hereinafter "Plaintiffs"), and alleges that his death was caused by the actions of multiple defendants employed by LaSalle, a private company that works under contract with local political subdivisions to provide correction services. On October 12, 2015, Moore was arrested and taken to Richwood Correctional Center ("RCC"), which is operated by LaSalle. Plaintiffs allege that one or more RCC guards beat Moore in the head, leading to his death. Plaintiffs allege RCC and LaSalle failed to adequately supervise the correctional officers, failed to investigate the cause of death, failed to take remedial actions, failed to train in defensive tactics, and failed to

implement policies to require adequate monitoring of cells and provide required screening of newly arrested inmates.

Plaintiffs filed a notice of FED. R. CIV. P. Rule 30(b)(6) deposition of LaSalle seeking, in part, information as to the "[c]urrent financial net worth of LaSalle Management, to include the net value and profit and balance sheets of LaSalle." [Doc. No. 174, p.3]. On October 24, 2019, LaSalle responded with a Motion for Protective Order in which it argued, with regard to the request for financial information, that it cannot be cast for punitive damages and therefore the financial information sought by Plaintiffs was irrelevant and disproportionate to the needs of this case [Id., p. 6-7].

On October 31, 2019, the Magistrate Judge issued a Memorandum Order denying LaSalle's Motion for Protective Order with regard to its financial records, on the basis that:

> Though LaSalle argues that the Fifth Circuit would hold that punitive damages are not available against a prison, it does not cite to, and the undersigned is unaware of, any controlling case law holding that private corporations are not liable for punitive damages. Thus, in the absence of a ruling on this underlying legal issue, it is relevant to know about LaSalle's financials for purposes of pursuing a possible award of punitive damages.

[Doc. No. 179, pp. 4-5]

On November 14, 2019, LaSalle filed the pending Objection and Appeal [Doc. No. 181]. It has been fully briefed and the Court is prepared to rule.

## II. LAW AND ANALYSIS

### A. Standard of Review

Pursuant to FED. R. CIV. P. 72(a), this Court's review of the Magistrate Judge's order denying LaSalle's motion for a protective order is subject to the clearly erroneous or

contrary to law standard:

> (a) Non-dispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings, and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Further, pursuant to 28 U.S.C. § 636(b)(1), "[a] judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."

### B.  Analysis

#### 1.  Right to Punitive Damages

The parties agree that the Fifth Circuit has not directly addressed whether punitive damages can be awarded against a private company working under contract with a local political subdivision to provide correction services. The Magistrate Judge based her decision denying the protective order on the absence of case-law on the underlying legal issue of whether private prison management companies are (or are not) immune from punitive damages. [Doc. No. 179, p. 4]. LaSalle, however, argues that the existence or non-existence of a case on point cannot be the dispositive standard here, as such would present an unsolvable dilemma to parties and courts seeking to address *res nova* issues. LaSalle contends that courts must be able to rule on new issues without prior case law or else jurisprudence will stagnate. The Court finds that LaSalle's argument has merit and will, therefore, address this *res nova* issue.

To support its contention that it is entitled to a protective order barring discovery of information relative to its financial circumstances, LaSalle asserts that the totality of Fifth Circuit

3

jurisprudence concerning §1983 actions against private entities shows the likelihood of allowing punitive damages against LaSalle is so low as to be non-existent. LaSalle further asserts that, where punitive damages are not available, the net worth of a party is irrelevant. Therefore, according to LaSalle, the Magistrate Judge's decision failing to grant the requested protective order is clear error and should be reversed.

Plaintiffs respond that the only established limitation upon Section 1983 punitive damages is that they may not be sought against a *public body*. *City of Newport v. Fact Concerts, Inc.*, 453 U.S.247, 271, (1981). Since LaSalle is a *private corporation*, Plaintiffs argue that this limitation does not apply, and, therefore, LaSalle can be liable for Section 1983 punitive damages. Thus, LaSalle is not entitled to a protective order, according to Plaintiffs.

LaSalle replies that it is likely that, when presented with the issue, the Fifth Circuit would rule that private prison management companies are immune from punitive damages, based on the Fifth Circuit's consistent application of other, similar §1983 rulings to private prison management companies.

