# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

**ERIE MOORE, JR., ET AL.**                    **CIVIL ACTION NO. 3:16-01007**

**VERSUS**                                     **JUDGE TERRY A. DOUGHTY**

**LaSALLE CORRECTIONS, INC.,**                 **MAG. JUDGE KAREN L. HAYES**
**ET AL.**

## RULING

Pending before the Court is a Motion for Summary Judgment on Insurance Policy Exhaustion filed by Defendant the Princeton Excess and Surplus Lines Insurance Company ("PESLIC") [Doc. No. 194]. PESLIC contends that Plaintiffs are not entitled to maintain any direct action claims against PESLIC on the grounds that the policy limits of the Retained Limit Policy issued to Defendant LaSalle Management Company ("LaSalle") have been exhausted, and, as such, there is no coverage available for the claims of Plaintiffs in this lawsuit. Therefore, PESLIC seeks judgment as a matter of law dismissing Plaintiffs' direct action claims against it, with prejudice.

Plaintiffs have filed a Response to Motion for Summary Judgment [Doc. No. 205] stating that they are unable to deny or admit any Uncontested Statement of Material Fact set forth by PESLIC, that they cannot contest any issue of law presented by the Motion for Summary Judgment, and that they are unable to oppose the Motion for Summary Judgment on the merits based upon the contentions and proof presented by PESLIC.

## I.     PROCEDURAL AND FACTUAL BACKGROUND

This is a wrongful death and survival action arising out of the death of a prisoner while in detention at Richwood Correctional Center ("Richwood"), a prison located in Monroe Louisiana.

According to the Third Amended Complaint of Plaintiffs [Doc. No. 140], Erie Moore, Sr., was detained at Richwood Correctional Center and being held in a cell with another inmate, Vernon White, on October 13, 2015. While in the cell, White and Moore were apparently involved in an altercation in which Moore seriously injured White. It is alleged that Moore was beaten by guards as they attempted to extract him from the cell after the altercation. White died later that evening.

Moore was taken to the hospital after the beating and died on November 14, 2015, while in the hospital. Plaintiffs, the children and heirs of Mr. Moore, have filed suit against numerous individuals and entities, including LaSalle; Richwood; Richwood's Warden Ray Hanson and Assistant Warden Aultman; and various other alleged employees of Richwood and LaSalle. They assert various claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1988 and under Louisiana state law. As to PESLIC, Plaintiffs have alleged that PESLIC issued policy number N1-A3-RL0000073-04 effective June 30, 2015, to June 30, 2016, and that the policy provides coverage for the liability of Richwood, LaSalle, and their employees. [*Id.*]

## II.    LAW AND ALYSIS

The fact that the motion is unopposed does not necessarily mean PESLIC should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition . . . The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995)(citing *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). Failure to file an opposition and statement of contested material facts, however, requires the Court to deem statements of uncontested material facts admitted for purposes of the motion.

*Local Rule, LR 56.2.*

A plaintiff's right of direct action against a liability insurer is subject to "the terms and limits of the policy." LA. REV. STAT. § 22:1269. Plaintiffs have named PESLIC as a Defendant in this lawsuit based on the allegation that the PESLIC Policy provides coverage for the damages sought by Plaintiffs in connection with the death of Mr. Moore. However, according to the undisputed material facts, PESLIC Policy's $5,000,000 Excess Limit of Liability has previously been exhausted by payments for "Ultimate Net Loss," as that term is defined by the PESLIC Policy. Thus, there is no coverage available under the Policy, and Plaintiffs are not entitled to maintain a direct action against PESLIC.

The claims of Plaintiffs arise out of Erie Moore's incarceration at a correctional facility. These claims implicate the Policy's Law Enforcement coverage extension under the Policy's General Liability Coverage Part. Otherwise, this loss would not be covered under any other coverage part, as coverage for any liability arising out of law enforcement activities is otherwise excluded by the Policy's Exclusions applicable to all coverage parts.

The PESLIC Policy's General Liability Coverage Part and Law Enforcement coverage extension provide that PESLIC will indemnify an insured for its "Ultimate Net Loss." [Doc. No. 194-3]. The definition of "Ultimate Net Loss" includes both judgments/settlements and defense costs. [*Id.*] The Policy's aggregate limits for the General Liability Coverage Part, including the Law Enforcement coverage extension, are $5,000,000. [*Id.*]. The Policy makes clear that the aggregate limits in the Policy's Declarations are the most PESLIC will pay for "Ultimate Net Loss." [*Id.*].

Consistent with the Policy's terms, PESLIC has previously indemnified LaSalle a total of

$5,000,000 for "Ultimate Net Loss" under the Policy's General Liability Coverage Part. PESLIC has indemnified LaSalle for settlements and defense costs in connection with six different claims under Policy No. N1-A3-RL-0000073-04 at issue in this lawsuit, including some defense costs in this lawsuit. [Doc. No. 194-4, Affidavit of Michael Duffy, Vice President of Specialty Market Claims with Munich Reinsurance America, Inc., the claims administrator for PESLIC].

Because the PESLIC has paid $5,000,000 to LaSalle for its "Ultimate Net Loss," the aggregate limits of the Policy's General Liability Coverage Part have been exhausted. Accordingly, there is no coverage available for the above-captioned lawsuit under the PESLIC Policy, and Plaintiffs' direct action claims against PESLIC must be dismissed, with prejudice.

## III.    CONCLUSION

For the reasons set forth above, PESLIC's Motion for Summary Judgment [Doc. No. 194] is GRANTED.    Plaintiffs' direct action claims against PESLIC are DISMISSED WITH PREJUDICE.

MONROE, LOUISIANA this 13th day of January, 2020.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE