UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

ERIE MOORE, JR., ET AL.                    CIVIL ACTION NO. 3:16-CV-01007

VERSUS                                     JUDGE TERRY A. DOUGHTY

LASALLE CORRECTIONS, INC.,                 MAG. JUDGE KAREN L. HAYES
ET AL.

## RULING

Pending here is a Motion to Strike filed by Defendants Archie Altman; Sgt. Roy Brown; Reginald Curley; Jody Foster; Alton Hale; Warden Ray Hanson; Sgt. Gerald Hardwell; Sgt. Kenneth Hart; William Mitchell; Sgt. Duan Rosenthal; Jeremy Runner; Danielle Walker; Sgt. Reginald Williams; LaSalle Management Co., LLC; and Richwood Correctional Center, LLC (collectively "Defendants") [Doc. No. 282].   Plaintiffs Erie Moore, Jr., Tiffany Robinson, and Tamara Robinson (collectively "Plaintiffs") have filed an opposition. [Doc. No. 310].  Defendants have filed a reply to the opposition [Doc. No. 311].

For the following reasons, the Motion to Strike [Doc. No. 282] is GRANTED IN PART and DENIED IN PART.

## I.      FACTS AND PROCEDURAL HISTORY

This lawsuit follows the death of two detainees at the Richwood Correctional Center ("RCC"), a private detention center located in Ouachita Parish, Louisiana.   RCC is owned and operated by LaSalle Management Company, LLC ("LaSalle") and/or Richwood Correctional Center, LLC ("Richwood"), related private entities.

At the time of the incident, Moore was being detained at RCC after having been arrested by Monroe Police Department ("MPD") Lieutenant (then-Corporal) Tommy Crowson ("Officer

Crowson") for disturbing the peace on October 12, 2015.  The next day, October 13, 2015, Moore was involved in an altercation with another detainee, Vernon White ("White").  White died shortly after the altercation.  Moore was forcibly removed from the holding cell after the altercation occurred.  Soon thereafter, Moore became unconscious. He died on November 14, 2015, without ever having regained consciousness.

Plaintiffs are the children and heirs of Moore. In their original Complaint, filed July 8, 2016, Plaintiffs alleged that the death of their father was caused by multiple Defendants. [Doc. No. 1].  On December 5, 2017, an Amended Complaint was filed which added new Defendants and continued the previous allegations. [Doc. No. 63]. On April 11, 2019, the Third Amended Complaint was filed, which added more Defendants to the suit, repeated many of the original claims, and made new claims. [Doc. No. 140].

Plaintiffs have filed a Motion for Partial Summary Judgment [Doc. No. 230].  Here, Defendants move to strike the following exhibits attached to Plaintiffs' motion:

      1.  Exhibit 61 - OPSO Deputy Daryl Chase Well's Report;

      2.  Exhibit 62 - OPSO Deputy Donald Murphy's Report;

      3.  Exhibit 158 - Dr. John T. Owings' Report; and

      4.  Exhibit 163 - Kenny Sanders' Report.

Additionally, Defendants move to strike several exhibits which are referenced within the Memorandum in Support of Plaintiffs' Motion for Partial Summary Judgment.  Although these exhibits are not attached to the Memorandum in Support, they were previously filed in support of Plaintiffs' Motion to Amend and Correct Complaint. [Doc. No. 133]. The exhibits Defendants seek to strike are:

      1.  LaSalle Corrections Website Printout - Exhibit E. [Doc. No. 133-7];

    2.  Bloomberg Article on LaSalle Management Company- Exhibit I. [Doc. No. 133-11];

    3.  Indeed Website Printout - Exhibit J. [Doc. No. 133-12]; and

    4.  McLennan County Courthouse - Press Release - May 7, 2013. [Doc. No. 133-17].

Defendants further contend various portions of the following should be stricken:

    1.  Exhibit AT - Deposition of Antonio Turner; and

    2.  Exhibit 161 - Antonio Turner's Sworn Declaration.

Finally, in the event the report of Kenny Sanders is not stricken in its entirety, Defendants contend that all of the opinions expressed therein should be stricken.

Defendants contend that the above listed exhibits, in whole or in part, are inadmissible under the dictates of Federal Rules of Civil Procedure Rule 56 and/or numerous rules of the Federal Rules of Evidence.

The issues are fully briefed, and the Court is prepared to rule.

