UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **ERIE MOORE, JR. ET AL.** | **CASE NO. 3:16-CV-01007** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LASALLE CORRECTIONS L L C ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## MEMORANDUM ORDER

Before the Court is a Motion to Bifurcate the Jury's Determination of An Appropriate Punitive Damage Award [Doc. No. 609] filed by Reginald Curley, Jody Foster, Gerald Hardwell, William Mitchell, Jeremy Runner, Reginald Williams ("Individual Defendants"), LaSalle Management Co. LLC ("LMC"), and Richwood Correctional Center, LLC ("RCC"). Plaintiffs Erie Moore, Jr. Tamara Green, and Tiffany Robinson filed an Opposition [Doc. No. 612]. Defendants filed a Reply [Doc. No. 614].

Defendants argue that "a determination of the amount of any punitive damages be bifurcated and considered separately from the initial phase of trial for the convenience of the parties, to avoid delay and prejudice, and to serve the needs of justice."[1] Plaintiffs argue that the Motion is untimely, hinders judicial economy, and any prejudice may be hindered by an appropriate instruction.[2]

Pursuant to Fed. R. Civ. P. 42(b), "[t]he court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and

---
[1] [Doc. No. 609-1, p. 2].
[2] [Doc. No. 612].

economy, may order a separate trial of any claim[.]" *Cameron Parish School Bd. v. RSUI Indem. Co.*, No. 06-1970, 2008 WL 3927566, at *1 (W.D. La. Aug. 25, 2008). The decision to bifurcate a trial is squarely within the discretion of the trial judge. *First Texas Savings Assn. v. Reliance Ins. Co.,* 950 F.2d 1171, 1174 n.2 (5th Cir.1992).

The Court agrees with Defendants. Although persuasive, courts have ruled that evidence associated with punitive damages should not be permitted until the second phase of trial because such evidence "pertaining to net worth may confuse and prejudice a jury attempting to determine liability and compensatory damages." *Kovari v. Brevard Extraditions, LLC*, No. 18-cv-00070, 2019 WL 8348612, at *2 (W.D. Va. May 20, WL 37483282019); *see Wise v. C. R. Bard, Inc.*, No. 2:12-cv-01378, 2015 WL 541933, at *12 (S.D. W. Va. February 10, 2015) (granting a motion to bifurcate and try punitive damages separately from liability and compensatory damages after finding that "the probative value of allowing evidence of financial status during the first phase of the trial is substantially outweighed by the danger of confusing the issues or misleading the jury."). In the context of § 1983 trials, Defendants cite to several cases that support its proposition of bifurcation. *See Jones v. Perez-Pantoja*, No. 22-00773, 2024 WL 3748328 at *3 (N. D. Ca. Aug 8, 2024) (citing *Monroe v. Griffin*, 2015 WL 5258115, at *5 (N.D. Cal. Sept. 9, 2015)); *see generally Henderson v. Prado*, 2007 WL 1229330 (N.D. Cal. Apr. 24, 2007); *Baker v. Yassine*, 2016 WL 4264149 (E.D. Cal. Aug. 15, 2016). Evidence of the Defendants' financial condition is not relevant to the initial determination of liability. It becomes relevant only if the jury finds the Defendants liable for punitive damages. Further, introducing evidence

of the Defendants' financial condition at the liability stage would likely be unduly prejudicial. Such evidence risks the jury improperly considering the Defendants' ability to pay, rather than focusing solely on whether liability has been established. This could lead the jury to base their decision on financial status rather than the merits of the case, undermining a fair and impartial assessment of liability. Accordingly,

**IT IS ORDERED** that the Motion to Bifurcate [Doc. No. 609] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs may reference the possibility of punitive damages in their opening statements but may not elaborate further or discuss Defendants' financial condition.

**IT IS FURTHER ORDERED** that if it is determined that a prima facie for punitive damages has been made by the Plaintiffs, then the jury will use a special verdict form to determine whether any defendant is liable for compensatory damages only, or in addition, is also liable for punitive damages. If the jury determines in the first phase that punitive damages should be awarded, evidence of the appropriate amount, including that of defendant's wealth or financial condition where relevant, will be permitted in the second phase. In that event, the Court will then reconvene the jury to hear evidence as to the financial condition or wealth of the defendant in order to arrive at a verdict as to the amount of such punitive damages.

**MONROE, LOUISIANA**, this 3rd day of October, 2025.

                                                Terry A. Doughty
                                           United States District Judge