RECEIVED
USDC, WESTERN DISTRICT OF LA
DANIEL J. McCOY, CLERK

DATE: 10/20/25
BY: [signature]

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

ERIE MOORE JR ET AL                    CASE NO.  3:16-CV-01007

VERSUS                                 JUDGE TERRY A. DOUGHTY

LASALLE CORRECTIONS INC ET AL          MAG. JUDGE KAYLA D. MCCLUSKY

I. **NEGLIGENCE AND BATTERY CLAIMS AGAINST INDIVIDUAL DEFENDANTS AND RICHWOOD CORRECTIONAL CENTER, LLC**

1. Were any of the following individual defendants negligent, and was that negligence a substantial factor in causing injury to Erie Moore, Sr.? You may check "none," one defendant, or more than one defendant.

   a. Gerald Hardwell ✓
   b. Jeremy Runner ✓
   c. Reginald Williams ✓
   d. Christopher Loring ____
   e. Reginald Curley ____
   f. Jody Foster ____
   g. William Mitchell ____
   h. None ____

If you put a check next to the name of at least one defendant in response to question 1, answer question 2.
If you checked "none" for question 1, skip to question 3.

2. For at least one of the defendants for whom you put a check above, was his negligence a substantial factor in causing Erie Moore, Sr.'s death?

   Yes ✓          No ____

Continue to question 3.

1

3. Did any of the following individual defendants commit a battery against Erie Moore, Sr.? You may check "none," one defendant, or more than one defendant.

   (a.) Gerald Hardwell ✓
   b. Jeremy Runner ✓
   c. Reginald Williams ✓
   d. Christopher Loring ____
   e. None ____

If you put a check next to the name of at least one defendant in response to question 3, answer question 4.
If you checked "none" for question 3, skip to question 5.

4. For at least one of the defendants for whom you put a check above, was his battery a substantial factor in causing Erie Moore, Sr.'s death?

   Yes ____        No ✓

Continue to question 5.

II. **NEGLIGENCE AND BATTERY CLAIMS AGAINST LASALLE MANAGEMENT COMPANY, LLC.**

   **Section A**

5. Were Richwood Correctional Center, LLC and LaSalle Management Company, LLC a single integrated enterprise?

   Yes ✓        No ____

Continue to question 6.

6. Was any LaSalle Management Company, LLC employee negligent, and was that negligence a substantial factor in causing injury to Erie Moore, Sr.?

   Yes ✓        No ____

2

If you answered yes to question 6, then answer question 7.
If you answered no to question 6, then skip to question 9.

    7. When any of the LaSalle Management Company, LLC employees was negligent, was he acting in the course and scope of his employment?

    Yes __✓__      No _____

If you answered yes to question 7, answer question 8.
If you answered no to question 7, skip to question 9.

    8. Was the negligence of one or more of the employees of LaSalle Management Company, LLC a substantial factor in causing Erie Moore, Sr.'s death?

    Yes __✓__      No _____

Continue to question 9.

    9. Did any LaSalle Management Company, LLC employee commit a battery against Erie Moore, Sr.?

    Yes __✓__      No _____

If you answered yes to question 9, then answer question 10.
If you answered no to question 9, then skip to question 12.

    10. When any of the LaSalle Management Company, LLC employees committed the battery, was he acting in the course and scope of his employment?

    Yes __✓__      No _____

If you answered yes to question 10, then answer question 11.
If you answered no to question 10, then skip to question 12.

3

11. Was the battery of one or more of the employees of LaSalle Management Company, LLC a substantial factor in causing Erie Moore, Sr.'s death?

   Yes_____          No___✓____

Continue to question 12.

### III. CLAIMS OF CONSTITUTIONAL VIOLATIONS BY INDIVIDUAL DEFENDANTS.

12. Did any of the following individual defendants use excessive force on Erie Moore, Sr. at any location in Richwood Correctional Center, causing him to suffer some harm as a result? You may check "none," one defendant, or more than one defendant.

   a. Gerald Hardwell    ___✓___
   b. Jeremy Runner      ___✓___
   c. Reginald Williams  ___✓___
   d. Christopher Loring _____
   e. None               _____

If you put a check next to the name of at least one individual defendant in response to question 12, answer question 13.
If you checked "none" for question 12, skip to **V. Damages below**.

13. For at least one of the defendants for whom you put a check above, was his excessive force a substantial factor in causing Erie Moore, Sr.'s death?

   Yes_____          No___✓____

Continue to question 14.

4

IV. **CLAIMS OF CONSTITUTIONAL VIOLATIONS BY RICHWOOD CORRECTIONAL CENTER, LLC, LASALLE MANAGEMENT COMPANY, LLC, AND CITY OF MONROE**

14. Did a correctional officer use excessive force against Erie Moore, Sr. in the four way, causing him some harm, in violation of Erie Moore, Sr.'s constitutional rights?

    Yes ✓          No ____

If you answered yes to question 14, then answer question 15.
If you answered no to question 14, then skip to **V. Damages below.**

15. Was there a custom or practice of using the four way and chemical spray to punish detainees at Richwood Correctional Center?

    Yes ✓          No ____

If you answered yes to question 15, then answer question 16.
If you answered no to question 15, skip to **V. Damages below**.

16. Was Ray Hanson a policymaker for any of the following entities? You may check "none," one defendant, or more than one defendant.

    a. LaSalle Management Company, LLC   ✓
    b. Richwood Correctional Center, LLC   ✓
    c. City of Monroe                      ____
    d. None                                ____

If you put a check next to LaSalle, Richwood, and/or the City of Monroe in response to question 16, then answer question 17.
If you put a check next to "none" in response to question 16, then skip to **V. Damages below.**

17. Did Ray Hanson know or should he have known about a custom or practice of using the four way and chemical spray to punish detainees?

