**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

**ERIE MOORE, JR., ET AL.**             **CIVIL ACTION NO: 3:16-CV-01007**

**VERSUS**                           **JUDGE TERRY A. DOUGHTY**

**LaSALLE CORRECTIONS, INC.,**        **MAG. JUDGE KAYLA MCCLUSKY**
**ET AL.**

**<u>PLAINTIFFS' SUPPLEMENTAL BRIEFING ON PROPOSED JUDGMENT</u>**

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................. 1

II.   BACKGROUND ................................................................................................. 1

III.  ARGUMENT ...................................................................................................... 2

    A.    As Reflected in Plaintiffs' Updated Proposed Judgment, the Wrongful Death Damages Should be Reduced by the 10 Percent Fault the Jury Allocated to the City of Monroe. ............................................................................................... 2

    B.    Plaintiffs Are Entitled to Post-Judgment and Pre-Judgment Interest ................... 3

        1.    Plaintiffs Are Entitled to Post-Judgment Interest on the Entire Judgment.... 3

        2.    Plaintiffs Are Entitled To Pre-Judgment Interest on a Portion of the Judgment. ............................................................................................... 4

    C.    Defendants' Positions Regarding Other Aspects of Plaintiffs' Updated Proposed Judgment Are Meritless. ..................................................................... 5

        1.    Defendants' Contentions Regarding Solidary Liability Are Contradicted by Black Letter Louisiana Law. ...................................................... 6

        2.    Defendants Made a Material Misstatement of Fact in Their Proposed Judgment Regarding Plaintiffs' Agreement Not to Collect Against Individual Defendants. ............................................................................. 9

        3.    Relying in Part on A Material Omission From Their Proposed Judgment, Defendants Incorrectly Seek to Reduce the Wrongful Death Damages Based on the 2 percent Fault Allocated to Erie Moore, Sr. .................................. 11

        4.    Defendants Objections to the Attorneys' Fees Language in Plaintiffs' Updated Proposed Judgment Are Baseless. ................................................ 12

IV.   CONCLUSION ................................................................................................. 13

# TABLE OF AUTHORITIES

## *CASES*

*In re Ark–La–Tex Timber Co., Inc.*
482 F.3d 335 (5th Cir. 2007) ........................................................................ 9, 6

*Bartholomew v. CNG Producing Co.*
832 F.2d 326 (5th Cir. 1987) ........................................................................ 5

*Brown v. Auto. Cas. Ins. Co.*
644 So. 2d 723 (La.App. 1st Cir. 1994)........................................................ 7

*City of Alexandria v. Cleco Corp., No. CIV A*
01121, 2010 WL 114397 (W.D. La. Jan. 11, 2010) ..................................... 6

*Cruz v. Hauck*
762 F.2d 1230 (5th Cir. 1985) ...................................................................... 12

*Etienne v. Nat'l Auto. Ins. Co.*
2000 1999-2610; 759 So.2d 51 (La. 2000) .................................................. 8, 8

*Fuchs v. Lifetime Doors, Inc.*
939 F.2d 1275 (5th Cir. 1991) ...................................................................... 3

*Hall v. White, Getgey, Meyer Co., LPA*
465 F.3d 587 (5th Cir. 2006) ........................................................................ 4, 3

*Hargiss v. Lasalle Corr. LLC*
No. 3:18-CV-01466, 2022 WL 822207 (W.D. La. Feb. 28, 2022)............... 4, 5, 5, 3

*Helena Chem. Co. v. Aylward*
No. 415CV00 .................................................................................................. 4, 4

*Hill Int'l, Inc. v. JTS Realty Corp.*
2022 2021-0157; 370 So.3d 16 (La. App. 1 Cir. 2022) ............................... 7, 7

*Holmes v. Reddoch, -*
12749, 2024 WL 4989454 (E.D. La. Dec. 5, 2024)..................................... 12

