**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **ERIE MOORE JR ET AL** | **CASE NO. 3:16-CV-01007** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **LASALLE CORRECTIONS INC ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

# SECOND REVISED JUDGMENT

This matter came before the Court for trial by jury on October 6, 2025, and concluded on October 21, 2025. A jury was duly empaneled and sworn, evidence and arguments were presented, and the Court instructed the jury.

On October 20 and 21, 2025, the jury returned its verdicts in favor of Plaintiffs ERIE MOORE JR., TAMARA GREEN, and TIFFANY ROBINSON, and against Defendants LASALLE MANAGEMENT COMPANY, LLC, RICHWOOD CORRECTIONAL CENTER, LLC, JEREMY RUNNER, GERALD HARDWELL, and REGINALD WILLIAMS, as reflected in the verdict forms. [Doc. Nos. 664 & 670].

## I. LIABILITY

The jury found that Defendants Gerald Hardwell, Jeremy Runner, and Reginald Williams were negligent and that their negligence was a substantial factor in causing injury to Erie Moore, Sr. [Doc. No. 664, p. 2]. The jury further found that the negligence of Defendants Gerald Hardwell, Jeremy Runner, and/or Reginald Williams was a substantial factor in causing Erie Moore, Sr.'s death. [*Id.*] The jury also found that Gerald Hardwell, Jeremy Runner, and Reginald Williams committed batteries against Erie Moore, Sr. [Doc. No. 664, p. 3].

The jury found that LaSalle Management Company, LLC and Richwood Correctional Center, LLC were a single integrated enterprise. [Doc. No. 664, p. 3].

The jury also found that at least one LaSalle Management Company, LLC employee was negligent, that the negligence was a substantial factor in causing injury and death to Erie Moore, Sr., and that the employee was acting in the course and scope of his employment. [Doc. No. 664, pp. 3-4]. The jury found that at least one employee of LaSalle Management Company, LLC committed a battery against Erie Moore, Sr. while acting in the course and scope of his employment. [*Id*. at 4].

The jury found that Defendants Gerald Hardwell, Jeremy Runner, and Reginald Williams used excessive force against Erie Moore, Sr. in violation of 42 U.S.C. § 1983, causing him to suffer harm. [Doc. No. 664, p. 6]. The jury further found that at least one correctional officer used excessive force against Erie Moore, Sr. in the "four way," causing him some harm, in violation of his constitutional rights. [*Id.*] The jury found that there was a custom or practice of using the "four way and chemical spray" to punish detainees. [*Id*.] The jury found that Ray Hanson was a policymaker for LaSalle Management Company, LLC and Richwood Correctional Center, LLC, knew or should have known about the custom or practice, and was deliberately indifferent to it. [*Id*. at 6-7]. The jury determined that this custom or practice was the moving force leading to the excessive force against Erie Moore, Sr. in the four way. [*Id*. at 7].

The jury further found that LaSalle Management Company, LLC, Richwood Correctional Center, LLC, Gerald Hardwell, Jeremy Runner, and Reginald Williams acted with actual malice or reckless indifference to the rights or safety of others. [*Id*. at pp. 10-11].

## II. ALLOCATION OF FAULT

The jury allocated fault for the persons and/or entities causing or contributing to the injury and/or death for the negligence and/or battery claims as follows:

- LaSalle Management Company, LLC – Forty-Five Percent (45%)
- Richwood Correctional Center, LLC – Thirty Percent (30%)
- Jeremy Runner – Three Percent (3%)
- Gerald Hardwell – Six Percent (6%)
- Reginald Williams – Four Percent (4%)
- City of Monroe – Ten Percent (10%)
- Erie Moore, Sr. – Two Percent (2%)

Total – One Hundred Percent (100%). [Doc. No. 664, p. 12].

## III. DAMAGES

A. **Pre-Death Damages**: The jury awarded One Million Five Hundred Thousand Dollars ($1,500,000.00) for Erie Moore, Sr.'s pain, suffering, and emotional distress prior to death. [Doc. No. 664, p. 8].

B. **Wrongful-Death Damages**: The wrongful-death damages, as awarded by the jury and then reduced by the Court's remittitur, [Doc. No. 756], which was accepted by Plaintiffs, [Doc. No. 759], are:

- Erie Moore Jr.: Two Million Seven Hundred Ten Thousand Seven Hundred Thirty-Six Dollars and Ninety-Nine Cents ($2,710,736.99).
- Tamara Green: Two Million Seven Hundred Ten Thousand Seven Hundred Thirty-Six Dollars and Ninety-Nine Cents ($2,710,736.99).
- Tiffany Robinson: Two Million Seven Hundred Ten Thousand Seven Hundred Thirty-Six Dollars and Ninety-Nine Cents ($2,710,736.99).

- **Subtotal**: Eight Million One Hundred Thirty-Two Thousand Two Hundred Ten Dollars and Ninety-Seven Cents ($8,132,210.97).

The wrongful-death amounts set forth above account for the reduction attributable to the 2% fault of Erie Moore, Sr. and the 10% fault allocated to the City of Monroe[1]; they are therefore not subject to any further reduction.