The Court agrees with LaSalle. A review of 42 U.S.C. §1981, *et seq.*, shows that the punitive damages at issue are not statutory. The governing civil rights statutes do not detail the circumstances under which punitive damages may be awarded. Instead, punitive damages in civil rights cases are a product of a jurisprudential gloss on the common law. See *Smith v. Wade*, 461 U.S. 30 (1983); *Carey v. Piphus*, 435 U.S. 247 (1978). A part of that gloss is that punitive damages may not be awarded against a municipality. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

In *City of Newport*, the Supreme Court discussed several reasons why punitive damages should not be awarded against a municipality. First, punitive damages allowed against a municipality would serve to harm innocent taxpayers who would likely bear the brunt of any damages which would be paid out of the public *fisc*. On that matter, the Supreme Court found, "in general, courts viewed punitive damages as contrary to sound public policy, because such awards would burden the very taxpayers and citizens for whose benefit the wrongdoer was being chastised." *Id*. at 263. Second, punitive damages typically seek, "to punish the tortfeasor whose wrongful action was intentional or malicious, and to deter him and others from similar extreme conduct." *Id*. at 266-267. However, this purpose breaks down when punitive damages are sought against an entity rather than an individual. "If a government official acts knowingly and maliciously to deprive others of their civil rights, he may become the appropriate object of the community's vindictive sentiments . . . A municipality, however, can have no malice independent of the malice of its officials. Damages awarded for punitive purposes, therefore, are not sensibly assessed against the governmental entity itself." *Id*. at 267. Finally, the deterrent purpose of §1983 would not be advanced by assessing punitive damages against a municipality, where that purpose could be satisfied fully by assessing those damages against the individuals who may have committed the constitutional violations at issue.

The Court's reasoning in *City of Newport* easily extends to a private entity which has assumed a traditionally governmental role or function via contract with a governmental entity. Considering the reality of the private prison industry, LaSalle's contractual relationship with the Town of Richwood ensures that a punitive damage award against LaSalle would harm the public *fisc* and citizens of the Town. The Town entered into an agreement with LaSalle to provide a

governmental function that the Town, or another governmental entity, would have provided otherwise. If a punitive damage award is granted against LaSalle, that award, and the threat of future punitive damage awards, necessarily increases the costs of maintaining that agreement. If LaSalle continues the agreement, economic pressure will compel it to seek more favorable contractual terms. Put another way: the risk of punitive damages will necessarily be considered in the contract terms of any future agreement to provide governmental services. No matter who operates RCC after a punitive damage award, it will certainly cost more to do so. If the Town itself operates the facility, the public will be harmed economically in the same fashion that the City of Newport would have been in the *City of Newport* case. If LaSalle or another similar company operates the facility, its price to do so will have increased because of the added risk of exposure to punitive damage awards, and where the price to the Town increases, the policy issues in City of Newport are also present. A punitive damage award in this matter will directly affect the, "local treasuries and therefore. . . services available to the public at large," in the area surrounding RCC, as well as all other LaSalle locations. *Id*. at 270-271.

Further, just like a municipality, a private entity like LaSalle is incapable of malicious action outside of its employees. Like a municipality, a limited liability company such as LaSalle is a juridical entity that participates in the legal process by virtue of legal fiction. Unlike an individual, a city or a company lacks the mind to form a *scienter* requirement such as malice. As the Supreme Court detailed in *City of Newport*, a juridical entity, lacking a mind, is not capable of having a state of mind.

Both a city and a company only operate through their employees and/or officials, and §1983 already allows punitive damages against those individuals. Allowing punitive damages

6

against LaSalle would be to hold it liable for the actions of its employees (i.e. under a vicarious liability theory), despite the clear jurisprudence against the application of vicarious liability against a private prison management company. See *Porter v. Williams*, 2010 WL3325709, at *3 (W.D. La.8/3/10), *report and recommendation adopted*, 2010 WL 3327934 (W.D. La. 8/23/10) ("Plaintiff seeks to hold CCA liable under 42 U.S.C. §1983 for the acts of its employees. However, just as a municipal corporation is not vicariously liable for the constitutional torts of its employees, a private corporation is not vicariously liable under §1983 for its employees' deprivations of others' civil rights.").

Such a backdoor to vicarious liability is not allowed in §1983 litigation. Just like a municipality, a company has employees against whom the deterrent purpose of §1983 may be actually effective. In this instance, the Plaintiffs have already brought suit against numerous LaSalle employees against whom punitive damages are already sought.

When the policy issues surrounding the application of punitive damages to a municipality are applied to a company which has contractually taken over a governmental role or function, it is clear that those issues are not mitigated by the company's private status. Here, the public *fisc* will be affected by punitive damages against LaSalle in much the same way they would be if they were sought against the Town of Richwood. In fact, such damages would likely have a ripple effect placing the potential economic burden of those damages on municipalities beyond the factual scope of this matter. Nor would punitive damages awarded against LaSalle serve as punishment for malice which cannot exist in a company outside of its employees who have already been made parties to this matter individually.