## II.    LAW AND ANALYSIS

### A.    Legal Standards

Under FED. R. CIV. P. 56(c)(2), "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."[1] Hearsay

---

[1] To the extent that the parties cite the Court to Federal Rule of Civil Procedure 12(f), governing motion to strike pleadings, that rule is inapplicable. Rule 12(f) authorizes the Court to strike "from any pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Evidence submitted in support of a motion for summary judgment does not constitute a pleading, and, therefore, Rule 12(f) is inapplicable. *See Worldwide Subsidy Grp., LLC v. Worldwide Pants Inc.*, 729 F. App'x 625, 625-26 (9th Cir. 2018) ("WSG filed a Rule 12(f) motion to strike which is inapplicable to a motion for summary judgment."); *Pilgrim v. Trs. of Tufts College*, 118 F.3d 864, 868 (1st Cir. 1997), *abrogated on other grounds by Crowley v. L.L. Bean, Inc.*, 303 F.3d 387 (1st Cir. 2002); *Claridy v. The City of Lake City*, No. 3:13-CV-558-J-39PDB, 2014 WL 12656605, at *1 (M.D. Fla. Oct. 24, 2014) ("As a threshold matter, a motion to strike is not the appropriate vehicle for challenging the admissibility of evidence submitted in connection with a motion for summary judgment."); *Shah v. Chertoff*, 2007 WL 2948362 at *5 (N.D. Tex. Oct. 10, 2007) ("Rule 12(f) ... does not apply to the instant situation because evidence submitted in support of a Rule 56 motion for summary judgment is not considered a motion or pleading for purposes of Rule 12."); *Jackim v. City of Brooklyn*, No. 1:05 CV 1678, 2006

evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

However, "it is not dispositive whether the [disputed materials] in their current form are admissible in evidence. At the summary judgment stage, materials cited to support or dispute a fact need only be capable of being 'presented in a form that would be admissible in evidence.'" *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (quoting FED. R. CIV. P. 56(c)(2) (emphasis added)).

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. Generally, hearsay is not admissible unless stated otherwise by a federal statute, the Federal Rules of Evidence, or other rules of the Supreme Court. *See* FED. R. EVID. 802. "Hearsay" is a statement that: "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." FED. R. EVID. 801(c).

B.     **Analysis**

1.     **Reports of Deputy Wells and Deputy Murphy, Exhibits 61 and 62**

Defendants object to the reports prepared by Deputy Wells and Deputy Murphy on the basis they are hearsay, contain hearsay within hearsay, and are unsworn.

Citing *United States v. Snyder*, 787 F.2d 1429, 1434 (10th Cir. 1986), Plaintiffs respond that police reports are not hearsay, although statements made to an officer by someone who is

---

WL 8446885, at *1 (N.D. Ohio July 18, 2006). ("While some courts have employed Federal Rule of Civil Procedure 12(f) to strike non-pleading materials – e.g., affidavits, or portions thereof – there is no basis in the Federal Rules for doing so.") (citing *McLaughlin v. Copeland*, 435 F. Supp. 513 (D. Md. 1977)).

under no duty to report may be hearsay. Plaintiffs state, moreover, their use of Exhibits 61 and 62 was to establish the time frame as to when these deputies arrived at RCC, left RCC, arrived at OCC, and arrived at the hospital. See Statement of Fact Nos.12, 23, 30, and 37. [Doc. 230-1]. The timing of each deputies' activity is within their personal first-hand knowledge.

Defendants reply that, to the extent Plaintiffs have limited the facts sought to be proven in the reports to the time the deputies arrived at RCC, left RCC, arrived at OCC, and arrived at the hospital, then their objections as to those specific facts are withdrawn. However, any other matters, materials or statements that might be found in Exhibits 61 and 62 are still subject to the Motion to Strike.

First, the Court finds that Defendants' argument that the report is unsworn and therefore inadmissible is of no avail because material relied on for summary judgment purposes need not be presented in admissible form, provided the substance or content of the evidence can be reduced to admissible form at trial.

Secondly, a police report is hearsay, but may fall under the business records exception of Rule 803(6) or the public records exception of Rule 803(8). Only those "portions of the report that reflect the police officer's first-hand observations based on his investigation and experience are properly admissible under 803(8)(A)(iii)." *Williams v. Gaitsch*, No. 5:08-cv-0772, 2011 WL 13286179, at *2 (W.D. La. May 23, 2011). "[T]he Fifth Circuit has consistently excluded the portions of police reports that contained the officer's opinions and conclusions." *Id.*

Plaintiffs state the deputies' reports are not hearsay; however, they provide no further argument as to which exception these reports fall under or why. Accordingly, to the extent that Defendants' Motion to Strike seeks the exclusion of those portions of the report that provide the

time the deputies arrived at RCC, left RCC, arrived at OCC, and arrived at the hospital, the Motion is DENIED.  To all other extent, the Motion is GRANTED.