    Yes ✓          No ____

If you answered yes to question 17, then answer question 18.

5

If you answered no to question 17, then skip to **V. Damages below**.

    18. Was Ray Hanson deliberately indifferent to a practice or custom of using the four way and chemical spray to punish detainees?

    Yes __✓__          No _____

If you answered yes to question 18, then answer question 19.
If you answered no to question 18, then skip to **V. Damages below**.

    19. Was a practice or custom of using the four way and chemical spray to punish detainees the moving force leading to the use of excessive force against Erie Moore, Sr. in the four way, in violation of his constitutional rights?

    Yes __✓__          No _____

If you answered yes to question 19, then answer question 20.
If you answered no to question 19, then skip to **V. Damages below**.

    20. Was a practice or custom of using the four way and chemical spray to punish detainees a substantial factor in the death of Erie Moore, Sr.?

    Yes _____          No __✓__

Continue to **V. Damages**.

## V. DAMAGES

### A. Pre-Death Damages

If you put a check next to the name of any defendant in response to question 1 AND/OR question 3, AND/OR question 12, AND/OR answered yes to question 7 AND/OR question 10, AND/OR question 19, then answer question 21.

If you put a check next to "none" for question 1 AND question 3 AND question 12 AND answered no to question 7 AND question 10 AND question 19, then skip to the end of the form and have the presiding juror sign and date.

✓ 21. The damages for mental, physical, and emotional pain and suffering caused to Erie Moore, Sr. by defendant(s) wrongful conduct are:

$ __1,500,000__

Continue to **B. Wrongful Death Damages.**

### B. Wrongful Death Damages

If you answered yes to question 2, AND/OR question 4, AND/OR question 8, AND/OR question 11, AND/OR question 13, AND/OR question 20, then answer questions 22, 23, and 24.

If you answered no to question 2, AND question 4, AND question 8, AND question 11, AND question 13, AND question 20, then then skip to **VI. Punitive Damages**.

22. Erie Moore, Jr.'s damages for the wrongful death of Erie Moore, Sr. and the corresponding grief and anguish and loss of love, affection, and companionship are:

$ __6,000,000__

Continue to Question 23.

23. Tamara Green's damages for the wrongful death of Erie Moore, Sr. and the corresponding grief and anguish and loss of love, affection,

7

and companionship are:

$ __6,000,000__

Continue to Question 24.

    24. Tiffany Robinson's damages for the wrongful death of Erie Moore, Sr. and the corresponding grief and anguish and loss of love, affection, and companionship are:

$ __6,000,000__

Continue to **VI Punitive Damages.**

VI. PUNITIVE DAMAGES

### A. LaSalle Management Company, LLC

If you put a check in response to question 16(a) AND answered yes to question 19, answer question 25.

If you did not put a check in response to question 16(a) AND/OR answered no to question 19, skip to **section B Richwood Correctional Center, LLC**.

25. Did LaSalle Management Company, LLC act with actual malice or reckless indifference to the rights or safety of others?

    Yes ✓            No ____

Continue to **section B**.

### B. Richwood Correctional Center, LLC

If you put a check in response to question 16(b) AND answered yes to question 19, answer question 26.

If you did not put a check in response to question 16(b) AND/OR answered no to question 19, skip to **section C Individual Defendants**.

26. Did Richwood Correctional Center, LLC act with actual malice or reckless indifference to the rights or safety of others?

    Yes ✓            No ____

Continue to **section C Individual Defendants**.

### C. Individual Defendants

If, in response to question 12, you put a check next to the names of Gerald Hardwell, AND/OR Jeremy Runner, AND/OR Reginald Williams, answer question 27.

9

If, in response to question 12, the names of Gerald Hardwell AND Jeremy Runner AND Reginald Williams all do not have a check next to them, then skip to **VII Allocation of Fault**.

27. Which, if any, of the following individual defendants who committed excessive force against Erie Moore, Sr. acted with actual malice or reckless indifference to the rights or safety of others? You may check "none," one defendant, or more than one defendant.

    a. Gerald Hardwell    ✓
    b. Jeremy Runner      ✓
    c. Reginald Williams  ✓
    d. None               _____

Continue to **VII. Allocation of Fault.**

## VII. ALLOCATION OF FAULT

28. Did the Defendants prove by a preponderance of the evidence that Erie Moore, Sr.'s actions or omissions were a substantial factor in causing his injuries and/or death for the negligence claims?

    Yes_____          No ✓

Continue to question 29.

10

29. Please specify the percentage fault of all persons and/or entities causing or contributing to the injury and/or death for the negligence and/or battery claims. You may write-in additional persons or entities other than Ray Hanson, Alton Hale, Danielle Walker, Kenneth Hart, Archie Aultman, or Dwayne Rosenthal, or not. The total must add up to 100%.

| Person/Entity | Percentage Fault |
|---|---|
| Richwood Correctional Center, LLC. | 30% |
| LaSalle Management Company, LLC. | 45% |
| Jeremy Runner | ~~2%~~ 3% |
| Gerald Hardwell | ~~4%~~ 6% |
| Reginald Curley | 0 |
| Reginald Williams | ~~3%~~ 4% |
| Christopher Loring | 0 |
| Jody Foster | 0 |
| William Mitchell | 0 |
| Erie Moore, Sr. | ~~0~~ 2% |
| Monroe City | ~~5%~~ 10% |
|  |  |
|  |  |
|  | 100% |

Please have the presiding juror sign and date.

Presiding Juror Signature: **REDACTED**

Date: 10-20-25