*Kyser v. Metro Ambulance, Inc.*
2000 33,600; 764 So. 2d 215; 2000 2000-2212; 772 So.2d 650 (La. App. 2 Cir. 2000).. 8, 8, 8, 8

*Martin v. Thomas*
    2022 2021-0149; 346 So. 3d 238 (La. 2022) .................................................................. 8, 8

*Meaux Surface Prot., Inc. v. Fogleman*
    607 F.3d 161 (5th Cir. 2010) ........................................................................................ 4

*Nicholson & Loup, Inc. v. Carl E. Woodward, Inc.*
    596 So. 2d 374 (La. Ct. App.).................................................................................. 8, 8, 8

*Oracle 1031 Exch., LLC v. Bourque*
    2012 2011-1133; 85 So.3d 736; 2012 2012-0546; 85 So.3d 1272 (La. App. 3 Cir. 2012) .. 7, 7, 7, 7

*Parson v. Kaiser Aluminum & Chem. Corp.*
    727 F.2d 473 (5th Cir. 1984) ........................................................................................ 5

*Planned Parenthood of Hous. And S.E. Tex. V. Sanchez*
    480 F.3d 734 (5th Cir. 2007) ...................................................................................... 13

*Pressey v. Patterson*
    898 F.2d 1018 (5th Cir. 1990) ...................................................................................... 5

*Revell v. Prince Preferred Hotels Shreveport, LLC*
    2024 WL 3625214 (W.D. La. Aug. 1, 2024) .................................................................. 5

*Sun Triangle, Inc. v. Image Stores, Inc., -*
    3877, 1998 WL 252158 (E.D. La. May 15, 1998) .......................................................... 7

*Team Contractors, LLC v. Waypoint NOLA, LLC, -*
    1131, 2019 WL 13123271 (E.D. La. May 22, 2019) ...................................................... 5

*Vicknair v. St. James Par. Sch. Bd.*
    2005 05-149; 907 So.2d 820 (La. App. 5 Cir. 2005) .................................................. 8, 8

**FEDERAL STATUTES**

Title 28 U.S.C. § 1637 .................................................................................................... 5

Title 28 U.S.C. § 1961 ................................................................................................ 3, 3

Title 28 U.S.C. § 1961(a)........................................................................................ 3, 3, 4, 4

Title 42 U.S.C. § 1983 ............................................................................................ 4, 4, 5

**STATE STATUTES**

La. R.S. 13.4203 .................................................................................................................... 5

Louisiana Civil Code 2324 ................................................................................................... 9

Louisiana Revised Statute 13.4203 .................................................................................... 5

## I.     INTRODUCTION

Plaintiffs submit an updated proposed judgment with some changes to Plaintiff's original proposed judgment. *See* Exhibit A (updated proposed judgment). Revisions in the updated proposed judgment address the first of the two issues identified in the Court's order for supplemental briefing: "the City of Monroe's allocation of fault, despite there being no state law claims asserted against it." Dkt. 679 at 1. Specifically, the updated proposed judgment reduces LaSalle Management Company, LLC's and Richwood Correctional Center, LLC's wrongful death damages by the 10 percent fault the jury allocated to the City of Monroe. As for the second issue identified in the Court's briefing order, the reasons why Plaintiffs are entitled to post-judgment and pre-judgment interest are outlined below. The remaining sections of this brief address why the objections Defendants have made to other portions of Plaintiffs' updated proposed judgment are unfounded and rest in part on material misstatements of fact and omissions.[1]

## II.     BACKGROUND

On November 11, 2025, Plaintiffs' and Defendants' counsel met and conferred regarding the discrepancies between their proposed judgments filed with the court. Schoening Declaration ¶ 2. The parties believed they had made significant progress in coming to an agreement on a proposed judgment and requested an extension of the briefing deadline in the hopes of at least narrowing the disputes, which the Court granted. *Id.* ¶ 3. On November 16, 2025, Plaintiffs' counsel emailed Defense counsel an updated proposed judgment to consider. Defendants did not