C. **Punitive Damages:** The punitive damages, as awarded by the jury and reduced by the Court's order, [Doc. No. 737], are Six Million Dollars ($6,000,000.00).

D. **Total Damages**: Fifteen Million Six Hundred Thirty-Two Thousand Two Hundred Ten Dollars and Ninety-Seven Cents ($15,632,210.97).

## IV. ATTORNEYS' FEES AND COSTS

The Court found that the Plaintiffs were the prevailing party in this case and awarded to Plaintiffs' attorneys' fees and costs as follows:

- Nelson Cameron: $205,302 (attorney fees) + $45,318.73 (costs) = $250,620.73.
- Orrick: $395,598.06 (attorney fees) + $8,467.41 (costs) = $404,065.47.
- Public Justice: $85,890 (attorney fees) + $0 (costs) = $85,890.
- Qureshi Law: $488,775.40 (attorney fees) + $38,777.51 (costs) = $527,552.91. [Doc. Nos. 790 and 792]

## V. INTEREST AND COSTS

[1] The parties agreed that the wrongful death damages be reduced by the City of Monroe's 10% allocation of fault because the City of Monroe had only federal claims asserted against it and no state law claims.

Pre-judgment interest shall accrue on the pre-death damages and the wrongful death damages, as set forth in La. Rev. Stat. §§ 13:4202 and 4203. Post-judgment interest shall accrue on the entire amount of final judgment, including all damages and attorneys' fees and costs, at the rate provided by 28 U.S.C. § 1961 from the date of entry of this Judgment until paid in full.

## VI. ORDER

**IT IS ORDERED, ADJUDGED, AND DECREED** that, pursuant to this Court's ruling on Defendants' post-trial motions, [Doc. No. 737], the Court's remittitur order, [Doc. No. 756], Plaintiffs' acceptance of the remittitur, [Doc. No. 759], and the Court's amended order on attorneys' fees and costs [Doc. Nos. 790 and 792]:

(1) This second revised judgment supersedes the judgments entered on December 22, 2025 in Doc. No. 691 and July 6, 2026 in Doc. No. 761. Entry of this Second Revised Judgment does not waive or otherwise impair a party's right to seek appellate review of any ruling in this action.

(2) Judgment is entered in favor of Plaintiffs ERIE MOORE JR., TAMARA GREEN, and TIFFANY ROBINSON, and against Defendants LASALLE MANAGEMENT COMPANY, LLC and RICHWOOD CORRECTIONAL CENTER, LLC, *in solido*, in the total amount of Sixteen Million Nine Hundred Thousand Three Hundred Forty Dollars and Eight Cents ($16,900,340.08), consisting of Fifteen Million Six Hundred Thirty-Two Thousand Two Hundred Ten Dollars and Ninety-Seven Cents ($15,632,210.97) in total damages, and attorneys' fees and costs in the amount of One Million Two Hundred Sixty Eight Thousand One Hundred Twenty-Nine Dollars and Eleven Cents ($1,268,129.11), comprised of Two Hundred Fifty Thousand Six Hundred Twenty Dollars and Seventy-Three Cents ($250,620.73) in fees and costs for Nelson Cameron; Four Hundred Four Thousand Sixty Five Dollars and Forty-Seven Cents ($404,065.47) for Orrick; Eighty-Five Thousand Eight Hundred Ninety Dollars ($85,890) for Public Justice; and Five Hundred Twenty Seven Thousand Five Hundred

Fifty-Two Dollars and Ninety One Cents ($527,552.91) for Qureshi Law. Pre-judgment interest is awarded as provided by law as to Nine Million Six Hundred Thirty-Two Thousand Two Hundred Ten Dollars and Ninety-Seven Cents ($9,632,210.97) from July 8, 2016, to the date this judgment is entered. Post-judgment interest is awarded as provided by law as to Sixteen Million Nine Hundred Thousand Three Hundred Forty Dollars and Eight Cents ($16,900,340.08) from the date this judgment is entered.

(3) Judgment is entered in favor of Plaintiffs ERIE MOORE JR., TAMARA GREEN, and TIFFANY ROBINSON, and against GERALD HARDWELL, JEREMY RUNNER, and REGINALD WILLIAMS for One Million Five Hundred Thousand Dollars ($1,500,000) [of the Fifteen Million Six Hundred Thirty-Two Thousand Two Hundred Ten Dollars and Ninety-Seven Cents ($15,632,210.97)], together with pre-judgment interest and post-judgment interest as provided by law, and One Million Two Hundred Sixty-Eight Thousand One Hundred Twenty-Nine Dollars and Eleven Cents ($1,268,129.11) in attorneys' fees and costs, together with post-judgment interest as provided by law as to the attorneys' fees and costs.

(4) All remaining claims, counterclaims, and third-party demands not expressly sustained by the jury's verdict are DISMISSED WITH PREJUDICE, including but not limited to all claims against Defendants Reginald Curley, Jody Foster, William Mitchell, Christopher Loring, and the City of Monroe.

The Clerk is directed to enter this Judgment as a separate document pursuant to Federal Rule of Civil Procedure 58.

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 7th day of October, 2026.

Hon. Terry A. Doughty
United States District Judge