The Fifth Circuit's, as well as its district court's, application of §1983 jurisprudence to private prison management companies has been consistent. Generally, the courts of this circuit have found that §1983 is applicable to private prison management companies as they operate under the color of state law. *Rosborough v. Management &Training Corporation*, 350 F.3d 459 (5th Cir.2003); *Flores v. GEO Group, Inc*., 2011 WL1100491, at *1 (W.D. La. 3/3/11), *report and recommendation adopted*, 2011 WL1078493 (W.D. La. 3/23/11) ("[T]he test to determine liability for a private prison-management corporation under §1983 is more or less identical to the test employed to determine municipal or local government liability.").

The precepts of §1983 litigation against a municipality has been applied in cases involving private prison management companies in a variety of contexts such as:

> (1) supervisory liability claims as in *Phillips v. Corrections Corp. of America*, 2006 WL1308142 (W.D. La. 5/10/06) (applying supervisory liability under §1983 to private prison management-company);
>
> (2) applying the prohibition against vicarious liability as in *Porter v. Williams*, 2010 WL3325709, at *3 (W.D. La. 8/3/10), *report and recommendation adopted*, 2010 WL3327934 (W.D. La. 8/23/10) ("Plaintiff seeks to hold CCA liable under 42 U.S.C. §1983 for the acts of its employees. However, just as a municipal corporation is not vicariously liable for the constitutional torts of its employees, a private corporation is not vicariously liable under §1983 for its employees' deprivations of others' civil rights."), *Alfred v. Winn Correctional Center*, 2009 WL2307486 (W.D. La. 7/28/09) (applying vicarious liability prohibition in case concerning allegations of inadequate medical treatment), and *Rodgers on Behalf of CJTJ v. Gusman*, 2019 WL1903550 (E.D. La. 4/29/19) (reiterating that corporations, like municipalities, cannot be held liable under a *respondeat superior* theory);
>
> (3) where general condition of confinement claims have been brought, such as in *Coleman v. LaSalle Correctional Center*, 2008 WL2465989 (W.D. La.5/29/08) (general conditions of confinement case detailing that the same standard for liability of a municipality

under §1983 is applied to a corporation performing a governmental function);

(4) in the context of claims for inadequate medical treatment as in *Robichaux v. Lafourche Par. Det. Ctr.*, 2017 WL5495791, (E.D. La. 10/10/17), report and recommendation adopted, 2017 WL 5483780 (E.D.La.11/15/17) (applying §1983 law on alleged inadequate medical treatment to private prison management-company);

(5) in cases claiming failure to protect against another inmate as in *Jones v. Emerald Corr. Mgmt.*, 2014 WL1682022, (W.D. La. 4/28/14) (involving a claim of failure to protect against a third-party inmate); and

(6) where the plaintiff alleges violation of his right of access to the courts as in *Hill v. Walker*, 718 F. App'x243, 245 (5th Cir. 2018).

In each of these contexts, a private prison management company was treated exactly as a municipality. Each of those courts took §1983 law as applied to municipalities and applied it to private prison management companies like LaSalle. Where, as here, the courts of a circuit have applied every other aspect of §1983 law regarding municipalities to entities like LaSalle, it follows that the law on a *res nova* issue, such as punitive damages here, will be applied in the same way.

Plaintiffs argue that the considerations for granting immunity to municipalities for punitive damages do not apply to a private company where the owners or operators receive profit from the corrections business; therefore, it is justified that they bear the burden of punitive damages. Plaintiffs do not appear to disagree with the *City of Newport* Court but assert that here, because LaSalle is a private, family owned company, "[p]unishing this corporation will punish those responsible for the *laissez faire*, deliberately indifferent policies and practices of LaSalle Management Company, LLC, which condoned conditions causing the beating death of Mr. Moore."[Doc. No. 183, p. 15].

The primary difficulty with this argument is that none of these family members or owners are parties to this suit nor have the Plaintiffs alleged any individual action on their part which might be deliberately indifferent. If the Plaintiffs wish to show a fact about an individual's potential liability, or any liability that might arise from that person's actions, at trial, they must first allege it in their pleadings. They have not done so here.

Just like a municipality, a private entity which fulfills a traditionally governmental role cannot independently form the malicious state of mind necessary for an award of punitive damages. It may only do so through its employees, and in this circuit, it cannot be held responsible for the acts of those employees in §1983 actions. Just as with a municipality, the Plaintiffs must show that individual LaSalle employees committed individually tortious acts, and, in fact, Plaintiffs have named individual LaSalle employees as Defendants here. If they have any facts or evidence that anyone else allegedly responsible for LaSalle's decision making acted maliciously, they always had the ability to allege those facts against that individual as a named party.