### 2.    Dr. John T. Owings' Report, Exhibit 158

Defendants object to Dr. Owings' Report as being hearsay, hearsay within hearsay, and as being unsworn. Defendants also argue that the report references a telephone conversation about a video with Plaintiffs' counsel which is not evidence but is hearsay and hearsay within hearsay.

Plaintiffs do not oppose striking the mention of a conversation with counsel about a video. However, Plaintiffs state the video is a part of the record herein, and, further, Dr. Owings did personally watch relevant portions of the video himself.

Plaintiffs further argue that Dr. Owings was one of Moore's treating physicians and that expert reports typically include hearsay information.  They contend that Dr. Owings expressed opinions in his report which are based on his experience and the condition of Moore as described by Dr. Nelson, by other officers including Nurse Mitchell, and by the UHC Conway records, which are all sworn or certified admissible records.

The Fifth Circuit has explained the rule on an expert's use of hearsay information:

> Expert witness testimony is a widely recognized exception to the rule against hearsay testimony. It has long been the rule of evidence in the federal courts that an expert witness can express an opinion ... even though his opinion is based in part or solely upon hearsay sources. The rationale for this exception to the rule against hearsay is that the expert, because of his professional knowledge and ability, is competent to judge for himself the reliability of the records and statements on which he bases his expert opinion. Moreover, the opinion of expert witnesses must invariably rest, at least in part, upon sources that can never be proven in court. An expert's opinion is derived not only from records and data but from education and from a lifetime of experience. Thus, when the expert witness has consulted numerous sources, and uses that information, together with his own professional knowledge and experience, to arrive at his opinion, that opinion is regarded as evidence in its own right and not as hearsay in disguise.

*LaCombe v. A-T-O, Inc.*, 679 F.2d 431, 435 n.5 (5th Cir. 1982) (citations omitted) (quoting *United States v. Williams*, 447 F.2d 1285, 1290 (5th Cir. 1971), *cert. denied*, 405 U.S. 954 (1972) ). Because Defendants have not explained the basis for their hearsay objection and because Dr. Owings is permitted to rely on hearsay sources, the Court does not strike the report on that ground.

Rule 56 was amended in 2010 to clarify and streamline summary judgment procedure. *See, e.g., Lee v. Offshore Logistical and Transport, L.L.C.*, 859 F.3d 353, 354-55 (5th Cir. 2017) (citing Fed. R. Civ. P. 56(c)(1) & Advisory Comm. Note (2010)). Pursuant to the revised rule, material relied on for summary judgment purposes need not be presented in admissible form, provided the substance or content of the evidence can be reduced to admissible form at trial. *See id*. at 355. Thus, for example, opinions in an unsworn expert report need not be reduced to affidavit form to be competent summary judgment evidence if the expert is expected to testify at trial. *Id*.

To the extent Defendants' motion seeks to strike that portion of the report mentioning a conversation with Plaintiffs' counsel about a video, the motion is GRANTED. To any other extent, the motion is DENIED. Defendants have not established a valid reason to exclude Dr. Owings' Report as summary judgment evidence.

### 3.    Kenny Sanders' Report, Exhibit 163

Defendants object to the Kenny Sanders' Report on the basis it is hearsay, hearsay within hearsay, and unsworn. Plaintiffs respond that expert reports typically contain hearsay information and that Sanders has accepted and adopted his report in his sworn Declaration, Exhibit 190.

For the same reasons set forth above with regard to Dr. Owings's report, the Court DENIES Defendants' motion to strike the Sanders Report, Exhibit 163, on these grounds. The Court will address Defendants' other objections to Sanders's opinions below.

4.      **LaSalle Corrections Website Printout - Exhibit E. [Doc. No. 133-7]**

Defendants object to a LaSalle website printout because it is hearsay, hearsay within hearsay, unsworn, and not relevant because it is dated February 28, 2019.

Plaintiffs respond that the printout is relevant to show LaSalle is a private company fulfilling a traditional state function, and, as such, it is acting under color of state law. They further contend it is not hearsay but is an admission under Federal Rule of Evidence 802(d)(2)(D).   They also argue that the content, not the date, is relevant.

Defendants reply that the printout is nevertheless inadmissible because it is a download from 2019 which is sought to be admitted as substantive evidence of events that allegedly occurred in 2015.