---

[1] The Court's original briefing schedule gave Plaintiffs an opportunity to file a reply brief. Dkt. 679. The updated briefing order does not set a deadline for Plaintiffs' reply brief. Dkt. 680. Plaintiffs' respectfully request the Court allow Plaintiffs to file a reply brief.

respond. *Id.* With Plaintiffs' supplemental briefing due on November 19, Plaintiffs' counsel emailed Defense counsel the morning of November 19 asking to "please let us know whether you agree with our updated proposed judgment by noon your time today, and if you don't, what specific parts you object to?" *Id.* ¶ 4. Defense counsel responded that he had not received the updated proposed judgment, even though Plaintiffs' counsel had emailed it to him, his entire legal team at his firm, and all co-counsel for Defendants. *Id.* ¶ 5. Defense counsel then emailed that Defendants did not agree with the updated proposed judgment, identified some issues Defendants disagreed with, and wrote, "I may have some other issues." *Id.* ¶ 6.

## III.    ARGUMENT

### A. As Reflected in Plaintiffs' Updated Proposed Judgment, the Wrongful Death Damages Should be Reduced by the 10 Percent Fault the Jury Allocated to the City of Monroe.

Plaintiffs agree with Defendants that the 10 percent fault the jury allocated to the City of Monroe should be reduced from Plaintiffs' wrongful death damages. The 10 percent reduction is reflected in the total damages assessed to Defendants LaSalle Management Company, LLC and Richwood Correctional Center, LLC, in the updated proposed judgment: $40,950,000.00. *See* Exhibit A at p. 6. This total is reached by adding 90 percent of the $18,000,000 wrongful death damages assessed by the jury to the $1,500,000 in pre-death damages and the $23,250,000 in punitive damages. In other words, $40,950,000.00 is reached by adding $16,200,000 (0.9 x $18,000,000), $1,500,000, and $23,250,000. No one contends—and there is no legal basis for contending—that a 10 percent reduction should also be made of the separate award of pre-death damages (which are for federal claims and also include intentional torts), or the federal punitive damages claims.

Plaintiffs will not seek—and cannot legally seek—to recover any damages from the City of Monroe, for the proposed judgment makes clear there is no judgment against the City, and all

claims "not expressly sustained by the jury's verdict are DISMISSED WITH PREJUDICE." Exhibit A.[2]

## B. Plaintiffs Are Entitled to Post-Judgment and Pre-Judgment Interest

Plaintiffs are entitled to post-judgment interest in accordance with 28 U.S.C. § 1961 on the full judgment against Defendants, including damages ($40,950,000.00), pre-judgment interest, and attorneys' fees, as of the date of the judgment until the judgment is satisfied. Plaintiffs are further entitled to pre-judgment interest under Louisiana law on $17,700,000 of the judgment against LaSalle Management Company, LLC and Richwood Correctional Center, LLC, and the $1,500,000 of the judgment against the Defendants Hardwell, Runner, and Williams, as of July 8, 2016, when Plaintiffs filed suit.

### 1. Plaintiffs Are Entitled to Post-Judgment Interest on the Entire Judgment.

Plaintiffs are entitled to post-judgment interest "on the entire amount of the final judgment, including damages, prejudgment interest, and attorney's fees." *Fuchs v. Lifetime Doors, Inc.*, 939 F.2d 1275, 1280 (5th Cir. 1991).