As the deterrent purpose of punitive damages would not be fulfilled if allowed against LaSalle, just as it would not be fulfilled if awarded against a municipality, policy weighs in favor of continuing to treat LaSalle and other entities like it, just as the Court would a municipality, as courts of this Circuit have done repeatedly in every other instance.

Plaintiffs further argue that a private, closely-held corporation, like LaSalle, is much different than a municipality in that a municipality has many jobs to do other than operate a correctional facility; it will typically build and maintain roads, provide police and fire protection, collect taxes, provide for clean water and collect sewage, collect trash, provides parks and so on;

and a municipal employee, even supervisory ones, would not "feel" the bite of punitive damages. On the other hand, accordingly to Plaintiffs, the only function of LaSalle is to operate the correctional facility. Thus, those who are at the reins of LaSalle Management, its owners and operators, will feel the pinch of punitive damages, and, since profits are income to the owners and operators, they are directly affected and punished accordingly.

Plaintiffs' arguments disregard the fact that the operations of an entity may have fiscal impact on a municipality. LaSalle operates a prison in Richwood. If LaSalle did not fulfill this governmental role, the government would. If LaSalle is cast with punitive damages, any increased costs will be passed along to its consumers: the governmental entities in whose stead it operates prisons. Those increased costs to governmental entities have the same economic impact which the *City of Newport* Court feared punitive damages awarded against the governmental entity itself would have.

Plaintiffs do not suggest that punitive damages will not make the cost of doing business with LaSalle rise. Nor do they address the market implications of imposing the punitive damages they seek. While a punitive damage award will harm LaSalle, it will certainly be factored into the cost of any future prison management contract between LaSalle and any municipality as well as other prison management firms and other municipalities in the Fifth Circuit.

For these reasons, the Court agrees with LaSalle that it cannot be cast for punitive damages.

### 2. Right to Protective Order

Federal Rule of Civil Procedure 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged

11

> matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its benefit. Information within this scope of discovery need not be admissible to be discoverable.

Rule 26(c) of the Federal Rules of Civil Procedure governs protective orders. It provides that a court may issue a protective order when, for good cause shown, the order is required to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. FED. R. CIV. P. 26(c). Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra International*, 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted).

Under federal law, evidence of a defendant's financial worth and ability to pay may be admissible for the purpose of evaluating the amount of punitive damages that should be awarded. *United States v. Big D Enters.,* 184 F.3d 924, 932 (8th Cir.1999) (citing *City of Newport,* 453 U.S. at 270; *Mathie v. Fries,* 121 F.3d 808, 816 (2d Cir.1997); *Hutchinson v. Stuckey,* 952 F.2d 1418, 1422 n. 4 (D .C.Cir.1992).

Here, having found that LaSalle cannot be cast for punitive damages, the Court finds that the financial information sought by Plaintiffs is irrelevant and disproportionate to the needs of this case [Id., p. 6-7].

As a last consideration, Plaintiffs offer an alternative reason that the financial information should be disclosed: the suggestion that it provides evidence of the control and decision making of LaSalle. LaSalle responds that evidence of the impact of finances on decision-making does not require detailed financial records, and that if Plaintiffs believe that money factored into decision-making, that was an area that could have been explored in a deposition of the owners and officers. The Court agrees with LaSalle that Plaintiffs could have obtained that information, without the gross breach of LaSalle's privacy interest in its financial information which the disclosure Plaintiffs seek would require.

The Court finds that LaSalle has carried its burden of showing good cause for the issuance of the order to protect itself from annoyance, embarrassment, oppression, or undue burden or expense

Accordingly, the Court finds that LaSalle's request for a protective order should be GRANTED.

## III. CONCLUSION

The Magistrate Judge's ruling was clear error. The Memorandum Order is overruled to the extent that it found that punitive damages are available against LaSalle and/or based its denial of the requested protective order on the relevance of said financial information. Accordingly,

**IT IS ORDERED** that LaSalle's Objection to and Appeal [Doc. No. 181] of the Magistrate Judge's October 31, 2019 Memorandum Order [Doc. No. 179] insofar as it denied LaSalle's motion for a protective order to prevent discovery as to LaSalle's financial information is GRANTED.

**IT IS FURTHER ORDERED** that LaSalle's Motion for Protective Order [Doc. No. 174] is hereby **GRANTED.** The deposition of LaSalle pursuant to Rule 30(b)(6), is limited to the extent that no information, facts, or evidence concerning LaSalle's net worth or other financial matters may be discovered.

MONROE, LOUISIANA, this 19th day of December, 2019.

Terry A. Doughty
United States District Judge