The Court finds that the printout is relevant to the issue of whether LaSalle is a private company fulfilling a traditional state function.   Further, under Federal Rule of Evidence 901, a proponent "must produce evidence"—such as an affidavit—"to support a finding that the item is what the proponent claims it is" to authenticate an item of evidence such as a website screenshot or printout. FED. R. EVID. 901(a); *see also Thompson v. Bank of Am. Nat'l Ass'n*, 783 F.3d 1022, 1027 (5th Cir. 2015) (quoting Rule 901(a)). The Fifth Circuit has made clear this "is not a heavy burden," such that "circumstantial evidence or testimony by a knowledgeable witness can be sufficient" to authenticate. *Thompson*, 783 F.3d at 1027; *see also United States v. Barlow*, 568 F.3d 215, 220 (5th Cir. 2009) (Rule 901's authentication standard "is not a burdensome standard.").

"In the case of an exhibit purported to represent an electronic source, such as a website or chat logs, testimony by a witness with direct knowledge of the source, stating that the exhibit fairly and fully reproduces it, may be enough to authenticate." *Thompson*, 783 F.3d at 1027; *see Barlow*, 568 F.3d at 220 ("Testimony by a witness with knowledge that the 'matter is what it is claimed to

be' can be enough to prove the thing's authenticity."). Representations by such a witness that the proffered printout fairly and fully captures the cited material (i.e., the webpage and material thereon) will suffice under this standard to establish the website's authenticity. *See Barlow*, 568 F.3d at 220 (finding testimony that a printed chat log "fairly and fully reproduced the chats" from witness with direct knowledge of chats could authenticate a printed chat log under Rule 901). Further, government websites in particular "[are] self-authenticating under Rule 902(5)." *E.g.*, *Riverkeeper v. Taylor Energy Co., LLC*, 113 F. Supp. 3d 870, 881 n.52 (E.D. La. 2015) (collecting cases).

Here, Plaintiffs have not authenticated the printout, but it is "capable of being presented in a form that would be admissible in evidence."  Accordingly, Defendants' Motion to Strike the website printout is DENIED.

### 5.      Three Other Website Printouts

Defendants object to three website printouts: (1) a Bloomberg article on LaSalle [Doc. No. 133-11]; (2) an Indeed printout [Doc. No. 133-12]; and (3) a McLennan County Courthouse press release [Doc. No. 133-17] on the basis they are hearsay, hearsay within hearsay, unsworn, and not relevant.

Plaintiffs state they do not oppose the Motion to Strike.  Accordingly, Defendants' Motion to Strike is GRANTED as to these exhibits.

### 6.      Opinions of Antonio Turner and Kenny Sanders

Defendants assert that Sanders' and/or Turner's opinions are inadmissible because they contain a mixture of legal conclusions and factual findings.  Specifically, Defendants contend that neither Turner nor Sanders can make the following legal conclusions and factual findings:

1.  There was a closed fist strike to the head by Runner;

9

2. The closed fist strike to the head by Runner was a use of deadly force;

3. Hardwell threw Moore onto the hard tile floor;

4. Hardwell threw Moore head-first;

5. Moore's head was slammed on the floor;

6. Both Hardwell and Runner's use of force was objectively unreasonable;

7. Moore was non-threatening and exhibited no sign of aggression;

8. Alternative uses of force should have been attempted;

9. Moore displayed no pre-assault indicators;

10. Other appropriate targets on Moore were available for the use of force;

11. There was no effort to temper the problem; and

12. Hardwell inflicted blunt force trauma on Moore.

Plaintiffs respond that "use of force" is an area of specialized knowledge, and an expert in correctional and police practices can aid the jury to determine if the force used by Runner and Hardwell was excessive or deadly.

Under Rule 702, the Court must determine whether the proposed expert witness has training or experience, and will offer opinions, sufficiently related to the issues and evidence before the court for the expert's testimony to assist the trier of fact. *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562–63 (5th Cir. 2004). The district court must also make a "preliminary assessment of whether that reasoning or methodology underlying the testimony is scientifically valid and of whether the reasoning or methodology can be applied to the facts at issue." *Skidmore v. Precision Printing & Packaging, Inc.*, 188 F.3d 606, 617 (5th Cir. 1999) (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592–93 (1993) ). The court "must ensure the expert uses

reliable methods to reach his opinions." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004).

The burden is on the party offering the expert testimony to establish that the testimony is admissible. *Moore v. Ashland Chemical, Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).

Although expert testimony is not objectionable simply "because it embraces an ultimate issue," an expert's opinion on ultimate issues can be excluded if it is otherwise inadmissible under the Federal Rules of Evidence. FED. R. EVID. 704. When opinion testimony combines law and fact, the question is "whether the opinion will 'help the trier of fact to understand the evidence or to determine a fact in issue.'" 29 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 6284 (2d ed.) (quoting FED. R. EVID. 702). Expert opinions as to whether a defendant violated the law are inadmissible. FED. R. EVID. 702; See *Goodman v. Harris Cty.*, 571 F.3d 388, 399 (5th Cir. 2009).