Defendants do not seem to disagree. *See* Doc. 678, at 6. Nor could they, for "[p]ostjudgment interest on money judgments recovered in federal district court is governed by 28 U.S.C. § 1961(a)." *Id.*; *see Hargiss v. Lasalle Corr. LLC*, No. 3:18-CV-01466, 2022 WL 822207, at *2 (W.D. La. Feb. 28, 2022) (Doughty, J.) ("There is no dispute that 28 U.S.C. § 1961 controls the award of post-judgment interest." (citing *Hall v. White, Getgey, Meyer Co.,*

---

[2] Plaintiffs have no opposition to adding a line to the judgment specifically listing the Defendants against whom claims are dismissed with prejudice. Paragraph 3 on page 7 of the updated proposed judgment would thereby read: "All remaining claims, counterclaims, and third-party demands not expressly sustained by the jury's verdict are DISMISSED WITH PREJUDICE, including but not limited to all claims against Defendants Reginald Curley, Jody Foster, William Mitchell, Christopher Loring, and the City of Monroe."

*LPA*, 465 F.3d 587, 594 (5th Cir. 2006)). And under Section 1961, post-judgment interest is mandatory, "not discretionary." *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 173 (5th Cir. 2010); *see* 28 U.S.C. § 1961(a) ("Interest *shall* be allowed on any money judgment in a civil case recovered in a district court." (emphasis added)). That is true whether the judgment rests on federal claims, state-law claims, or (as here) both. *See, e.g.*, *Hargiss*, 2022 WL 822207, at *1-*2 (awarding post-judgment interest under Section 1961 on full judgment where liability was based on both 42 U.S.C. § 1983 and Louisiana tort law); *see also Hall*, 465 F.3d at 588, 594 (awarding post-judgment interest under § 1961 in diversity suit for state-law negligence).

Post-judgment interest is calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve system, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). The Court may take judicial notice of the average yield for the week preceding the date it enters judgment here. *See Helena Chem. Co. v. Aylward*, No. 415CV00096DMBJMV, 2016 WL 1611121, at *4 (N.D. Miss. Apr. 21, 2016).

### 2. Plaintiffs Are Entitled To Pre-Judgment Interest on a Portion of the Judgment.

Plaintiffs are further entitled to pre-judgment interest on the $17,700,000, for which Defendants LaSalle Management Company, LLC and Richwood Correctional Center, LLC are liable for pre-death damages ($1,500,000) and wrongful death damages ($16,200,000). The judgment of $1,500,000 entered against Defendants Hardwell, Runner, and Williams for pre-death damages is likewise subject to pre-judgment interest. Because the jury awarded these pre-death damages under 42 U.S.C. § 1983 and Louisiana law, and because pre-judgment interest is mandatory under Louisiana law, Plaintiffs are entitled to pre-judgment interest from the date the

suit was filed, July 8, 2016, until the day before this judgment is entered. *See Hargiss*, 2022 WL 822207, at *2.

Once again, Defendants do not appear to dispute this. *See* Doc. 678, at 6. And once more, they could not. "In 42 U.S.C. § 1983 cases, the Fifth Circuit has held that state law governs the calculation of prejudgment interest." *Hargiss*, 2022 WL 822207, at *2 (citing *Pressey v. Patterson*, 898 F.2d 1018, 1026 (5th Cir. 1990)); *see also Revell v. Prince Preferred Hotels Shreveport, LLC*, No. CV 21-882, 2024 WL 3625214, at *6 (W.D. La. Aug. 1, 2024) ("Since this Court has jurisdiction over [plaintiff's] state law claim pursuant to 28 U.S.C. § 1637, pre-judgment interest is governed by state law."). Under Louisiana Revised Statute § 13:4203, "[l]egal interest *shall* attach from date of judicial demand, on all judgments, sounding in damages, 'ex delicto', which may be rendered by any of the courts." La. R.S. § 13:4203 (emphasis added); *Team Contractors, LLC v. Waypoint NOLA, LLC*, No. CV 16-1131, 2019 WL 13123271, at *6 (E.D. La. May 22, 2019) ("Pre-judgment interest is awarded under state law because 'Louisiana law provides for prejudgment interest as a substantive right.'" (quoting *Bartholomew v. CNG Producing Co.*, 832 F.2d 326, 330–31 (5th Cir. 1987)). Even in the absence of a state-law substantive right to prejudgment interest, an award of prejudgment interest would be "an appropriate exercise of the district court's authority to fashion relief which makes whole the injured party." *Parson v. Kaiser Aluminum & Chem. Corp.*, 727 F.2d 473, 478 (5th Cir. 1984).