In *Toomer v. Florida Parishes Juvenile Justice Commission*, No. 03-0734, 2005 WL 5974570 (E.D. La. Mar. 3, 2005), the district judge stated:

> The Court finds that [the expert's] opinion is a mixture of legal conclusions and cumulative factual assertions that would unduly infringe upon the fact-finding functions of the jury and, worse, likely lead to jury confusion. Further, this witness' opinions, to the extent they might have factual support, are nothing more than logical common-sense conclusions, unnecessary to aid the jury.

*Id.*, at * 1.

Similar issues were decided in *N.S. v. City of Alexandria,* 919 F. Supp. 2d 773 (W.D. La. 2013), where a motion to strike was filed by the defendants seeking to exclude the opinions of the plaintiff's police liability expert. After reviewing the law and the opinions at issue the district court held:

11

Dr. Kelly's opinions, as expressed in his deposition, are inadmissible based on authority from the United States Fifth Circuit excluding expert testimony in a § 1983 case consisting of nothing more than "credentials and a subjective opinion." (citing Benavides). Dr. Kelly provides simply his credentials and his subjective opinion that he would have acted differently than Fairbanks based on the facts presented. Under the Fourth Amendment, an opinion that one would have acted differently does not negate the officer's reasonableness at the time of the act. (citations omitted). Therefore, Dr. Kelly's opinions about alternative methods he believes Fairbanks should have used are irrelevant and inadmissible.

Dr. Kelly's opinions are also inadmissible to the extent they contain legal conclusions or factual findings. Expert opinions cannot unduly infringe on the factfinding functions of the jury and are inadmissible to the extent that such opinions assert factual findings. (Citations omitted). Dr. Kelly's deposition contains nothing more than his legal conclusions based on factual findings presented to him before and during the deposition. Any conclusions made by Dr. Kelly cannot be the subject of expert testimony because these fall within the province of the fact finder, who is charged with hearing the facts, weighing the reliability and credibility of witnesses and evidence, and deciding the outcome of the case at issue.

*Id.* at page 786.

Here, Plaintiffs argue that Sanders' and/or Turner's conclusions would aid a jury and/or the Court to decide that all of the force used by anyone was wrong. However, Defendants argue that Sanders cannot see from the video what Runner saw. Defendants contend that Sanders does not consider the threats being made by Moore to White or the C.O.s. The threats described by the C.O.s could be construed as a "pre-assault" indicator. In addition, Defendants assert that Runner interposed himself between Moore, the other C.O.s, and Moore's victim, White, who subsequently died from his injuries, to protect them from Moore. Finally, Defendants assert that Sanders also does not consider the equally valid interpretation of the video, that the shove from Runner caused Moore to lose his balance, which served to stop Moore's impending attack on the C.O.s and/or White.

In considering the pending dispositive motions, the Court will view the video and determine what is indisputably shown therein.  If there are genuine issues of material fact for trial, a jury will view the video and reach its own conclusions on what is shown.  Therefore, the Court finds that the expert opinions at issue here unduly infringe on the factfinding functions of the jury and are inadmissible.

Although their opinions on whether the officers' conduct conformed to professional standards of care is relevant to determining whether the force used was excessive, these opinions do not show whether a reasonable officer in the same circumstances would have believed that his or her conduct was reasonable. *See, e.g.*, *City & Cty. of San Francisco v. Sheehan*, 135 S.Ct. 1765, 1777 (2015) ("[S]o long as a reasonable officer could have believed that his conduct was justified, a plaintiff cannot avoi[d] summary judgment by simply producing an expert's report than an officer's conduct leading up to a deadly confrontation was imprudent, inappropriate, or even reckless" (alteration and internal quotation marks omitted).

As indicated above, where the expert opinions at issue combine law and fact, the question is whether the opinion will help the trier of fact to understand the evidence or to determine a fact in issue.  These expert opinions do not meet that test.  Whether Runner's or Hardwell's use of force was excessive or deadly is a legal question that is not proper subject matter for expert testimony. To the extent that Turner or Sanders unduly infringe on the factfinding functions of the Court or offer legal conclusions, the Court will not consider their expert opinions or reports.

Accordingly, Defendants' Motion to Strike is GRANTED.

## III.    CONCLUSION

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART the

pending Motion to Strike [Doc. No. 282].

MONROE, LOUISIANA, this 30th day of October, 2020.

**TERRY A. DOUGHTY**
**UNITED STATES DISTRICT JUDGE**