### C. Defendants' Positions Regarding Other Aspects of Plaintiffs' Updated Proposed Judgment Are Meritless.

As outlined below, Defendants have taken unfounded positions with respect to other aspects of the judgment: solidary liability, Plaintiffs' ability to collect from the individual

Defendants, the fault assigned to Erie Moore, Sr., and attorneys' fees. The Court should adopt Plaintiffs' position on all these issues as reflected in their updated proposed judgment.

### 1. Defendants' Contentions Regarding Solidary Liability Are Contradicted by Black Letter Louisiana Law.

Defendants mistakenly object to the proposed judgment specifying that (1) LaSalle Management Company, LLC and Richwood Correctional Center, LLC have solidary liability for the entirety of the judgment, and (2) individual Defendants Hardwell, Runner, and Williams have solidary liability with LaSalle Management Company, LLC and Richwood Correctional Center, LLC, for the pre-death damages. Defendants' positions disregard well-established Louisiana law.

As to the solidary liability of LaSalle Management Company, LLC, and Richwood Correctional Center, LLC, Plaintiffs' updated proposed judgment states: "Judgment is entered … against Defendants LASALLE MANAGEMENT COMPANY, LLC and RICHWOOD CORRECTIONAL CENTER, LLC, *in solido*, in the total amount of Forty Million Nine Hundred Fifty Thousand Dollars ($40,950,000.00), together with costs, including attorney's fees." Exhibit A at 6 (emphasis added). Defendants' objection to the companies' solidary liability fails given the jury's finding that they were a single integrated enterprise. Dkt. 664 at 3. It is indisputable that, under Louisiana law, a finding of a single integrated enterprise leads to solidary liability between the two companies. *See, e.g.*, *City of Alexandria v. Cleco Corp.*, No. CIV A 1:05-CV-01121, 2010 WL 114397, at *8 (W.D. La. Jan. 11, 2010) ("In the context of this litigation, the [single business enterprise] doctrine would allow the Court to disregard the corporate form separating each of the named defendants, and to impose liability upon them *in solido*."); *In re Ark–La–Tex Timber Co., Inc.,* 482 F.3d 319, 335 (5th Cir. 2007) ("[W]hen a group of affiliated corporations constitutes a single business enterprise, a court may 'disregard the concept of corporate separateness and extend liability to each of the affiliated corporations' for the purpose

6

of preventing fraud or achieving equity." (quoting *Brown v. Auto. Cas. Ins. Co.*, 644 So.2d 723, 727 (La.App. 1st Cir.1994))); *Sun Triangle, Inc. v. Image Stores, Inc.*, No. CIV.A. 96-3877, 1998 WL 252158, at *1–2 (E.D. La. May 15, 1998) ("Defendants' argument is thus without merit, as equity here would demand that the corporate members of a single business enterprise, if one were to be found, be held solidarily liable for the entire debt."); *Oracle 1031 Exch., LLC v. Bourque*, 2011-1133 (La. App. 3 Cir. 2/8/12), 85 So. 3d 736, 740–41, *writ denied*, 2012-0546 (La. 4/20/12), 85 So. 3d 1272 ("Thus, it is legally correct that Delphie and Oracle, when treated as a single business enterprise with Exchange, can be found liable in solido with Exchange…."); *Hill Int'l, Inc. v. JTS Realty Corp.*, 2021-0157 (La. App. 1 Cir. 10/20/22), 370 So. 3d 16, 30 ("When a group of entities constitutes a single business enterprise, the assets of each of the affiliated corporations are pooled together to satisfy the claims of creditors.") In light of this authority, and because the jury has found the two corporate defendants to be a single enterprise, they cannot deny that their liability for damages is solidary.

Plaintiffs' updated proposed judgment also states that Defendants Hardwell, Runner, and Williams "are liable *in solido*" with LaSalle Management Company, LLC and Richwood Correctional Center, LLC, for the $1,500,000 in pre-death damages, in addition to pre-judgment and post-judgment interest, costs, and attorney's fees. Exhibit A at 6. Defendants' objection to this solidary liability fails given that LaSalle Management Company, LLC and Richwood Correctional Center, LLC are vicariously liable for the negligence and batteries of their employees Defendants Hardwell, Runner, and Williams.[3] Under Louisiana law, when, as here, an

---

[3] Defendants proposed judgment does not dispute this vicarious liability. *See* Dkt. 678. Nor would Defendants have any basis to dispute it: On October 17, the Court granted Plaintiffs' oral motion for judgment as a matter of law that Defendant Richwood Correctional Center, LLC was vicariously liable for any negligence or batteries by individual Defendants because all individual Defendants were employees of Richwood Correctional Center, LLC, acting within the course

employer is vicariously liable for the tort of its employee, the employer's and employee's liability for that tort is solidary. *Kyser v. Metro Ambulance, Inc*., 33,600 (La. App. 2 Cir. 6/21/00), 764 So. 2d 215, 218, *writ denied*, 2000-2212 (La. 10/27/00), 772 So. 2d 650 ("An employer and an employee are solidarily liable for damages caused by the employee's tortious acts."); *Vicknair v. St. James Par. Sch. Bd.*, 05-149 (La. App. 5 Cir. 6/28/05), 907 So. 2d 820, 823–24 ("An employer and an employee are solidarily liable for damages caused by the employee's tortious acts."); *Etienne v. Nat'l Auto. Ins. Co.*, 1999-2610 (La. 4/25/00), 759 So. 2d 51, 56 ("In the instant matter, the only basis upon which the Morrow firm could be liable to the plaintiff is under the doctrine of respondeat superior. Because the employer and employee are solidarily liable as to the victim...") *Nicholson & Loup, Inc. v. Carl E. Woodward, Inc.*, 596 So. 2d 374, 398 (La. Ct. App.), *writ denied*, 605 So. 2d 1098 (La. 1992), and *writ denied,* 605 So. 2d 1098 (La. 1992) ("In any case involving employee/employer vicarious liability, the employer and the employee are solidarily liable with one another as a matter of law for the damages caused by the employee's negligence"); *Martin v. Thomas*, 2021-01490 (La. 6/29/22), 346 So. 3d 238, 245 ("If any fault is assessed to the employee, and if it is determined that the employee was in the course and scope of the employment, then the employer becomes *financially responsible* for the employee's fault under the theory of *respondeat superior*.").

---

and scope for their employment at all relevant times. Dkt 659; Exhibit A at 2. Then, on October 20, the jury found that Hardwell, Runner, and Williams were liable for battery and negligence. Dkt. 664 at 2-3. The combination of the judgment as a matter of law and jury finding made Richwood Correctional Center, LLC vicariously liable for Hardwell's, Runner's, and Williams's negligence and batteries. As discussed above, LaSalle Management Company, LLC is solidarily liable with Richwood Correctional Center, LLC for that vicarious liability, given that the jury found they are a single integrated enterprise. Dkt. 664 at 3. Furthermore, the jury found that LaSalle Management Company was vicariously liable for its employees' negligence and batteries against Erie Moore, Sr. Dkt. 664 at 3-4.

Defendants are wrong that Louisiana Civil Code Article 2324 overrides the solidary
liability between the corporations and between the corporations and the individual defendants.
They point to the phrase in the article stating, "liability for damages caused by two or more
persons shall be a joint and divisible obligation." Art. 2324(B). But their argument is squarely
foreclosed by the binding Louisiana caselaw outlined above. And their argument, if accepted,
would render the single business enterprise and vicarious liability doctrines nullities. The whole
point of the single business enterprise doctrine is that it allows the court to "disregard the concept
of corporate separateness and extend liability to each of the affiliated corporations." *In re Ark–
La–Tex Timber Co., Inc.,* 482 F.3d at 335. Defendants' argument would also nullify vicarious
liability, which makes the employer liable for whatever fault is allocated to the employee—a
finding that would be meaningless if the vicariously liable employer were not also liable for
whatever fault was assigned to the employee. In any event, Article 2324(B) does not preclude
solidary liability in the case of vicarious liability, because the damages are not "caused by two or
more persons"; rather, the damages are caused by the employee, and the employer becomes
liable for them by virtue of the employment relationship, regardless of whether the employer
caused the damages.

Accordingly, Defendants' objections to solidary liability are meritless.

**2. Defendants Made a Material Misstatement of Fact in Their Proposed
Judgment Regarding Plaintiffs' Agreement Not to Collect Against Individual
Defendants.**

Defendants' proposed judgment states: "pursuant to the stipulation and agreement entered
on October 17, 2025, and/or any other day of the trial, Plaintiffs cannot seek to recover or
recover any damages from Jeremy Runner, Gerald Hardwell, and Reginald Williams." Dkt. 678
at 4. This is false. In reality, and as set forth in Plaintiffs' updated proposed judgment, Plaintiffs

stipulated only that they would not seek to recover any damages for the *state law claims* from the individual defendants and would instead seek to recover them from Richwood Correctional Center, LLC, and/or LaSalle Management Company, LLC. Exhibit A.[4] Plaintiffs never agreed to refrain from pursuing damages against the individual defendants on *federal* claims. Plaintiffs' counsel emailed Defense counsel on November 7 to alert them of the material misstatement of fact, and requested that they withdraw it. Schoening Declaration ¶ 7. In a subsequent email, Defense counsel recognized that "you agreed that individual defendants would not be pursued for state law damages." *Id.*  Accordingly, the judgment should not adopt Defendants' factually incorrect summary of the agreement, but rather the accurate one set forth in Plaintiffs' updated proposed judgment.

Consistent with that, Plaintiffs' proposed judgment adjudges the individual Defendants liable for damages for their violation of federal law. Defendants nonetheless question that, asking whether Plaintiffs can collect against the individual Defendants for the $1,500,000 pre-death damages award. *Id.* ¶ 8. The answer is yes, as even Defense counsel recognizes that those damages are independently based on both state law and federal section 1983 claims. *Id.* Plaintiffs may therefore collect based on the successful federal law claims. Indeed, the same award of $1,500,000 would stand on that federal basis even if there were no state-law claim. Any argument that Plaintiffs cannot collect from individual Defendants the $1,500,000 for the federal

---

[4] Plaintiffs made that stipulation in exchange for Defendants not opposing Plaintiffs' oral motion for judgment as a matter of law that Defendant Richwood Correctional Center, LLC was vicariously liable for any negligence or batteries by individual Defendants because all individual Defendants were employees of Richwood Correctional Center, LLC, acting within the course and scope of their employment at all relevant times. Exhibit A. The Court granted Plaintiffs' motion.

law claims, based on the agreement not to collect on the state law claims, is therefore frivolous on its face.

### 3. Relying in Part on A Material Omission From Their Proposed Judgment, Defendants Incorrectly Seek to Reduce the Wrongful Death Damages Based on the 2 percent Fault Allocated to Erie Moore, Sr.

Defendants proposed judgment incorrectly reduces the wrongful death damages by 2 percent, based on the 2 percent fault the jury allocated to Erie Moore, Sr. Dkt. 678. The wrongful death damages were based exclusively on Plaintiffs' negligence claims. *See* Dkt. 664 at 2 and 4. And the jury expressly declined to hold Erie Moore, Sr. at fault for the negligence that resulted in his injuries and death. Specifically, the jury answered "No," when asked in Question 28 if "Erie Moore, Sr.'s actions or omissions were a substantial factor in causing his injuries and/or death for the ***negligence claims***?" Dkt. 664 at 11 (emphasis added). The jury then assigned Erie Moore, Sr. 2 percent fault when asked, in Question 29, "Please specify the percentage fault of all persons and/or entities causing or contributing to the injury and/or death for the negligence ***and/or battery claims***." Dkt. 644 at 12 (emphasis added). Reading Questions 28 and 29 in conjunction makes clear that the jury found Erie Moore, Sr. was 2 percent at fault for the battery claim, and not at fault for the negligence claim that is the basis for the wrongful death damages. Defendants obscure this point in their proposed judgment by failing to include the jury's finding as to Question 28, even though their proposed judgment detailed the jury's findings as to virtually all the other questions in the special verdict. Dkt. 678.

Accordingly, Plaintiffs' updated proposed judgment correctly does not reduce the wrongful death damages by 2 percent.

//

//

11

**4.  Defendants Objections to the Attorneys' Fees Language in Plaintiffs'
Updated Proposed Judgment Are Baseless.**

Defendants have indicated that they oppose the language regarding attorneys' fees in

Plaintiffs' judgment. As best Plaintiffs can tell, Defendants believe that the award of fees must

be apportioned to account for Plaintiffs' success on both federal and state law claims because

(they say) attorneys' fees are not available on those state law claims. This, however, is an

argument about the proper *amount* of fees to be awarded, rather than an argument that Plaintiffs

are not entitled to an award of attorneys' fees in the first place. Plaintiffs' proposed judgment

rightly concludes that Plaintiffs are so entitled. After all, there is no dispute that the jury held all

the relevant Defendants—Hardwell, Runner, Williams, LaSalle Management Company, LLC,

and Richwood Correctional Center, LLC—liable on at least one federal claim that awards

attorneys' fees under section 1988. *See* Doc. 664, at 5-7 (finding individual defendants liable for

section 1983 excessive force and LaSalle and Richwood liable under *Monell*). And "absent

special circumstances, a prevailing plaintiff should be awarded section 1988 fees *as a matter of

course*." *Cruz v. Hauck*, 762 F.2d 1230, 1233 (5th Cir. 1985) (citation omitted). Therefore,

Plaintiffs' proposed judgment correctly adjudges Defendants liable for attorneys' fees, and

Defendants' opposition to the judgment is meritless.

If Defendants wish to argue that the amount of fees should be reduced to account for

work done in furtherance of the (also successful) state-law claims, they should make that

argument later, in response to Plaintiffs' forthcoming motion for attorneys' fees. That argument,

however, would be futile, for "[t]he Fifth Circuit has held that 'where a plaintiff prevails on both

a § 1983 claim and a [non-fee-supporting] claim that are based on a common nucleus of

operative facts,' the plaintiff may recover attorney's fees for both claims." *Holmes v. Reddoch*,

No. CV 19-12749, 2024 WL 4989454, at *3 (E.D. La. Dec. 5, 2024) (quoting *Planned Parenthood of Hous. And S.E. Tex. V. Sanchez*, 480 F.3d 734, 739 (5th Cir. 2007)).

## IV.    CONCLUSION

For the foregoing reasons, the Court should adopt in full Plaintiffs' updated proposed judgment, attached as Exhibit A.

s/ Max A. Schoening
_____
Signature of Attorney for Plaintiffs

Name:    Max A. Schoening  (Temp No. 01283)
            Omar G. Qureshi (Temp No. 918456)
Firm:    Qureshi Law PC
Address:    700 Flower Street, Suite 1000
            Los Angeles, California 90017
Telephone:    (213) 786-3478

s/ Nelson W. Cameron
_____
Signature of Attorney for Plaintiffs

Name:    Nelson W. Cameron (No. 01283)

Firm:    Nelson Cameron Law Offices
Address:    675 Jordan Street
            Shreveport, Louisiana 71101
Telephone:    (318) 226-0111